Randy H. McMurray, Esq. (SBN:126888)
Email: rmcmurray@law-mh.com
Yana G. Henriks, Esq. (SBN: 250638)
Email: yhenriks@law-mh.com
Lauren I. Freidenberg, Esq. (SBN: 312428)
Email: lfreidenberg@law-mh.com
**McMURRAY HENRIKS, LLP**
811 Wilshire Blvd., Suite 1640
Los Angeles, California 90017
Telephone: (323) 931-6200
Facsimile: (323) 931-9521

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

MARIA ELENA GARCIA, an individual; ADRIEANA GARCIA, an individual; C.G., a minor by and through his *guardian ad litem* Maria Elena Garcia; S.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; J.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; and GLORIA GARCIA; an individual,

Plaintiffs,

v.

CITY OF FARMERSVILLE, a California municipal entity; TULARE COUNTY, a California municipal entity; CITY OF VISALIA, a California municipal entity; OFFICER EDUARDO CARRILLO, an individual; OFFICER DIEGO CORONA, an individual; OFFICER JEREME BROGAN, an individual; OFFICER PAULINO MANZANO, an individual; SERGEANT RALPH VASQUEZ, JR., an individual; LIEUTENANT JAY BROCK, an individual; SERGEANT CARDENAS, an individual; DEPUTY MATTHIAS HERNANDEZ, an individual; DEPUTY TAYLOR HOBSON, an individual; DEPUTY S. JAJYO, an individual; DEPUTY JASON KENNEDY, an individual; and DOES 1-100, inclusive,

Defendants.

**Case No.: 2:21-CV-00482-NONE-EPG**

**JOINT RULE 26(f) REPORT**

**<u>SCHEDULING CONFERENCE</u>:**

**June 8, 2021**
**11:00 A.M.**
**Courtroom #10 (6th Floor)**

**U.S. Magistrate Judge Erica P. Grosjean**

**<u>INTENT TO APPEAR TELEPHONICALLY</u>**

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

On May 19, 2021, Lauren Freidenberg, Esq., counsel for Plaintiffs Maria Elena Garcia, *et al*., Daniel Cha, Esq., counsel for Defendant City of Farmersville, *et al*., Leonard Herr, Esq. and Caren Curtiss, Esq., counsel for City of Visalia, and Amy Myers, Esq., counsel for defendant County of Tulare, *et al*., conducted a Fed. R. Civ. P. 26(f) conference in this case.

All counsel intends to appear telephonically for the Scheduling Conference. The parties shall call the telephonic conference information as listed in this Court's Order Setting Mandatory Scheduling Conference (Dkt. No. 3 at p. 2).

The parties submit the following Joint Rule 26(f) Report:

**Summary of Proposed Dates**

| | **Parties' Proposed Dates** |
|---|---|
| Last Date to Hear Motion to Amend Pleadings or Add Parties | September 27, 2021 |
| Fact-discovery cut-off | April 8, 2022 |
| Mid-Status Discovery Conference | January 8, 2022 |
| Initial Expert disclosures | May 16, 2022 |
| Rebuttal expert disclosures | June 13, 2022 |
| Expert discovery cutoff | July 15, 2022 |
| Last Day to File Dispositive Motions | August 26, 2022 |
| Final Pretrial conference | December 19, 2022 |
| Trial | February 20, 2023<br><br>Estimate: 10-14 days |

1. **<u>Statement of the Case:</u>**

**Plaintiff**

This is a civil suit brought under the Federal Civil Rights Act, 42 U.S.C. § 1983 for violation of Plaintiff's rights as secured by the United States Constitution. This court has "Federal Question" subject matter jurisdiction over the parties and

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

claims pursuant to 28 U.S.C. §1343(3) and 28 U.S.C. §1331.

On or about June 24, 2020, Plaintiffs have alleged that Mr. Garcia died as a result of inadequate medical care provided by law enforcement officers from the City of Farmersville Police Department and deputies from Tulare County Sheriff's Department.

Mr. Garcia was taken to Tulare County Adult Pre-Trial Facility ("TCAPF") for booking instead being transported directly to a hospital via ambulance for medical clearance despite exhibiting sings of intoxication and/or a serious medical need. Defendant officers and/or defendant deputies knew or should have known that Decedent necessitated immediate medical care prior to booking at TCAPF. Defendant officer Carrillo failed to take Decedent immediately inside of TCAPF for a medical screening and instead kept him inside of the patrol vehicle for almost twenty (20) minutes prior to escorting Decedent inside TCAPF.

While in custody at TCAPF, defendants failed to properly monitor decedent or place him in a medical observation/detox cell. Ultimately, Decedent was to be transported to a hospital for medical clearance. Prior to departure from TCAPF, defendant officer Carrillo threw Decedent to the ground while handcuffed. Instead of transporting Decedent to the hospital via ambulance, he was transported via patrol car.

Due to the unreasonable delay in medical treatment, Mr. Garcia died at Kaweah Delta District Hospital after attempts to be revived by medical personnel. Mr. Garcia was only 43 years old. He is survived by wife, children, and mother, who bring suit herein in their individual capacities in addition to in their capacities as successor-in-interest.

Plaintiffs are seeking both economic and non-economic damages, but has not yet ascertained their damages. Plaintiffs also seek declaratory and/or injunctive relief pertaining to their *Monell* claims, ADA and Rehabilitation Act Claim, and Bane Act claim.

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

**Defendants**

City of Famersville Defendants

On June 24, 2020, Farmersville Police Department officers responded to Decedent Manuel Garcia's residence regarding his being intoxicated and causing a disturbance. Garcia was arrested for being under the influence without incident and without the use of any use of force. Garcia was transported without incident to TCAPF and walked into the facility. He was evaluated by medical staff, who drew a blood sample for later testing. The medical staff at TCAPF then informed the transporting Officer Carrillo that Garcia required a medical clearance from Kaweah Delta Medical Center in order to accept him for booking.

Officer Carrillo escorted Garcia back to the patrol vehicle, and Garcia briefly fell to the ground. He was not thrown to the ground. Eventually, with the assistance of a deputy, Officer Carrillo placed Garcia in the back seat of the vehicle. Officer Carrillo then drove to Kaweah Delta Medical Center. Upon arrival, Officer Carrillo attempted to have Garcia exit the backseat, and then noticed Garcia was non-responsive. He pulled Garcia out of the vehicle, ran to get medical personnel to provide assistance, and retuned to start CPR before being relieved by medical personnel. Garcia eventually passed away.

As it turns out, Garcia had ingested a bindle of methamphetamine that burst in his stomach, which released a lethal amount of the drug into Garcia's system. Toxicology of the blood sample obtained while Garcia was at TCAPF revealed a methamphetamine level of 999 ng/mL (0.999 mg/L). Toxicology of post-mortem blood sample revealed a methamphetamine level of 6 mg/L. Garcia died because of a sudden massive overdose of methamphetamine, not because of any action or omission of any Farmersville Defendant.

County of Tulare Defendants

On June 24, 2020, Mr. Garcia was taken into custody by Farmersville Police Department (FPD) Officers and transported by FPD to the Tulare County Adult Pre-

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

Trial Facility ("TCAPF") for booking. Mr. Garcia was escorted into the facility by an FPD Officer. Once inside TCAPF, Mr. Garcia was escorted to intake for a screening, which is performed on all inmates upon arrival at the jail *prior to booking*, to ensure that the prisoner is medically fit to be booked into custody at the facility (i.e., to ensure that existing, emergent and urgent health care, dental or mental health issues are properly identified and addressed, and to obtain a medical clearance when necessary). Custody and control of the prisoner is transferred to the Sheriff's Department only upon booking. Unless and until an inmate is accepted for booking, he or she remains in the custody and control of the arresting officer.

Although escorted, Mr. Garcia did not require assistance walking into the facility, or through the facility to intake for his screening. Once at intake, Wellpath medical personnel conducted Mr. Garcia's screening [Wellpath is contracted to provide all medical screenings and services in Tulare County jail facilities]. At the conclusion of Mr. Garcia's screening, medical personnel refused Mr. Garcia for booking, requiring the arresting officer to obtain further evaluation and medical clearance at Kaweah Delta Hospital. Mr. Garcia was then escorted out of intake and out of the jail facility by the FPD Officer. Again, although escorted, Mr. Garcia did not require assistance walking as he exited the jail facility. According to interior and exterior jail facility video surveillance, Mr. Garcia was escorted into TCAPF at 5:47 p.m., escorted to intake for his screening at 5:52 p.m., and escorted out of TCAPF at 6:05 p.m., a total of eighteen (18) minutes.

<u>City of Visalia Defendant</u>

The City of Visalia had no involvement in any of the alleged conduct that is the basis for imposition of liability against any other defendant. The incident in question allegedly occurred in the City of Farmersville involving the Farmersville Police Department, without the participation of any members of the Visalia Police Department. Members of the Visalia Police Department did not participate in the initial event(s), call(s) for service, initial investigation(s), nor provided

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

guidance/direction or was requested to provide assistance to the Farmersville Police Department in any of the events that may or may not have led to the death of the Plaintiffs' decedent.

After the events alleged in the complaint, the Farmersville Police Department requested the Visalia Police Department to assist their agency, in conducting an Administrative Investigation, which was conducted. It is a common practice among law enforcement agencies to have unrelated agencies conduct investigations, where there is an "in custody death." City disputes that it or any member of the Visalia Police Department contributed to Plaintiffs' alleged damages.

**2. <u>Summary of Disputed Facts and Contentions of Law</u>:**

Plaintiff brings the following causes of action as set forth in the operative Second Amended Complaint:

1. Denial of Medical Care (42 U.S.C. § 1983);
2. Excessive Force (42 U.S.C. § 1983);
3. Denial of Medical Care (*Monell*);
4. Failure to Train, Supervise, and Discipline (42 U.S.C. § 1983);
5. Municipal Liability - Ratification (*Monell*);
6. Wrongful Death (C.C.P. § 377.60);
7. Negligence;
8. Failure to Properly Investigate (42 U.S.C. § 1983);
9. Right of Association (42 U.S.C. § 1983);
10. California Civil Code § 52.1.
11. Violation of 42 U.S.C. §12101 et seq. (Americans with Disabilities Act);
12. Violation of 29 U.S.C. §794(a) (Rehabilitation Act)

The parties anticipate litigation and briefing regarding the substantive merits of plaintiff's claims, the decedent's comparative fault, and any defendant deputy's entitlement (or not) to qualified immunity. At this time, the parties do not anticipate any unusual substantive, procedural, or evidentiary issues.

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

**3. <u>Discovery Plan</u>:**

The parties do not anticipate any unusual or extraordinary discovery issues and do not seek any modification of discovery rules set forth in the Federal Rules of Civil Procedure and Local Rules.

a. <u>Exchange for Initial Disclosures</u>: The parties are following the deadlines set forth in Fed. R. Civ. P. 26(a)(1)(C) ), e.g., June 2, 2021.

b. Non-Expert Discovery: April 8, 2022

c. <u>Date for Mid-Status Discovery Conference</u>: January 8, 2022

d. <u>Expert Discovery</u>:

i. Initial Disclosures: May 16, 2022

ii. Rebuttal: June 13, 2022

iii. Expert Discovery Deadline: July 15, 2022

e. <u>Proposed Changes to Limited on Discovery Imposed by FRCP:</u>

i. The parties do not anticipate any modifications to Fed. R. Civ. P. 26(b);

ii. Plaintiff reserves the right to seek leave of Court (should the parties be unable to resolve this issue by way of stipulation) in anticipation that the number of depositions will exceed ten (10) pursuant to Fed. R. Civ. P. 30(a)(2)(A), given the fact that there are fourteen (14) named defendants);

iii. The parties do not anticipate any modifications to Fed. R. Civ. P. 30(a)(2)(B), as this is not applicable at this time;

iv. The parties do not anticipate any modifications to Fed. R. Civ. P. 30(d),

v. The parties do not anticipate any modifications to Fed. R. Civ. P. 33(a),

vi. Plaintiff may seek leave of Court to file a Second Amended Complaint that identifies Doe Defendants upon discovery of Does'

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

identities.

f. Confidential Information: Discovery in this action is likely to involve production of confidential and private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. As such, the parties anticipate entering into a stipulated protective order.

g. Issues or Proposals Relating to the Timing, Sequencing, Phasing, or Scheduling of Discovery: Other than subsection (e), *supra*, the parties do not anticipate other issues or proposals governing the timing, sequencing, phrasing, or scheduling of discovery.

h. Discovery Outside of the United States: N/A at this time.

i. Electronically Stored Information: The Parties do not contemplate any issues regarding disclosure or discovery of any electronically stored information as Plaintiff has timely served Preservation of Evidence letters and/or defendants have been on notice of its duty to preserve evidence in this matter that is reasonably calculated to lead to the discovery of admissible evidence and is reasonably likely to be requested during discovery. Counsel has fully investigated their respective client's information management system and are knowledgeable as to its operation, including how information is stored and how it can be retrieved.

i. Preservation: The parties have agreed on steps the parties will take to segregate and preserve computer–based information in order to avoid accusations of spoliation. Any audio and/or video evidence obtained as part of any investigation into the death of Mr. Garcia shall be stored on

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

a USB/CD and/or other removeable device in native format[1] in case any electronic equipment and/or "Cloud" devices require modifications or "upgrades." All parties have agreed to undertake reasonable efforts to maintain and preserve all relevant evidence maintained in the parties possession, custody, and/or control. All physical documents shall be maintained in original format and in electronic format. The aforementioned scope of ESI pertains to the death of Mr. Garcia and all documents related to the investigation (criminal, administrative, civil, internal, etc.) into the death of Mr. Garcia that gives rise to this litigation.

ii. Scope of email discovery: The parties have met and conferred on the scope of discovery for e-mails and email retention. The parties have not yet come to an agreement on the proper scope of email discovery or retention, but have been discussing, and will continue to discuss, the issue in a good faith effort to reach a mutually agreeable resolution without further intervention of the Court or Magistrate Judge. The parties have come to an agreement that e-mails and email retention shall include the names of the parties to this action as it pertains to the death and/or investigation of the death of Mr. Garcia, and communications related to the investigation related to Mr. Garcia's death.

iii. Inadvertent Production of Privileged Information: The parties met and conferred on procedures for inadvertent production of privileged electronic materials. The

[1] i.e. No modifications and/or in original format as it was stored on server system.

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

"producing" party shall immediately notify all other parties of inadvertent production, and the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B) shall be followed.

iv. Data Restoration: N/A at this time.

**4. Status of All Matters Presently Set Before the Court**

Currently, there are no motions on calendar.

**5. Dates Agreed Upon by All Parties:**

a. Filing of Dispositive Motions: August 26, 2022

b. Pre-Trial Conference: December19, 2022

**c.** Trial Date: February 20, 2023

**6. Settlement**

Potential resolution of the case was discussed at the conference of the parties held pursuant to Federal Rule of Civil Procedure 26(f), and informal discussions will continue as the case progresses. The parties agree to engage the services of a private mediator after further discovery.

**7. Type of Trial**: Jury Trial

**8. Jury Trial Estimate:** 10-14 court days.

**9. Bifurcation of Trial, Shortening or Expediting Litigation**: N/A at this time.

///

///

///

///

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

**10.** **Related Matters**: None.[2]

Respectfully Submitted,

DATED: June 1, 2021

**MCMURRAY HENRIKS, LLP**

By: /s/ Lauren I. Freidenberg
**Randy H. McMurray, Esq.**
**Yana G. Henriks, Esq.**
**Lauren I. Freidenberg, Esq.**
Attorneys for Plaintiffs, MARIA ELENA GARCIA; ADRIEANA GARCIA; C.G., a minor by and through his *guardian ad litem* Maria Elena Garcia; S.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; J.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; and GLORIA GARCIA

DATED: June 1, 2021

**FERGUSON, PRAET & SHERMAN**
**A Professional Corporation**

By: /s/ Daniel S. Cha
**Bruce D. Praet, Esq.**
**Daniel S. Cha, Esq.**
Attorneys for City of Farmersville Defendants

DATED: June 1, 2021

**HERR PEDERSEN & BERGLUND LLP**

By: /s/ Leonard C. Herr
**Leonard C. Herr, Esq.**
**Caren Curtiss, Esq.**
Attorneys for Defendant City of Visalia

DATED: June 1, 2021

**TULARE COUNTY COUNSEL**

By: /s/ Amy Myers
**Amy Myers, Esq.**
Attorneys for Defendants County of Tulare, et al.

[2] This matter was removed from the Superior Court of the State of California, County of Tulare, Case No. VCU285945.

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

**JOINT MOTION SIGNATURE CERTIFICATION**

Pursuant to Local Rule 131(e) of the United States District Court for the Eastern District of California, I certify that the content of this document, and the accompanying proposed order, is acceptable to named counsel above and that I have obtained authorization from counsel to affix their electronic signature to this document on June 1, 2021.

DATED: June 1, 2021

**MCMURRAY HENRIKS, LLP**

By: /s/ Lauren I. Freidenberg
**Randy H. McMurray, Esq.**
**Yana G. Henriks, Esq.**
**Lauren I. Freidenberg, Esq.**
Attorneys for Plaintiffs, MARIA ELENA GARCIA; ADRIEANA GARCIA; C.G., a minor by and through his *guardian ad litem* Maria Elena Garcia; S.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; J.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; and GLORIA GARCIA