UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ELENA GARCIA, et al., <br><br>   Plaintiff, <br><br> v. <br><br> CITY OF FARMERSVILLE, et al., <br><br>   Defendants. | Case No. 1:21-cv-00482-NONE-EPG <br><br> ORDER DENYING STIPULATED PROTECTIVE ORDER WITHOUT PREJUDICE <br><br> (ECF No. 35) |

On June 28, 2021, the parties filed a Stipulated Protective Order. (ECF No. 35.) The Good Cause Statement section of the proposed protective order states:

> This action is likely to involve confidential and private information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such information may implicate the privacy interests of the parties and are properly protected through a Fed. R. Civ. P. 26(c) protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) ("Rule 26(c) includes among its express purposes the protection of a 'party or person from annoyance, embarrassment, oppression or undue burden or expense.' Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule."); *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995) (a party's privacy rights are to be protected through a "carefully crafted protective order.").

> Such confidential materials and information consist of, among other things, law enforcement investigatory records, personnel records, security procedures and information regarding law enforcement/correctional activities and/or facilities, medical records, information implicating privacy rights of third parties, and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of

1

information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

(ECF No. 35 at 2-3.)

Having reviewed the proposed protective order, the Court finds that it does not comply with Eastern District of California Local Rule 141.1(c), which requires that every proposed protective order contain the following provisions: "(1) [a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child); (2) [a] showing of particularized need for protection as to each category of information proposed to be covered by the order; and (3) [a] showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." (paragraph breaks omitted.)

Accordingly, the parties Stipulated Protective Order (ECF No. 35) is DENIED without prejudice to refiling a stipulated protective order that complies with Local Rule 141.1(c).

IT IS SO ORDERED.

Dated: **June 29, 2021**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE