Yana G. Henriks, Esq. (SBN: 250638)
Email: yhenriks@law-mh.com
Justice D. Turner, Esq. (SBN: 336579)
Email: jturner@law-mh.com
**McMURRAY HENRIKS, LLP**
811 Wilshire Blvd., Suite 1640
Los Angeles, California 90017
Telephone: (323) 931-6200
Facsimile: (323) 931-9521

*Attorneys for Plaintiffs,* MARIA ELENA GARCIA; ADRIEANA GARCIA; C.G., a minor by and through his *guardian ad litem* Maria Elena Garcia; S.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; J.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; and GLORIA GARCIA

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARIA ELENA GARCIA, an individual; ADRIEANA GARCIA, an individual; C.G., a minor by and through his *guardian ad litem* Maria Elena Garcia; S.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; J.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; and GLORIA GARCIA; an individual,** Plaintiffs, <br><br> v. <br><br> **CITY OF FARMERSVILLE, a California municipal entity; TULARE COUNTY, a California municipal entity; CITY OF VISALIA, a California municipal entity; OFFICER EDUARDO CARRILLO, an individual; OFFICER DIEGO CORONA, an individual; OFFICER JEREME BROGAN, an individual; OFFICER PAULINO MANZANO, an individual; SERGEANT RALPH VASQUEZ, JR., an individual; LIEUTENANT JAY BROCK, an individual; SERGEANT CARDENAS, an individual; DEPUTY MATTHIAS HERNANDEZ, an individual; DEPUTY TAYLOR HOBSON, an individual; DEPUTY S. JAJYO, an individual; DEPUTY JASON** | **Case No.: 1:21-CV-00482-JLT-EPG** <br><br> **SECOND AMENDED COMPLAINT FOR DAMAGES:** <br><br> 1. **Denial of Medical Care (42 U.S.C. § 1983);** <br> 2. **Excessive Force (42 U.S.C. § 1983);** <br> 3. **Denial of Medical Care (*Monell*);** <br> 4. **Failure to Train, Supervise, and Discipline; 42 U.S.C. § 1983, *Monell*** <br> 5. **Municipal Liability – Ratification (*Monell*);** <br> 6. **Wrongful Death;** <br> 7. **Negligence;** <br> 8. **Failure to Properly Investigate (42 U.S.C. § 1983);** <br> 9. **Right of Association (42 U.S.C. § 1983);** <br> 10. **Civil Rights Violations (Civil Code § 52.1;** <br> 11. **Violation of 42 U.S.C. §12101 et seq. (Americans with Disabilities Act); and** <br> 12. **Violation of 29 U.S.C. §794(a) (Rehabilitation Act).** <br><br> **DEMAND FOR JURY TRIAL** |

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

**KENNEDY, an individual; TRACIA ANDERSON, an individual; ERIC KRENZ, an individual; CALIFORNIA FORENSIC MEDICAL GROUP, DBA WELLPATH, a corporation; and DOES 1-100, inclusive,**

**Defendants.**

COMES NOW, Plaintiffs, MARIA ELENA GARCIA; ADRIEANA GARCIA; C.G., a minor by and through his *guardian ad litem* Maria Elena Garcia; S.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; J.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; and GLORIA GARCIA (collectively "Plaintiffs") hereby allege and complain as follows:

## I.  INTRODUCTION:

On or about June 24, 2020, Mr. Garcia died as a result of the City of Farmersville, Tulare County, and California Forensic Medical Group (DBA and hereinafter, "WellPath") and their respective agents' failure to properly provide emergency medical care. WellPath is a contractor with Tulare County and was vested with the responsibility to provide the emergency medical care and transportation at Tulare County Adult Pre-Trial Facility. Mr. Garcia was taken to Tulare County Adult Pre-Trial Facility for booking on charges of disturbing the peace and being under the influence instead being transported directly to a hospital via ambulance for medical clearance despite exhibiting sings of intoxication and/or a serious medical need. Wellpath Mr. Garcia continued to exhibit critical and obvious signs of being in serious need of immediate medical attention. Seeing this, Defendants did not provide the proper emergency medical care and instead delayed in getting Mr. Garcia to the hospital. Due to the unreasonable delay in medical treatment, Mr. Garcia died at Kaweah Delta District Hospital after attempts to be revived by medical personnel.  Mr. Garcia was only 43 years old.  He is survived by wife, children, and mother, who bring suit herein.

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

## II.    JURISDICTION:

1.    Venue is proper in this judicial district, pursuant to <u>California Code of Civil Procedure</u> § 395(a). Defendants reside and/or transact business in the County of Tulare and are within the jurisdiction of this Court for purposes of service of process.

2.    The Court has personal jurisdiction over the parties in that each defendant is a citizen of the state of California and a resident of the County of Tulare. Defendants performed all actions and/or inactions alleged herein in the County of Tulare.

3.    On August 4, 2020, Plaintiffs presented Defendant City of Farmersville with a Claim for Damages sustained as a result of the incident described in this Complaint, and apprising Defendant of the substance of the claims asserted herein, pursuant to California Government Code §§ 905, 910, *et seq*.  The Plaintiffs brought the claim in their individual capacity and in their capacity as successors-in-interest.  The Claims were rejected on August 17, 2020. (A true and correct copy of the Claims and Defendant's rejection letter is attached as **Exhibit 1** with the names of the Minor Plaintiffs redacted, and the birth dates of the Plaintiffs redacted).

4.    On August 4, 2020, Plaintiffs presented Defendant County of Tulare with a Claim for Damages sustained as a result of the incident described in this Complaint, and apprising Defendant of the substance of the claims asserted herein, pursuant to California Government Code §§ 905, 910, *et seq*.  The Plaintiffs brought the claims in their individual capacity and in their capacity as successors-in-interest. The Claims were rejected on September 22, 2020. (A true and correct copy of the Claims and Defendant's rejection letter is attached as **Exhibit 2** with the names of the Minor Plaintiffs redacted, and the birth dates of the Plaintiffs redacted).

5.    On December 23, 2020, Plaintiffs presented Defendant City of Visalia with a Claim for Damages sustained as a result of the incident described in this

Complaint, and apprising Defendant of the substance of the claims asserted herein, pursuant to California Government Code §§ 905, 910, *et seq.* The Plaintiffs brought the claims in their individual capacity and in their capacity as successors-in-interest. On February 6, 2020, Plaintiffs' Claims were rejected as a matter of law pursuant to California Government Code § 911.6. (A true and correct copy of the Claims are attached as **Exhibit 3** with the names of the Minor Plaintiffs redacted, and the birth dates of the Plaintiffs redacted.)

6.      Plaintiffs have exhausted all administrative remedies and the current action is being timely filed within the statute of limitations.

### III.    VENUE:

7.      Venue is proper in the Superior Court District of California under <u>California Code of Civil Procedure</u> § 395(a) in that the underlying acts and injuries upon which the present action is based occurred in County of Tulare, California.

### IV.    PARTIES:

8.      At all times relevant to this complaint, Decedent, MANUEL GARCIA (herein "Decedent") was an individual residing in County of Tulare, California.

9.      At all times mentioned herein, Plaintiff, MARIA ELENA GARCIA, is and was a resident of the County of Tulare, State of California. Plaintiff MARIA ELENA GARCIA is the surviving spouse of Decedent Manuel Garcia. Plaintiff, MARIA ELENA GARCIA, is entitled to bring this action in her individual capacity and as successor-in-interest to Decedent, under the provisions of Code of Civil Procedure ("C.C.P.") § 377.60.

10.     At all times mentioned herein, Plaintiff, ADRIEANA GARCIA is and was a resident of the County of Tulare, State of California. Plaintiff ADRIEANA GARCIA is the biological adult biological daughter of Decedent Manuel Garcia. Plaintiff ADRIEANA GARCIA, is entitled to bring this action in her individual capacity and as successor-in-interest to Decedent, under the provisions of Code of Civil Procedure ("C.C.P.") § 377.60.

11.     At all times mentioned herein, Plaintiff C.G. is and was a resident of the County of Tulare, State of California. Plaintiff C.G., a minor, brings this action by and through his *guardian ad litem* Maria Elena Garcia. Plaintiff C.G., a minor is the biological son of Decedent Manuel Garcia. Plaintiff C.G., by and through his *guardian ad litem* Maria Elena Garcia, is entitled to bring this action in his individual capacity and as successor-in-interest to Decedent, under the provisions of Code of Civil Procedure ("C.C.P.") § 377.60.

12.     At all times mentioned herein, Plaintiff S.G. is and was a resident of the County of Tulare, State of California. Plaintiff S.G., a minor, brings this action by and through her *guardian ad litem* Maria Elena Garcia. Plaintiff S.G., a minor is the biological daughter of Decedent Manuel Garcia. Plaintiff S.G., by and through her *guardian ad litem* Maria Elena Garcia, is entitled to bring this action in her individual capacity and as successor-in-interest to Decedent, under the provisions of Code of Civil Procedure ("C.C.P.") § 377.60.

13.     At all times mentioned herein, Plaintiff J.G. is and was a resident of the County of Tulare, State of California. Plaintiff J.G., a minor, brings this action by and through her *guardian ad litem* Maria Elena Garcia. Plaintiff J.G., a minor is the biological daughter of Decedent Manuel Garcia. Plaintiff J.G., by and through her *guardian ad litem* Maria Elena Garcia, is entitled to bring this action in her individual capacity and as successor-in-interest to Decedent, under the provisions of Code of Civil Procedure ("C.C.P.") § 377.60.

14.     At all times mentioned herein, Plaintiff GLORIA GARCIA is and was a resident of the County of Tulare, State of California. Plaintiff GLORIA GARCIA is the biological mother of Decedent Manuel Garcia. Plaintiff, GLORIA GARCIA, is entitled to bring this action in her individual capacity and as successor-in-interest to Decedent, under the provisions of Code of Civil Procedure ("C.C.P.") § 377.60.

15.     Defendant, COUNTY OF TULARE (herein "COUNTY"), is a public entity, duly organized and existing under the laws of the State of California.

16. Plaintiffs are informed and believe, and based thereon allege, that COUNTY OF TULARE SHERIFF'S DEPARTMENT (herein "TSD") is, and was, at all times relevant herein, a municipal corporation and a subdivision of the COUNTY.

17. Plaintiffs are informed and believe, and based thereon alleges, that Defendant CITY OF FARMERSVILLE (herein "CITY OF FARMERSVILLE") is a municipal entity organized under the laws of the State of California, County of Tulare.

18. Plaintiffs are informed and believe, and based thereon allege, that FARMERSVILLE POLICE DEPARTMENT (herein "FPD") is and was, at all times relevant herein, a municipal corporation and a subdivision of the Defendant CITY OF FARMERSVILLE.

19. Plaintiffs are informed and believe, and based thereon alleges, that Defendant CITY OF VISALIA (herein "CITY OF VISALIA") is a municipal entity organized under the laws of the State of California, County of Tulare.

20. Plaintiffs are informed and believe, and based thereon allege, that VISALIA POLICE DEPARTMENT (herein "VPD") is and was, at all times relevant herein, a municipal corporation and a subdivision of the Defendant CITY OF VISALIA.

21. Plaintiffs are informed and believe, and based thereon allege, that Defendant OFFICER EDUARDO CARRILLO (herein "CARRILLO"), is and at all pertinent times was, an individual employed by CITY OF FARMERSVILLE and FPD.

22. Plaintiffs are informed and believe, and based thereon allege, that Defendant OFFICER DIEGO CORONA (herein "CORONA"), is and at all pertinent times was, an individual employed by CITY OF FARMERSVILLE and FPD.

23. Plaintiffs are informed and believe, and based thereon allege, that

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

Defendant OFFICER JEREME BROGAN (herein "BROGAN"), is and at all pertinent times was, an individual employed by CITY OF FARMERSVILLE and FPD.

24. Plaintiffs are informed and believe, and based thereon allege, that Defendant OFFICER PAULINO MANZANO (herein "MANZANO"), is and at all pertinent times was, an individual employed by CITY OF FARMERSVILLE and FPD.

25. Plaintiffs are informed and believe, and based thereon allege, that Defendant SERGEANT RALPH VASQUEZ, JR. (herein "VASQUEZ"), is and at all pertinent times was, an individual employed by CITY OF FARMERSVILLE and FPD.

26. Plaintiffs are informed and believe, and based thereon allege, that Defendant LIEUTENANT JAY BROCK (herein "BROCK"), is and at all pertinent times was, an individual employed by CITY OF FARMERSVILLE and FPD.

27. Plaintiffs are informed and believe, and based thereon allege, that Defendant SERGEANT CARDENAS[1] (herein "CARDENAS"), is and at all pertinent times was, an individual employed in the County of Tulare by Defendants COUNTY and TSD.

28. Plaintiffs are informed and believe, and based thereon allege, that Defendant DEPUTY MATTHIAS HERNANDEZ (herein "HERNANDEZ"), is and at all pertinent times was, an individual employed in the County of Tulare by Defendants COUNTY and TSD.

29. Plaintiffs are informed and believe, and based thereon allege, that Defendant DEPUTY TAYLOR HOBSON (herein "HOBSON"), is and at all pertinent times was, an individual employed in the County of Tulare by Defendants

---

[1] At the time of the filing of this Complaint, Plaintiffs are unaware of Defendant Sergeant Cardenas' first name. Accordingly, Plaintiffs reserves the right to amend and/or correct Defendant Sergeant Cardenas' name, to include his or her current and correct legal first name, at later time, upon verification of his or her legal first name.

COUNTY and TSD.

30.    Plaintiffs are informed and believe, and based thereon allege, that Defendant DEPUTY "S. JAJYO"[2] (herein "JAJYO"), is and at all pertinent times was, an individual employed in the County of Tulare by Defendants COUNTY and TSD and supervised and controlled by Defendants COUNTY and TSD, as well as through other COUNTY and TSD policymakers and managers.

31.    Plaintiffs are informed and believe, and based thereon allege, that Defendant DEPUTY JASON KENNEDY (herein "KENNEDY"), is and at all pertinent times was, an individual employed in the County of Tulare by Defendants COUNTY and TSD.

32.    Plaintiffs are informed and believe, and based thereon allege, that Defendant CALIFORNIA FORENSIC MEDICAL GROUP, DBA WELLPATH (herein "WELLPATH"), is and at all pertinent times was, a corporation and state actor through Tulare County, vested with the responsibility to provide the emergency medical care and transportation at Tulare County Adult Pre-Trial Facility and licensed to do business in the state of California.

33.    Plaintiffs are informed and believe, and based thereon allege, that Defendant ERIC KRENZ (herein "KRENZ"), is and at all pertinent times was, a Registered Nurse ("RN") employed in the County of Tulare by Defendant WELLPATH.

34.    Plaintiffs are informed and believe, and based thereon allege, that Defendant TRACIA ANDERSON (herein "ANDERSON"), is and at all pertinent times was, a Registered Nurse employed in the County of Tulare by Defendant WELLPATH.

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

---

[2] Upon and information and belief, Defendant Deputy "S. JAJYO" is employed by COUNTY and TSD, and was at all times referenced herein, involved in incident involving Decedent. However, at the time of filing this Complaint, Plaintiffs are unaware of the correct spelling for Defendant Deputy "S. JAJYO's" first name and last name. Accordingly, Plaintiff reserves the right to amend and/or correct Defendant Deputy "S. JAJYO's" first name and last name, at later time, upon verification of his or her correct legal name.

35.     At all times relevant to this complaint, all individual DEFENDANTS and Does 1-100 were or are, police officers, sheriffs, and/or medical personnel, or otherwise agents of Defendant COUNTY OF TULARE.

36.     Plaintiffs are truly ignorant of the true names and capacities of Defendants DOES 1 through 100, inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

37.     The true names and/or capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 100, inclusive, and each of them, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege such defendants' true names and capacities when same have been ascertained. Plaintiffs are informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the acts and occurrences herein alleged, whether such acts and occurrences were committed intentionally, negligently, recklessly or otherwise and that each said DOE defendant is liable to Plaintiffs for the damages claimed herein. Plaintiffs are informed and believes and thereupon alleges that each of the defendants herein fictitiously named as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred, and therefore, proximately caused the injuries and damages to Plaintiffs as herein alleged.

38.     At all times relevant herein, each Defendant named herein, including all fictitiously named defendants DOES 1 through 100, and each of them, was an owner, employer either individually or jointly with others, agent, partner, joint-venturer, representative, servant, employee and/or coconspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement,

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

authorization and consent of each Defendants designated herein.

39.     At all times relevant herein, each Defendant named herein, including all fictitiously named defendants DOES 1 through 100, and each of them, were the agents, employees and servants of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named Defendants, and each of the Defendants had approved or ratified the actions of the other Defendants thereby making all named Defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

## V.     FACTS COMMON TO ALL CAUSES OF ACTION:

40.     On or about June 24, 2020, Decedent, MANUEL GARCIA ("Decedent") was arrested by FARMERSVILLE POLICE DEPARTMENT (herein "FPD") officers who were employed by and through the CITY OF FARMERSVILLE.

41.     Upon information and belief, FPD officers CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ and BROCK were called to the home of Decedent for disturbing the peace. Upon information and belief, Deputy KENNEDY arrived on scene to assist defendant officers.

42.     Upon arrival to Decedent's home, FPD officer known to be CARRILLO arrested Decedent and thereafter transported him to TULARE COUNTY ADULT PRE-TRIAL FACILITY (herein "TCAPF"), located at: 36650 Rd 112, Visalia, CA 93291, which is believed to be under the jurisdiction of the COUNTY OF TULARE SHERIFF'S DEPARTMENT by and through the COUNTY OF TULARE (herein "COUNTY").

43.     Decedent exhibited signs and/or symptoms of being under the influence. Defendants known to be CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, and KENNEDY knew or should have known that Decedent necessitated immediate medical care prior to arrest, transport, and/or

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

booking at TCAPF.

44. Defendants known to be CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, and KENNEDY knew and/or should have known that Decedent required medical treatment due to his overt signs and symptoms of intoxication and/or being under the influence a controlled substance.

45. Defendants known to be CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, and KENNEDY knew and/or should have known that Decedent required medical treatment due to his exhibiting signs of a serious medical need.

46. Despite this, Defendant CARRILLO transported Decedent to TCAPF and failed to transport Decedent to a hospital for medical clearance prior to booking.

47. Defendants CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, and KENNEDY had the ability to intervene and transport Decedent to a hospital for medical clearance prior to booking and/or to request emergency medical treatment or transport via ambulance prior to booking but failed to do so.

48. Upon information and belief, Decedent arrived at TCAPF for booking on or about 5:28 p.m.

49. However, upon information and belief, officer CARRILLO failed to take Decedent immediately inside of TCAPF for a medical screening and instead kept him inside of the patrol vehicle for almost twenty (20) minutes prior to escorting Decedent inside TCAPF at approximately 5:48 p.m. Upon information and belief, defendant CARRILLO was attempting to obtain a confession from Decedent while he was in duress and failed to take him inside TCAPF for immediate medical screening and/or booking.

50. Upon information and belief, upon booking Decedent, Defendants known to be CARRILLO, CARDENAS, HERNANDEZ, HOBSON, JAJYO, KRENZ, ANDERSON, WELLPATH, and/or DOE defendants, failed to properly conduct a medical intake and/or screening of Decedent prior to booking.

51.     Upon information and belief, Defendants known to be KRENZ, ANDERSON, WELLPATH, and/or DOE defendants, are Registered Nurses and/or medical professionals having requisite experience to know that arrestees such as Decedent may try to hide drugs when apprehended by law enforcement and arrestees often even swallow drugs and need to be assessed as such.

52.     Upon information and belief, Defendants known to be KRENZ, ANDERSON, WELLPATH, and/or DOE defendants are in contract with Defendant COUNTY OF TULARE and such contract provides that Defendants KRENZ, ANDERSON, WELLPATH, and/or DOE defendants are responsible for providing emergency care and transport to individuals and arrestees at TCAPF, including decedent.

53.     Upon information and belief, upon receiving and examining Decedent, Defendants known to be KRENZ, ANDERSON, WELLPATH, and/or DOE defendants, failed to properly provide emergency medical care or call an ambulance for Decedent prior to letting him leave.

54.     Upon information and belief, upon receiving and examining Decedent, Defendants known to be KRENZ, ANDERSON, WELLPATH, and/or DOE defendants, noticed that Decedent was diaphoretic, had a severely elevated heart rate, and needed physical stimulation for him to respond, and Defendants KRENZ, ANDERSON, WELLPATH, and/or DOE defendants still failed to properly provide medical care or call an ambulance for Decedent prior to letting him leave the facility.

55.     Upon information and belief, upon receiving and examining Decedent, Defendants known to be KRENZ, ANDERSON, WELLPATH, and/or DOE defendants failed to properly provide medical care or call an ambulance and were deliberately indifferent to Decedent's severe medical need.

56.     Upon information and belief, upon receiving and examining Decedent, Defendants known to be KRENZ, ANDERSON, WELLPATH, and/or DOE

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

defendants

57.     Upon information and belief, upon booking Decedent, Defendants known to be CARRILLO, CARDENAS, HERNANDEZ, HOBSON, JAJYO, KRENZ, ANDERSON, WELLPATH, and/or DOE defendants failed to properly house Decedent in a medical observation cell and/or specialized unit that mandated recurrent observation of Decedent to ensure his health and safety.

58.     Upon information and belief, Defendant CARRILLO was tasked with transporting Decedent to the hospital.  Decedent laid down in the back of the patrol car and was exhibiting signs of a serious medical need. Without justification, CARRILLO threw Decedent to the ground while handcuffed.  At the time the force was used, Decedent had been in the back of the patrol car and compliant with all police commands.

59.     Defendant CARRILLO and Deputy Vincent Freitas then put Decedent back inside of CARRILLO's patrol car.

60.     Upon information and belief, on or about 6:13 p.m., Decedent was transported out of TCAPF.

61.     Upon information and belief, Decedent was supposed to be immediately transported to Kaweah Delta District Hospital – Emergency Department, located at: 400 W Mineral King Ave, Visalia, CA 93291. Decedent should have been transported by ambulance. Instead, Decedent was transported in a patrol car by TSD DOE Deputies and/or defendant CARRILLO and FPD DOE Officers.

62.     Upon information and belief, Decedent arrived at Kaweah Delta District Hospital – Emergency Department, at approximately 6:58 p.m. and was unresponsive.

63.     Decedent was moved into the emergency room where medical personnel rendered emergent Cardiopulmonary resuscitation ("CPR") and Advanced Cardiac Life Support ("ACLS").  Descendant was intubated and placed

on direct oxygen ventilation and life support in attempt to resuscitate Decedent.

64. On January 24, 2020 at approximately 7:22 p.m., Decedent was pronounced dead by emergency room doctor(s).

65. Following Decedent's death, and per the request of the FPD, the VISALIA POLICE DEPARTMENT (herein "VPD"), a municipal corporation and a subdivision of the Defendant CITY OF VISALIA, and TSD Corner's Unit, a municipal corporation and a subdivision of the Defendant COUNTY OF TULARE, conducted an autopsy and investigation into Decedent's death.

66. The autopsy report cited Decedent's cause of death as "accidental acute methamphetamine toxicity."

67. Plaintiffs are informed and believe, and based thereon allege, that Decedent Manuel Garcia died as a result of the denial of medical care by Defendants COUNTY, TSD DOE deputies, CITY OF FARMERSVILLE, KRENZ, ANDERSON, WELLPATH, and/or FPD DOE officers.

68. Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, and KENNEDY knew and/or should have known that Decedent required medical treatment due to his exhibiting signs of a serious medical needs, which mandated transportation to a hospital prior to booking at TACPF.

69. Upon booking Decedent, Defendants CARRILLO, CARDENAS, HERNANDEZ, HOBSON, JAJYO, KRENZ, ANDERSON, WELLPATH, and/or DOEs, failed to properly conduct a medical intake and/or screening of Decedent.

70. Upon booking Decedent, Defendants CARRILLO, CARDENAS, HERNANDEZ, HOBSON, JAJYO, KRENZ, ANDERSON, WELLPATH, and/or DOEs, failed to properly house Decedent in a medical observation cell.

71. Upon further information and belief, Defendants COUNTY, TSD DOE deputies, CITY OF FARMERSVILLE, FPD DOE officers, CARRILLO, CARDENAS, HERNANDEZ, HOBSON, KRENZ, ANDERSON, WELLPATH, and/or JAYJO disregarded policies and procedures that require immediate hospital

transportation when an arrestee is detained and exhibits signs of being under the influence of a controlled substance and/or intoxication.

72. Upon further information and belief, Defendants COUNTY, TSD DOE deputies, CITY OF FARMERSVILLE, FPD DOE officers, CARRILLO, CARDENAS, HERNANDEZ, HOBSON, KRENZ, ANDERSON, WELLPATH, and/or JAYJO disregarded policies and procedures that require immediate hospital transportation when an arrestee is detained and exhibits signs of a serious medical need to require emergency medical intervention.

73. Plaintiffs are informed and believe, and based thereon allege, that Defendants, COUNTY, TSD DOE deputies, CITY OF FARMERSVILLE, FPD DOE officers, CARRILLO, CARDENAS, HERNANDEZ, HOBSON, KRENZ, ANDERSON, WELLPATH, and/or JAYJO withheld critical medical care from Decedent and transported Decedent to the hospital in their patrol vehicle instead of an ambulance after he had been booked at TCAPF.

74. As a direct and proximate cause of the acts alleged above, Defendants, COUNTY, TSD, CITY OF FARMERSVILLE, FPD, CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, WELLPATH, and/or DOE defendants were objectively unreasonable and deliberately indifferent to Decedent's serious medical needs, thereby causing his untimely death.

75. CITY OF VISALIA, VPD, and/or DOE defendants failed to conduct an adequate investigation into the death of Decedent.

76. Decedent was only forty-three (43) years old at the time of death, leaving behind his four (4) children, wife, and mother.

///
///
///
///

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

# VI.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### DENIAL OF MEDICAL CARE, 42 U.S.C. § 1983

**(Against Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES 1-100, inclusive)**

77.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

78.    The Fourth Amendment of the United States Constitution requires law enforcement and custodial officers to provide reasonable post-arrest care and to promptly summon medical care.  The Fourteenth Amendment of the United States Constitution requires law enforcement and custodial officers to not be deliberately indifferent to the serious medical needs of pre-trial detainees. The denial or delay of medical care in violation of the right to prompt medical care as guaranteed under the Fourth Amendment to the United States Constitution is applied to state actors by the Fourteenth Amendment.

79.    Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, and DOES (1) through (100), failed to transport Decedent to a hospital for medical clearance prior to booking, despite the fact Decedent exhibited overt signs and symptoms of intoxication, being under the influence a controlled substance, and/or exhibiting signs of a serious medical need.

80.    Though Defendants KRENZ, ANDERSON, and DOES (1) through (100) knew that Mr. Garcia exhibited signs of a serious medical need including a severely elevated heart rate and him being diaphoretic, and therefore Defendants KRENZ, ANDERSON, and DOES (1) through (100) knew Mr. Garcia faced a substantial risk of serious harm, Defendants KRENZ, ANDERSON, and DOES (1) through (100) failed to take reasonable measures to decrease this risk and actually

increased this rick by failing to provide proper medical care.

81.    Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), further failed to properly conduct a medical intake and/or screening of Decedent prior to booking.

82.    Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), further failed to properly house Decedent in a medical observation cell that mandated recurrent observation of Decedent to ensure his health and safety.

83.    Instead, Defendants CARRILLO, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KRENZ, ANDERSON, and DOES (1) through (100), booked Decedent at TCAPF then transported him or allowed him to be transported to the hospital in a patrol car, rather than an ambulance, thereby unreasonably delaying Decedent's medical care.

84.    Upon information and belief, Decedent was not transported directly to the hospital after departing from TCAPF, thereby unduly delaying his medical treatment further.

85.    Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), denied Decedent proper medical care, including but not limited to (1) preventing him from being transported to the hospital in an ambulance at the time of arrest; (2) failing to conduct a proper medical screening and/or booking upon arrival at TCAPF, (3) failing to place Decedent in a medical observation cell that mandated recurrent observation of Decedent to ensure his health and safety; (4) taking Decedent to the hospital in a patrol car rather than an ambulance, and (5) delaying the transportation of Decedent to the hospital, amongst other things.

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

86.    Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), acted under color of law at all times relevant to this Complaint.

87.    Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), knew from Decedent's condition – including his overt signs and/or symptoms of being under the influence such as severely elevated heart rate, him being diaphoretic,  and his overall distressed appearance and manner of speech – that Decedent Manuel Garcia was in medical distress and in serious need of immediate medical treatment to preserve him from further serious injury and/or death.

88.    Plaintiffs are informed and believe, and based thereon allege, that Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), withheld medical care from Decedent by transporting him to the hospital in their patrol vehicle instead of the ambulance, thereby delaying the necessary medical care. It is also alleged upon information and belief that defendants did not transport Decedent directly to the hospital.  It is also alleged upon information and belief that Decedent was not transported directly to the hospital after his departure from TCAPF.

89.    The denial of medical care by Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), deprived Decedent of his right to be secure in his person, his right to due process, his right to reasonable medical care while in custody, and his right that government officials not be deliberately indifferent to his serious medical needs as

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

90.     Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), knew that failure to provide timely medical treatment to Decedent Manuel Garcia could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent Manuel Garcia great bodily harm, physical and emotional pain and suffering, and death.

91.     But for the Defendants' conduct in causing the delay of Decedent Manuel Garcia's receipt of medical transport and care, Decedent Manuel Garcia would have survived.

92.     The actions and/or inactions of Defendants were objectively unreasonable given the circumstances.

93.     The actions and/or inactions of Defendants were objectively deliberately indifferent to a serious medical need under the circumstances.

94.     As a legal result of each of the Defendants' conduct as described here, and Decedent Manuel Garcia's subsequent death, Plaintiffs sustained pecuniary damages resulting from the loss of the love, comfort, society, care, assistance, protection, companionship, attention, moral support, training, guidance, and financial support from Decedent Manuel Garcia, all in an amount to be determined according to proof at trial. As a direct result of the aforementioned conduct, Plaintiffs have suffered and will continue to suffer from emotional distress and mental anguish.

95.     As a further legal result of the conduct described here, Plaintiffs have incurred medical, funeral, burial, and other expenses, all in an amount to be determined according to proof at trial.

MᶜMᴜʀʀᴀʏ Hᴇɴʀɪᴋs, LLP
811 Wɪʟsʜɪʀᴇ Bᴏᴜʟᴇᴠᴀʀᴅ, Sᴜɪᴛᴇ 1640
Lᴏs Aɴɢᴇʟᴇs, CA 90017

96.     As a result of their misconduct, Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), are liable to the Plaintiffs for Decedent's injuries, either because they were integral participants in the denial of medical care to Decedent Manuel Garcia, or because they failed to intervene to prevent these violations despite having the opportunity to do so.

97.     Plaintiffs are entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

98.     The conduct of CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent Manuel Garcia and therefore warrants the imposition of exemplary and punitive damages as to Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100) in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION
### EXCESSIVE FORCE, 42 U.S.C. § 1983
**(Against Defendants CARRILLO and DOES 1-100, inclusive)**

99.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

100.    Decedent had a clearly established right under the Fourth Amendment to be free from official infliction of excessive force.

101.    Decedent had been arrested on a charge of disturbing the peace. He had complied with officer commands at all times upon arrest and while in custody of FPD offices and TSD deputies.

MᴄMᴜʀʀᴀʏ Hᴇɴʀɪᴋs, LLP
811 Wɪʟsʜɪʀᴇ Bᴏᴜʟᴇᴠᴀʀᴅ, Sᴜɪᴛᴇ 1640
Lᴏs Aɴɢᴇʟᴇs, CA 90017

1    102.   Decedent did not actively resist or attempt to evade defendant officers

2  by flight.

3    103.   Decedent posed no threat to Defendants CARILLO and DOES 1-100

4  when he was pulled out of CARILLO's police vehicle and thrown to the ground,

5  while in handcuffs, without justification.

6    104.   Decedent had not acted erratically and had not made any threatening

7  gestures or movements.

8    105.   Instead of following basic police practices and training, Defendants

9  CARILLO and DOES 1-100 threw Decedent to the ground, when no force was

10  needed to be deployed, and despite his serious medical need.

11    106.   As a result, the use of excessive force was objectively unreasonable

12  under the totality of the circumstances. The excessive force used was also

13  performed with a deliberate indifference to the safety and welfare of Decedent.

14  Defendants' actions thus deprived Decedent of his right to be free from the use of

15  excessive force by law enforcement and secure in his person against unreasonable

16  searches and seizures as guaranteed to him under the Fourth Amendment of the

17  United States Constitution.

18    107.   DOES 1-100 did not intervene to protect Decedent despite witnessing

19  the excessive force employed by CARILLO and/or other DOE officers. They were

20  able to intervene to halt this unconstitutional conduct. Their refusal to intervene

21  violated their constitutional and moral duty to protect and serve the public.

22    108.   At all times herein, Defendants CARILLO and DOES 1-100 were

23  acting within the course and scope of their employment  as police officers within

24  FPD and/or deputies within TSD.

25    109.   Defendants CARILLO and DOES 1-100 acted under color of law and

26  knew that throwing a handcuffed suspect on the ground without justification in

27  these circumstances constituted the use of excessive force under clearly established

28  law.

110.   The conduct alleged herein caused Decedent to be deprived of his civil rights that are protected under the United States Constitution, California Constitution, and federal and state laws. The actions of Defendants CARILLO and DOES 1-100 have legally, proximately, foreseeably, and actually caused Decedent to suffer physical injury, emotional distress, pain and suffering, unjust deprivation of his liberty and freedom, and further general and special damages according to proof at the time of trial.

111.   As a further result of the foregoing, Plaintiffs are entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

112.   In committing the acts described above, Plaintiffs are informed and believes Defendants CARILLO and DOES 1-100 acted with oppression, fraud, or malice, entitling Plaintiffs to an award of punitive damages under 42 U.S.C. § 1983 and California Code of Civil Procedure § 337.34 against Defendants CARILLO and DOES 1-100 in an amount according to proof at time of trial.

### THIRD CAUSE OF ACTION
### DENIAL OF MEDICAL (*MONELL*)
### (Against Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, WELLPATH, and DOES 1-100, inclusive)

113.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

114.   The Defendants COUNTY OF TULARE by and through TSD, the CITY OF FARMERSVILLE by and through FPD, WELLPATH, and DOES (1) through (100), as a matter of custom, practice, and policy, encouraged, tacitly permitted, and/or turned a blind eye toward instances wherein law enforcement personnel failed to provide reasonable post-arrest care, failed to promptly summon medical care, and were deliberately indifferent toward the serious medical needs of pre-trial detainees in violation of the Fourth and/or Fourteenth Amendments of the United States Constitution.

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

115. The Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, WELLPATH, and DOES (1) through (100), as a matter of custom, practice, and policy, also failed to maintain adequate and proper training for officers and law enforcement personnel necessary to educate the officers/deputies as to the Constitutional rights of arrestees, to prevent the consistent and systematic denial of medical care by arresting officers, to prevent in-custody deaths for pre-trial detainees who are entitled to adequate medical care, and to prevent the excessive force and extra judicial punishment by officers/deputies.

116. Defendants either knew or had constructive knowledge that Defendants, COUNTY OF TULARE, WELLPATH, and CITY OF FARMERSVILLE had a history of deliberate indifference to the serious and immediate medical needs of arrestees and/or pre-trial detainees. Despite having this knowledge, Defendants condoned, tolerated and through actions and inactions thereby ratified such policies.

117. Plaintiffs are informed and believe, and based thereon allege, that Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), withheld medical care from Decedent Manuel Garcia and transport Decedent Manuel Garcia to the hospital in their patrol vehicle instead of the ambulance, thereby delaying the necessary medical care.

118. On information and belief, Defendants COUNTY OF TULARE, TSD, CITY OF FARMERSVILLE, FPD, WELLPATH, and DOES (1) through (100), fostered a custom, practice, and policy of authorizing the denial of medical care to arrestees by police deputies.

119. By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts, Defendants COUNTY OF TULARE, TSD, CITY OF FARMERSVILLE, FPD, WELLPATH, and DOES (1) through (100), acted with

an intentional, reckless, and callous disregard for the life and constitutional and human rights of Decedent Manuel Garcia that resulted in his untimely death.

120.   Said custom, practice, and policy included a failure to adequately investigate, supervise and discipline offending officers/personnel that fostered the custom, practice, and policy within the COUNTY OF TULARE, TSD, CITY OF FARMERSVILLE, FPD, WELLPATH, and DOES (1) through (100),   which resulted in the wrongful death of Decedent Manuel Garcia.

121.   Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

122.   The failure to promulgate or maintain constitutionally adequate policies regarding training and impartiality was done with deliberate indifference to the rights of Decedent Manuel Garcia and others in his position.

123.   The constitutionally infirm lack of adequate training, supervision, and discipline as to the officers and law enforcement personnel in this case caused Decedent Manuel Garcia to suffer general and special damages according to proof at the time of trial.

124.   As a legal result of each of the Defendants' conduct as described here, and Decedent Manuel Garcia's subsequent death, Plaintiffs sustained pecuniary damages resulting from the loss of the love, comfort, society, care, assistance, protection, companionship, attention, moral support, training, guidance, and financial support from Decedent Manuel Garcia, all in an amount to be determined according to proof at trial. As a direct result of the aforementioned conduct, Plaintiffs have suffered and will continue to suffer from emotional distress.

125.   As a further legal result of the conduct described here, Plaintiffs have incurred medical, funeral, burial, and other expenses, all in an amount to be determined according to proof at trial.

126.   Plaintiffs are entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

127. In committing the acts described above, Plaintiffs are informed and believes Defendants COUNTY OF TULARE, TSD, CITY OF FARMERSVILLE, FPD, WELLPATH, and DOES (1) through (100), acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against Defendants COUNTY OF TULARE, TSD, WELLPATH, CITY OF FARMERSVILLE, FPD, and DOES (1) through (100), in an amount according to proof at time of trial.

## FOURTH CAUSE OF ACTION

## FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE, 42 U.S.C. § 1983, *MONELL*

## (Against Defendants, COUNTY OF TULARE, TSD, CITY OF FARMERSVILLE, FPD, WELLPATH, and DOES 1-100, inclusive)

128. Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

129. Defendants COUNTY OF TULARE and CITY OF FARMERSVILLE, by and through their employees and/or agents, and DOES (1) through (100) inclusive, and each of them, acting under color of law, have subjected Decedent and other persons similarly situated to a pattern of conduct consisting of continuing, widespread and persistent pattern of unconstitutional misconduct.

130. Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, WELLPATH, and DOES (1) through (100), maintained a longstanding pattern of failing to properly train, supervise, and discipline officers/deputies/employees in providing proper post-arrest medical care or how to summon medical responders when arrestees/pre-trial detainees exhibits signs of a serious medical need.

131. Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, WELLPATH, and DOES (1) through (100) have failed to maintain adequate and proper training necessary to educate officers/deputies/employees and medical staff at TCAPF as to the Constitutional rights of arrestees/inmates; to prevent the

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

consistent and systematic failure to provide medical care; and to train their deputies properly on welfare or cell checks.

132. CITY OF FARMERSVILLE by and through its agents and/or employees, and DOES (1) through (100) failed to properly train officers how to provide post-arrest medical care, when to transport an arrestee to the hospital for a pre-book medical clearance check, and/or when to summon emergency medical responders for an on scene evaluation of a suspect that has been detained/arrested.

133. COUNTY OF TULARE by and through its agents and/or employees, and DOES (1) through (100) failed to properly train deputies how to conduct a proper medical screening and/or booking of inmates who display signs of a serious medical need, when to place pre-trial detainees exhibiting signs of a serious medical need in a medical observation unit and/or holding cell that mandates periodic welfare checks, and/or when to summon emergency medical responders to render aid at TCAPF/transport inmates from TCAPF straight to the hospital via ambulance.

134. COUNTY OF TULARE by and through its agents and/or employees, and DOES (1) through (100) failed to train medical and psychiatric doctors and nurses at TCAPF on the necessary care of inmates suffering from serious medical conditions including drug overdose/intoxication, and failed to implement policies and procedures with respect to proper training.

135. WELLPATH by and through its agents and/or employees, and DOES (1) through (100) failed to train medical and psychiatric doctors and nurses such as Defendants KRENZ and ANDERSON at TCAPF on the necessary care of inmates/arrestees/detainees suffering from serious medical conditions including drug overdose/intoxication, and failed to implement policies and procedures with respect to proper training.

136. As a result, there has been an official policy of acquiescence in the wrongful conduct that has permitted through TSD, WELLPATH, and FPD wherein employees and/or agents continually violate arrestees/pretrial detainees' rights to

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

medical care and treatment. COUNTY OF TULARE, CITY OF FARMERSVILLE, WELLPATH, and DOES (1) through (100) have failed to promulgate corrective policies and regulations in the face of these repeated Constitutional violations.

137. COUNTY OF TULARE, CITY OF FARMERSVILLE, WELLPATH, and DOES (1) through (100) inclusive, and each of them, have acted with deliberate indifference and have disregarded a duty to protect the public from official misconduct.

138. The failure to promulgate or maintain constitutionally adequate training was done with deliberate indifference to the rights of Decedent and others in his position that resulted in his untimely death.

139. Despite their knowledge of previous instances of wrongful deaths, Defendants failed to properly train or retrain their officers/deputies and medical staff to prevent deaths of arrestees/inmates, thereby perpetuating the failure to provide arrestees/pretrial detainees with their constitutional right to medical care and treatment.

140. The constitutionally infirm lack of adequate training as to the individual defendants in this case caused Decedent harm.

141. Furthermore, Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, WELLPATH, and DOES (1) through (100) failed to provide adequate supervision and discipline to officers/deputies that hold the power, authority, insignia, equipment and arms entrusted to them.

142. Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, WELLPATH, and DOES (1) through (100) failed to promulgate and enforce adequate policies and procedures related to misconduct and the violation of citizens' civil rights by officers/deputies and medical staff.

143. Defendants COUNTY OF TULARE, WELLPATH, and CITY OF FARMERSVILLE have a widespread history of ratifying officer/deputy

misconduct by failing to conduct appropriate investigations.

144.   Defendants were aware of previous instances of untimely and wrongful deaths and failed to properly supervise and discipline their employees or agents.

145.   Upon information and belief, Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, WELLPATH, and DOES (1) through (100) refused to   investigate misconduct and/or took no remedial steps or action against officers/deputies/employees as a result of this incident.

146.   There has been an official policy of acquiescence in the wrongful conduct. Defendants failed to promulgate corrective policies and regulations in the face of repeated Constitutional violations.  Defendants condoned and acquiesced in the abusive behavior of their subordinates by refusing to retrain them, discipline them, or correct their abusive behavior.

147.   Defendants were, or should have been, aware that the policy regarding supervision and discipline of officers who violated the civil rights of inmates or citizens governing access to medical care and treatment was so inadequate that it was obvious that a failure to correct it would result in further incidents of dangerous and lawless conduct perpetrated by their subordinates.

148.   In this case, and upon information and belief, Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, WELLPATH, and DOES (1) through (100) refused to take proper disciplinary action against CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOEs regarding the circumstances surrounding the  investigation of Decedent's death.

149.   As a result of the Defendants' historical failure to properly supervise and discipline deputies, Defendants were deliberately indifferent to the needs of Decedent.

150.   The failure to supervise and discipline was the moving force behind

MᶜMᵁᴿᴿᴬʸ Hᴇɴʀɪᴋs, LLP
811 Wɪʟsʜɪʀᴇ Bᴏᴜʟᴇᴠᴀʀᴅ, Sᴜɪᴛᴇ 1640
Lᴏs Aɴɢᴇʟᴇs, CA 90017

the misconduct of the deputies and the denial of medical care on the Decedent the resulted in pain and suffering and death.

151. As a result of actions by COUNTY OF TULARE, CITY OF FARMERSVILLE, WELLPATH, and DOES (1) through (100) inclusive, and each of them, Decedent suffered physical and psychological injuries, and loss of his life.

152. As a direct consequence of the failure of COUNTY OF TULARE, CITY OF FARMERSVILLE, WELLPATH, and DOES (1) through (100) inclusive, and each of them, to properly train, supervise, and discipline their officers/deputies and medical staff, Decedent suffered unconstitutional treatment and inhumane conditions during his detention.

153. As a result of the Defendants' historical failure to properly train, supervise, and discipline, Defendants were deliberately indifferent to the needs of Decedent.

## FIFTH CAUSE OF ACTION
## MUNICIPAL LIABILITY – RATIFICATION (*MONELL*)
## (Against Defendants, COUNTY OF TULARE, TSD, CITY OF FARMERSVILLE, FPD, WELLPATH, and DOES 1-100, inclusive)

154. Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

155. Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), denied Decedent proper medical care, including but not limited to (1) preventing him from being transported to the hospital in an ambulance at the time of arrest; (2) failing to conduct a proper medical screening and/or booking upon arrival at TCAPF, (3) failing to place Decedent in a medical observation cell that mandated recurrent observation of Decedent to ensure his health and safety; (4) taking Decedent to the

MᶜMᵁᴿᴿᴬʸ Hᴇɴʀɪᴋs, LLP
811 Wɪʟsʜɪʀᴇ Bᴏᴜʟᴇᴠᴀʀᴅ, Sᴜɪᴛᴇ 1640
Lᴏs Aɴɢᴇʟᴇs, CA 90017

hospital in a patrol car rather than an ambulance, and (5) delaying the transportation of Decedent to the hospital, amongst other things.

156.   In doing the acts alleged in this Complaint, Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), were acting under the color of statutes, ordinances, regulations, customs, laws, and usages of Defendants COUNTY OF TULARE, TSD, CITY OF FARMERSVILLE, FPD, WELLPATH, and DOES (1) through (100), and the State of California and under the authority of their respective offices.

157.   The acts of Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), deprived Decedent Manuel Garcia and Plaintiffs of their particular rights under the United States Constitution.

158.   Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), ratified Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), acts.

159.   Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants CARRILLO, CORONA, BROGAN,

MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), were "within policy."

160. As a legal result of each of the Defendants' conduct as described here, and Decedent Manuel Garcia's subsequent death, Plaintiffs sustained pecuniary damages resulting from the loss of the love, comfort, society, care, assistance, protection, companionship, attention, moral support, training, guidance, and financial support from Decedent Manuel Garcia, all in an amount to be determined according to proof at trial. As a direct result of the aforementioned conduct, Plaintiffs have suffered and will continue to suffer from emotional distress.

161. As a further legal result of the conduct described here, Plaintiffs have incurred medical, funeral, burial, and other expenses, all in an amount to be determined according to proof at trial.

162. Accordingly, Defendants COUNTY OF TULARE, TSD, CITY OF FARMERSVILLE, FPD, WELLPATH, and DOES (1) through (100), and each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

163. The Defendants COUNTY OF TULARE, TSD, CITY OF FARMERSVILLE, FPD, WELLPATH, and DOES (1) through (100), are vicariously liable for the wrongful acts of Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

///
///
///

# SIXTH CAUSE OF ACTION

## WRONGFUL DEATH

### (Against COUNTY OF TULARE, CITY OF FARMERSVILLE, CARILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAJYO, KENNEDY, KRENZ, ANDERSON, WELLPATH,  and DOES 1-100, inclusive)

164.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

165.    On and before June 24, 2020, Plaintiffs were the surviving spouse, natural daughters, sons, and mother of Decedent Manuel Garcia, entitled to bring this action pursuant to California Code of Civil Procedure § 377.60.

166.    Defendants, COUNTY OF TULARE, WELLPATH, and CITY OF FARMERSVILLE, by and through TSD, WELLPATH, and FPD employees and/or agents, and each of them, committed wrongful acts which proximately caused the death of Decedent.

167.    On or about June 24, 2020, Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, WELLPATH,  and DOES (1) through (100), saw Decedent in was in severe medical distress and in serious need of immediate medical treatment to preserve him from further serious injury and/or death, but despite this not only withheld medical care from Decedent Manuel Garcia, but in doing so, transported or allowed Decedent Manuel Garcia to be transported to the hospital in a patrol vehicle instead of the ambulance, thereby further delaying the necessary medical care, resulting in Decedent's inevitable death.

168.    Consequently, Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, WELLPATH, and DOES (1) through

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

(100), and each of them knew that Decedent was in severe medical distress but failed to transfer him to a hospital prior to booking, and instead, booked Decedent, then transported Decedent Manuel Garcia to the hospital in their patrol vehicle instead of the ambulance, thereby further delaying the necessary medical care.

169. Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, WELLPATH, and DOES (1) through (100), employed negligent tactics and intentionally and/or without due care caused the death of Decedent Manuel Garcia.

170. Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY and DOES (1) through (100), are sheriff deputies and/or police officers, employed by Defendants, COUNTY OF TULARE and CITY OF FARMERSVILLE, by and through TSD and FPD and were acting within the course and scope of their duties when committing the actions here alleged. Defendants had no legal or reasonable justification for their actions or omissions.

171. Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), acting within the course and scope of their employment, acted negligently with malice and oppression and denied Decedent medical care. Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100)'s denial of medical care was negligent, unreasonable, substantial, reckless and was a substantial factor in causing severe physical harm and untimely death to Decedent Manuel Garcia.

172. Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO,

KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), received inadequate training from the Defendants, COUNTY OF TULARE, WELLPATH, and CITY OF FARMERSVILLE, by and through TSD and FPD in the proper detention, securing, and caring for an arrested person in custody. As a direct and proximate result of this failure, the death of Decedent Manuel Garcia occurred, causing the present Plaintiffs the losses and injuries complained of.

173.    As a legal result of each of the Defendants' conduct as described here, and Decedent Manuel Garcia's subsequent death, Plaintiffs sustained pecuniary damages resulting from the loss of the love, comfort, society, care, assistance, protection, companionship, attention, moral support, training, guidance, and financial support from Decedent Manuel Garcia, all in an amount to be determined according to proof at trial. As a direct result of the aforementioned conduct, Plaintiffs have suffered and will continue to suffer from emotional distress and mental anguish.

174.    As a further legal result of the conduct described here, Plaintiffs have incurred medical, funeral, burial, and other expenses, all in an amount to be determined according to proof at trial.

175.    The Defendants, COUNTY OF TULARE, WELLPATH, and CITY OF FARMERSVILLE, by and through TSD and FPD, are vicariously liable for the wrongful acts of Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON,  and DOES (1) through (100), pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

176.    At all times pertinent hereto, Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY and DOES (1) through (100), were agents and/or

MᶜMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

employees of Defendant COUNTY OF TULARE and CITY OF FARMERSVILLE, by and through TSD and FPD, and as such, Defendants COUNTY OF TULARE and CITY OF FARMERSVILLE, by and through TSD and FPD, are vicariously liable for the actions and conduct of Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY and DOES (1) through (100), occurring within the course and scope of their employment.

177. At all times pertinent hereto, Defendants KRENZ and ANDERSON were agents and/or employees of Defendant WELLPATH which was at all times pertinent hereto, an agent of Defendant COUNTY OF TULARE, and as such, Defendant COUNTY OF TULARE is vicariously liable for the actions and conduct of Defendants KRENZ and ANDERSON, occurring within the course and scope of their employment.

178. Defendants COUNTY OF TULARE and CITY OF FARMERSVILLE, by and through TSD and FPD, are liable for the wrongful acts of Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY and DOES (1) through (100), due to ratification. Defendants COUNTY OF TULARE and CITY OF FARMERSVILLE, by and through TSD and FPD, to conduct objective and unbiased investigation. Defendants COUNTY OF TULARE and CITY OF FARMERSVILLE, by and through TSD and FPD, knew Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY and DOES (1) through (100), delayed and interfered with Decedent Manuel Garcia right to receive critical medical care. Nevertheless, Defendants COUNTY OF TULARE and CITY OF FARMERSVILLE, by and through TSD and FPD, have turned a blind eye by failing to discipline any of Defendants.

///

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

## SEVENTH CAUSE OF ACTION

## NEGLIGENCE

**(Against Defendants, COUNTY OF TULARE, CITY OF FARMERSVILLE, CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAJYO, KENNEDY, KRENZ, ANDERSON, WELLPATH, and DOES 1-100, inclusive)**

179. Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

180. At all times pertinent hereto, Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON and DOES (1) through (100), were agents and/or employees of Defendants COUNTY OF TULARE, WELLPATH, or CITY OF FARMERSVILLE, by and through TSD and FPD.

181. On or around June 24, 2020, Decedent was arrested by Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, and KENNEDY on a charge of disturbing the peace and being under the influence of a controlled substance. Upon information and belief, Decedent exhibited signs of a serious medical need that warranted emergency response care for evaluation at the scene and/or hospital clearance prior to booking. Nevertheless, Defendant CARRILLO and DOE officer(s) transported Decedent to TCAPF instead of to the hospital.

182. Decedent was transported and booked into to TCAPF, owned, operated, and staffed, by Defendant TSD which contracts with Defendant WELLPATH to handle medical screening.

183. Upon being booked into TCAPF, and throughout Decedent's detention at TCAPF, Decedent exhibited overt signs and symptoms of intoxication, being under the influence a controlled substance, and/or exhibiting signs of a serious medical need.

184. Given Decedent's intoxicated and/or being under the influence of a controlled substance, Decedent had a serious medical need that necessitated being transferred to a hospital prior to booking and/or placement into a sobering cell or medical observation unit medical care, along with ongoing medical care, observation, treatment, and attention by agents and/or employees of Defendant.

185. Moreover, and upon information and belief, Decedent complained to Defendants CARRILLO, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KRENZ, ANDERSON, and DOES (1) through (100), and DOES (1), as well as Defendants COUNTY OF TULARE, WELLPATH, and CITY OF FARMERSVILLE, by and through TSD, FPD, and TCAPF employees and/or agents, that he was not feeling well and requested medical attention.

186. Defendants CARRILLO, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KRENZ, ANDERSON, as well as Defendants COUNTY OF TULARE, and CITY OF FARMERSVILLE, by and through TSD, FPD, WELLPATH, and TCAPF employees and/or agents, and DOES (1) through (100) inclusive, and each of them, knew or should have known that given Decedent's signs and symptoms of a serious medical need, Decedent necessitated being transferred to a hospital prior to booking and/or placement into a sobering cell or medical observation unit medical care, along with ongoing medical care, observation, treatment, and attention by agents and/or employees of Defendant.

187. Defendants CARRILLO, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KRENZ, ANDERSON, as well as Defendants COUNTY OF TULARE, and CITY OF FARMERSVILLE, by and through TSD, FPD, WELLPATH, and TCAPF employees and/or agents, and DOES (1) through (100) inclusive, and each of them, booked Decedent at TCAPF and then transported him or allowed him to be transported to the Hospital in a patrol car, rather than by ambulance, thereby consciously disregarding and/or ignoring Decedent's requests for medical attention.

188. Upon information and belief, Defendants failed to transport Decedent

directly to the hospital after departing from TCAPF.

189. Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, as well as Defendants COUNTY OF TULARE, and CITY OF FARMERSVILLE, by and through TSD, FPD, WELLPATH, and TCAPF employees and/or agents, and DOES (1) through (100) inclusive, and each of them, knew that Decedent faced a substantial risk of harm if medical attention was not sought to treat Decedent's intoxication, being under the influence a controlled substance, and/or serious medical need.

190. Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, as well as Defendants COUNTY OF TULARE, and CITY OF FARMERSVILLE, by and through TSD, FPD, WELLPATH, and TCAPF employees and/or agents, and DOES (1) through (100) inclusive, and each of them, consciously disregarded Decedent's risk of serious harm and/or injury by failing to take reasonable steps to medically treat and care for Decedent's intoxication and/or being under the influence, including but not limited to the following:

    a.  Failing to summon medical first responders at the scene of the arrest;

    b.  Failing to transport Decedent to a hospital in an ambulance upon arrest;

    c.  Failing to transport Decedent to a hospital via patrol car prior to booking to be medically cleared;

    d.  Failing to take Decedent immediately inside of TCAPF upon arrival for a proper medical screening by medical staff;

    e.  Failing to properly book and/or medically screen Decedent upon arrival at TCAPF;

    f.  Failing to place Decedent in a medical observation unit/cell for medical monitoring and welfare checks;

g. Failing to communicate with medical staff Decedent's need for medical treatment, assessment, and/or evaluation;

h. Failing to summon medical care for Decedent at TCAPF;

i. Failing to have Decedent transported via ambulance from TCAPF to the hospital;

j. Failing to timely transport Decedent to the hospital upon departure from TCAPF;

191. Defendants, CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100) inclusive, and each of them, were acting or purporting to act in the performance of his or her official duties as personnel employed and/or contracted by Defendants COUNTY OF TULARE, and CITY OF FARMERSVILLE, by and through TSD, WELLPATH, and FPD, respectively.

192. As a direct and proximate result of all Defendants' conduct, Decedent experienced physical pain, severe emotional distress, and mental anguish for days, as well as loss of his life and other damages alleged herein.

193. The conduct alleged herein caused Decedent to be deprived of his civil rights that are protected under the United States Constitution which has also legally, proximately, foreseeably and actually caused Plaintiffs to suffer emotional distress, pain and suffering and further damages according to proof at the time of trial.

194. The conduct alleged herein was done in deliberate or reckless

195. Defendants' disregard of decedent's constitutionally protected rights; justifying the award of exemplary damages against defendants in an amount according to proof at the time of trial in order to deter the defendants from engaging in similar conduct and to make an example by way of monetary punishment. Plaintiffs are also entitled to attorney fees and costs of suit herein.

///

MᶜMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

## EIGHTH CAUSE OF ACTION

### [Failure to Properly Investigate (42 U.S.C. § 1983)]

### (Against Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, CITY OF VISALIA, and DOES 1-100, inclusive)

196. Plaintiff re-alleges and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

197. Defendants COUNTY OF TULARE, and CITY OF FARMERSVILLE, by and through TSD and FPD, respectively, maintained a longstanding pattern of failing to properly investigate misconduct. In an unveiled attempt to circumvent this longstanding pattern, the CITY OF VISALIA was tasked with the "investigation" into the death of Mr. Garcia.

198. Upon information and belief, Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, and CITY OF VISALIA, by and through TSD, FPD, and VPD respectively, maintained a de facto policy of failing to investigate in-custody deaths and/or complaints of misconduct of its employees/agents.

199. Law enforcement agencies are required by Penal Code § 832.5 to investigate all complaints against peace officers. Plaintiffs further allege that Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, and CITY OF VISALIA, by and through TSD, FPD, and VPD respectively, has had an unlawful policies, customs or habits of refusing to investigate many citizen complaints against sheriff's deputies and police officers.

200. For years the Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, and CITY OF VISALIA, by and through TSD, FPD, and VPD respectively, respectively, has been failing to investigate complaints against sheriff's deputies and police officers. This practice has led deputies and police officers, including, Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY and DOES (1) through (100), to commit misconduct, believing that

they will not be investigated or disciplined for their unlawful acts.

201.   This custom, policy and practice of refusing to investigate citizen complaints of misconduct or to discipline wrongdoers has encouraged additional misconduct of deputies.  It has caused numerous sheriff's deputies and police officers (including defendants and DOES herein) to engage in misconduct.  It has also caused deputies, including Does herein, to falsify their reports precisely because the deputies and police officers have come to believe that their improper acts will not be investigated by the sheriff's department and police department and thus they will never be held accountable for their wrongful acts.

202.   These systematic inadequacies permitted serious misconduct by Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, and CITY OF VISALIA, by and through TSD, FPD, and VPD, that their sheriff's deputies and police officers to go unchecked.

203.   Continued official tolerance of repeated misconduct facilitated similar unlawful actions to occur, including those alleged herein.

204.   The failure to institute an adequate system to receive, investigate and resolve complaints against employees and/or agents of TSD, FPD, and VPD amounts to a policy of deliberate indifference to the need for proper deputy supervision.  This is a policy for which Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, and CITY OF VISALIA are responsible.

205.   The longstanding pattern of failing to properly investigate staff misconduct led to the actions or inactions of the deputies who denied medical care to Decedent. Defendants' pattern of failing to investigate created a culture of unconstitutional acts and acts that violate basic law enforcement training and policies and procedures.

206.   Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, and CITY OF VISALIA, by and through TSD, FPD, and VPD employees and/or agents, and DOES (1) through (100), were personally aware of these failures but

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

took no action to prevent harm to inmates, including Decedent.

207.  Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, and CITY OF VISALIA, by and through TSD, FPD, and VPD employees and/or agents, and DOES (1) through (100), failed to properly investigate the misconduct of the deputies, police officers, and medical staff despite a history of medical neglect and preventable deaths in the COUNTY OF TULARE and CITY OF FARMERSVILLE jails.

208.  The individual defendants in this case knew that their actions would not be investigated and that they would not be disciplined for their actions.

209.  The systemic failures by all defendants to properly investigate led to the misconduct of the deputies, police officers, and medical staff in this case.

210.  Upon information and belief, Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, and CITY OF VISALIA, by and through TSD, FPD, and VPD respectively employees and/or agents, and DOES (1) through (100), failed to conduct a full and thorough investigation into Decedent's death. Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, and CITY OF VISALIA, by and through TSD, FPD, and VPD respectively employees and/or agents, and DOES (1) through (100), knew or should have known, that they were violating the written policies by impeding a full and thorough investigation into Decedent's death.

211.  Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, and CITY OF VISALIA, by and through TSD, FPD, and VPD respectively employees and/or agents, and DOES (1) through (100), refused to properly investigate and discipline the misconduct of its deputies, police officers, medical staff TCAPF employees and/or agents including, Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY and DOES (1) through (100).

212.  Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE,

and CITY OF VISALIA, by and through TSD, FPD, and VPD respectively employees and/or agents, and DOES (1) through (100), by actively and intentionally failing to investigate the death of Decedent and the misconduct of deputies, police officers, medical staff TCAPF employees and/or agents, including, Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, and DOES (1) through (100), acted with reckless disregard to the rights of Decedent.

213.  As a result of all Defendants' historical failure to properly investigate, Defendants were deliberately indifferent to the needs of Decedent.  The failure to investigate was the moving force behind the denial of medical care, use of excessive force, and cruel and unusual punishment onto Decedent and the resulting pain and suffering and death.

## NINTH CAUSE OF ACTION

### [Right of Association (42 U.S.C. § 1983)]

### (Against Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, and DOES 1-100, inclusive)

214.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

215.  Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, and DOES (1) through (100), and each of them, deprived Decedent of his rights under the United States Constitution to be free from cruel and unusual punishment; denial of medical care; and denial of due process

216.  The aforementioned acts and/or omissions of Defendants, in being objectively unreasonable in the failure to provide proper medical treatment; being deliberately indifferent to Decedent's serious medical needs, health and safety; and violating Decedent's civil rights deprived Plaintiffs of their right of associations

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

with Decedent in violation of their substantive due process rights defined by the Fourteenth Amendment to the United States Constitution.

217. There was no legitimate penological interest in denying access to medical care to an inmate in obvious medical distress and unduly delaying transportation to the hospital thereon.

218. Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, and DOES (1) through (100), and each of them, actions shock the conscience.

219. The deprivation of the rights alleged above has destroyed the Constitutional rights of Decedent's surviving spouse, children, and mother, Plaintiffs, to the society and companionship of their loving husband, father, and son, which is protected by the substantive due process clause of the Fourteenth Amendment.

220. The conduct alleged herein violated Decedent's rights alleged above thereby resulting in a deprivation of Plaintiffs' rights alleged above which has legally, proximately, foreseeably and actually caused Plaintiffs to suffer emotional distress, pain and suffering, and further damages according to proof at the time of trial.

## TENTH CAUSE OF ACTION

### [Violation of California Civil Code § 52.1 (Bane Act)]

### (Against All Defendants and DOES 1-100, inclusive)

221. Plaintiff re-alleges and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

222. Decedent had a right to adequate and reasonable post-arrest medical treatment. Decedent had a right to be free from the use of excessive force. Decedent had a firmly established right to be free from cruel and unusual punishment and punishment without due process under the provisions in the California Constitution.

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

223.   The California Legislature has declared that it violates our state civil rights act for any person to interfere with the exercise or enjoyment by any individual of his rights secured by the United States Constitution or state or federal law.  This includes any interference of these rights by threats, intimidation, coercion or attempted threats, intimidation or coercion.

224.   Defendants COUNTY OF TULARE, WELLPATH, and CITY OF FARMERSVILLE, by and through TSD, WELLPATH, and FPD employees and/or agents, including Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), interfered with Plaintiffs' rights under the Fourth and Fourteenth Amendment of the United States Constitution by the denial of medical care, use of excessive force, and the equivalent provisions of the California Constitution.

225. Defendants   COUNTY   OF   TULARE   and   CITY   OF FARMERSVILLE, by and through TSD, WELLPATH, and FPD employees and/or agents, including Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), violated Decedent's rights by not providing medical care and/or by placing Decedent in a sobering cell or medical observation to Decedent, despite his overt signs and symptoms of being under the influence. Instead, Defendants, and each of them, booked Decedent then transported him to the Hospital by patrol car, rather than ambulance to the hospital, thereby delaying and denying his right to medical care, and resulting death.

226.   Defendant known to be CARRILLO and DOES 1-100 deployed excessive force onto Decedent, who was handcuffed and thrown to the cement, although he had been compliant with all law enforcement commands and had not posed a threat while he was in the back of CARRILLO's patrol vehicle waiting to

be transported to the hospital.

227. Defendants known to be KRENZ and ANDERSON denied Decedent medical care even when he was in serious medical need.

228. Cal. Civ. Code § 43 provides an individual "the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations."

229. Due to the violation of Decedent's rights by all Defendants, Plaintiffs, suffered economic damages and non-economic damages, including, but not limited to, emotional distress, pain and suffering, fear and death caused by the acts complained of herein according to proof at the time of trial.

230. Plaintiffs are also entitled to the statutory civil penalties set forth in Civil 28 Code Section 52, attorneys' fees and costs of suit incurred herein. Plaintiffs are also entitled to injunctive and declaratory relief as set forth thereon.

231. The conduct of Defendants COUNTY OF TULARE and CITY OF FARMERSVILLE, by and through TSD, WELLPATH, and FPD employees and/or agents, including Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES (1) through (100), also amounts to oppression, fraud or malice within the meaning of civil code section 3294 *et seq*. and punitive damages should be assessed against each non-municipal defendant for the purpose of punishment and for the sake of example.

## ELEVENTH CAUSE OF ACTION

### [Violation of the Americans with Disabilities Act]

### (Against Defendants COUNTY OF TULARE and CITY OF FARMERSVILLE)

232. Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

233. Pursuant to 42 U.S.C. § 12132, "Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

234. ADA creates an affirmative duty in some circumstances to provide special, preferred treatment, or "reasonable accommodation."

235. Facially neutral policies may violate the ADA when such policies unduly burden disabled persons, even when such policies are consistently enforced.

236. Discrimination includes a defendant's failure to make reasonable accommodations to the needs of a disabled person based on his mental health. These accommodations include training on how to deal with the mentally ill, specialized training of jail staff, heightened level of medical care, and diligent surveillance.

237. Decedent was a disabled individual suffering from a mental impairment that substantially limited one or more major life activities. Decedent was a "qualified individual with a disability" for purposes of the Americans with Disabilities Act and the Rehabilitation Act.

238. Defendants COUNTY OF TULARE and CITY OF FARMERSVILLE (referred to within this cause of action as "Defendants") are "public entities" for purposes of the Americans with Disabilities Act and the Rehabilitation Act.

239. Defendants denied Decedent benefits of the services, programs or activities of the COUNTY OF TULARE and CITY OF FARMERSVILLE, by and through TSD and FPD employees and/or agents, including Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, and DOES (1) through (100) because of his disability and subjected him to discrimination.

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

240.    Defendants failed to make reasonable accommodations to Decedent's medical needs based on his mental health. The failure to provide critical medical information was a denial of the services program or activity based on his disability.

241.    Defendants denied Decedent benefits of the services, programs or activities including a transfer to a mental health facility, which is the services, programs or activities they provide.

242.    Defendants denied Decedent medical treatment by failing to take Decedent to the hospital.

243.    Defendants failed to make reasonable accommodations to meet Decedent's mental health needs. Defendants ignored Decedent's signs of obvious medical distress.

244.    There was an outright denial of services when Decedent was exhibiting obvious symptoms of medical distress. This demonstrates that Defendants were discriminating against Decedent because of his disability.

245.    Defendants were deliberately indifferent to Decedent's serious medical condition. Defendants had actual knowledge of the substantial risk of harm to Decedent from his serious diagnosed condition and they responded with deliberate indifference by failing to communicate or document his condition; failing to take him to a hospital given his obvious and serious medical need; failing to place him in medical supervision or custody where he could be properly monitored; and failing to provide him adequate medical care when Decedent was in medical distress.

246.    The regulations promulgated by the Department of Justice to implement Part A of Title II of the ADA require each government entity to conduct a self-evaluation of its programs and services (or the lack thereof) related to persons with disabilities:

        a. A public entity shall, within one year of the effective date of this part [that is, by January 26, 1993], evaluate its current services, policies,

and practices, and the effects thereof, that do not or may not meet the requirements of this part and, to the extent modification of any such services, policies, and practices is required, the public entity shall proceed to make the necessary modifications.

    b. A public entity shall provide an opportunity to interested persons, including individuals with disabilities or organizations representing individuals with disabilities, to participate in the self-evaluation process by submitting comments.

247. Defendants failed to conduct any self-evaluation of procedures and training for its personnel about how to handle encounters with persons who have mental illness or another disability.

248. Defendants violated Decedent's clearly established rights under the ADA with deliberate indifference.

249. The violation of Decedent's rights resulted from a municipal policy or custom adopted or maintained with deliberate indifference.

250. As a direct and proximate result of the Defendants' conduct as herein described, Decedent and Plaintiff suffered damages in the amount to be determined at the time of trial.

## TWELFTH CAUSE OF ACTION

### [Violation Of The Rehabilitation Act]

### (Against Defendants COUNTY OF TULARE and CITY OF FARMERSVILLE)

251. Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

252. The Rehabilitation Act of 1973 ("Section 504") states in pertinent part, provides that "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794(a).

253. Defendants COUNTY OF TULARE and CITY OF FARMERSVILLE (referred to within this cause of action as "Defendants") are programs that receive federal financial assistance as defined in 29 U.S.C. § 794(b). 398. Decedent was a "qualified individual with a disability" under the Rehabilitation Act.

254. Defendants violated the Rehabilitation Act by failing to make reasonable accommodations to the needs of Decedent, a disabled person. Employees of Defendants were deliberately indifferent to Decedent's serious medical condition.

255. Defendants failed to communicate critical medical information to their employees.

256. Instead of providing Decedent with adequate medical services and fair treatment, Defendants refused to provide him with medical care as his condition deteriorated.

257. Defendant COUNTY OF TULARE and CITY OF FARMERSVILLE failed to accommodate Decedent with the services and programs available to disabled persons.

258. Defendants were deliberately indifferent to Decedent's serious medical condition. Defendants had actual knowledge of the substantial risk of harm to Decedent from his serious diagnosed condition and they responded with deliberate indifference by failing to communicate or document his condition; failing to take him to a hospital given his obvious and serious medical need; failing to place him in medical supervision or custody where he could be properly monitored; and failing to provide him adequate medical care when Decedent was in medical distress.

259. Defendants violated the Rehabilitation Act by failing to conduct any self-evaluation of procedures and training for its personnel about how to handle communications with jails regarding patients who have mental illness or another disability.

260. Defendants violated the Rehabilitation Act by failing to conduct any self-evaluation of procedures and training for its personnel about how to handle encounters with persons who have mental illness or another disability.

261. As a direct and proximate result of the Defendants' conduct as herein described, Decedent suffered damages in the amount to be determined at the time of trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants and DOES 1 through 100, inclusive, as follows:

    i.     For general damages in an amount to be determined according to proof at trial;

    ii.     For medical, funeral, burial, and related expenses in an amount to be determined according to proof at trial;

    iii.     For costs of suit in an amount to be determined according to proof at trial;

    iv.     For legal interest on the judgment in an amount to be determined according to proof at trial;

    v.     For attorney fees, costs, and expenses in an amount to be determined according to proof at trial pursuant to Civil Code § 52(a), (b)(3) and 42 U.S.C. § 1988;

    vi.     For injunctive and declaratory relief pursuant to Civil Code § 52(b), (c);

    vii.     For punitive damages against each of the defendants in an amount to be determined according to proof at trial pursuant to Civil Code §

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

52(b)(1), Civil Code § 3294, and/or 42 U.S.C. § 1983;

viii. For injunctive and declaratory relief governing the *Monell* causes of action;

ix. For such other and further relief as the Court deems just and proper.


DATED: May 4, 2022          **MCMURRAY HENRIKS, LLP**

By: _____
**Yana G. Henriks, Esq.**
**Justice D. Turner, Esq.**
Attorneys for Plaintiffs, MARIA ELENA GARCIA; ADRIEANA GARCIA; C.G., a minor by and through his *guardian ad litem* Maria Elena Garcia; S.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; J.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; and GLORIA GARCIA

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

## VIII. DEMAND FOR JURY TRIAL

Plaintiffs, MARIA ELENA GARCIA; ADRIEANA GARCIA; C.G., a minor by and through his guardian ad litem Maria Elena Garcia; S.G., a minor by and through her guardian ad litem Maria Elena Garcia; J.G., a minor by and through her guardian ad litem Maria Elena Garcia; and GLORIA GARCIA, individually, hereby demand a jury trial.

DATED: May 4, 2022        **MCMURRAY HENRIKS, LLP**

By: _____

**Yana G. Henriks, Esq.**
**Justice D. Turner, Esq.**
Attorneys for Plaintiffs, MARIA ELENA GARCIA; ADRIEANA GARCIA; C.G., a minor by and through his *guardian ad litem* Maria Elena Garcia; S.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; J.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; and GLORIA GARCIA

Exhibit 1



MANSHOORY LAW GROUP, APC
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

August 3, 2020

*VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT REQUESTED*

FAMERSVILLE POLICE DEPARTMENT
909 W. Visalia Rd.
Farmersville, CA 93223
**ATTN: CLAIMS/JENNIFER GOMEZ**

**Re:**   **CLAIM FOR DAMAGES (Gov't Code, § 910 *et seq.*); DEMAND TO PRESERVE EVIDENCE; AND REQUEST FOR PUBLIC RECORDS PURSUANT TO THE CALIFORNIA PUBLIC RECORDS ACT (Gov't Code, § 6250 *et seq.*)**

**Claimant(s): Maria Elena Garcia**, individually and as Successor-in-Interest to Manuel Garcia, deceased, **Adrieana Garcia**, individually and as Successor-in-Interest to Manuel Garcia, deceased, **C      G   **, individually and as Successor-in-Interest to Manuel Garcia, deceased, by and through his guardian ad litem, Maria Elena Garcia, **S   G   ** individually and as Successor-in-Interest to Manuel Garcia, deceased, by and through her guardian ad litem, Maria Elena Garcia, **J   .   G   **, individually and as Successor-in-Interest to Manuel Garcia, deceased, by and through her guardian ad litem, Maria Elena Garcia, and **Gloria Garcia**, individually (collectively "claimants").

**Date of Injury:** On or about June 24, 2020 – June 25, 2020

To Whom It May Concern:

Please be advised that this office has been retained to represent the interest of all claimants with regards to claims arising from the in-custody death of Manuel Garcia ("decedent") that occurred on or about June 24, 2020 involving Farmersville Police Officers and Tulare County Sheriff's Department after decedent was detained and booked into custody at Tulare County Pre-trial Facility in Tulare County.

Enclosed herewith as **Attachment 1**, please find a copy of our Designation of Attorney form duly signed by each claimant. Please direct any and all communications concerning this matter to this office, attention the undersigned.



MANSHOORY LAW GROUP, APC
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

## I.  CLAIM FOR DAMAGES (Gov't Code, § 910 *et seq.*)

Pursuant to California Government Code section 910 et seq, the Claimant named herein hereby submits her government claim pertaining to the in-custody death of decedent, and the injuries she sustained as a result of the actions of the above-named agency and entity. The claim forms for the Farmersville Police Department and Tulare County are also enclosed as **Attachment 2** and **Attachment 3**, respectively.

### A.  THE NAMES AND ADDRESSES OF CLAIMANTS

Each of these Claimants is represented in this matter by Manshoory Law Group, APC, and does not wish to be contacted directly by any of the public entities named in this claim, or other agents or representatives, regarding the subject of this claim. It is requested that all communications be directed to counsel.

1. **Maria Elena Garcia** (DOB:          ), c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017;
2. **Adrieana Garcia** (DOB:          ), c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017;
3. **C       G        (DOB:          , c/o a minor by and through his guardian ad litem, Maria Elena Garcia, c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017;
4. **S   G      (DOB:          ), c/o a minor by and through her guardian ad litem, Maria Elena Garcia, c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017;
5. **J   G      (DOB:          , c/o a minor by and through her guardian ad litem, Maria Elena Garcia, c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017; and
6. **Gloria Garcia** (DOB:          ), c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017.



MANSHOORY LAW GROUP, APC
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

## B. THE POST OFFICE ADDRESS TO WHICH THE PERSONS PRESENTING THE CLAIM DESIRES NOTICE TO BE SENT

**MANSHOORY LAW GROUP, APC**
Shaheen F. Manshoory
1200 Wilshire Blvd, Suite 409
Los Angeles, CA 90017
Telephone: (213) 221-7772
Fax: (213) 337-8850

## C. FACTUAL BACKGROUND

On or about June 24, 2020, Farmersville police officers were called to decedent's home for disturbing the peace. Decedent was detained and taken to the Tulare County Adult Pre-trial Facility, which is believed to be under the jurisdiction of the Tulare County Sheriff's Department. Shortly thereafter, decedent was transported to Kaweah Delta District Hospital. Upon arrival, decedent was found to be unresponsive. Decedent was moved into the emergency room where he was revived by medical personnel. Shortly thereafter, decedent succumbed to his injuries.

## D. DESCRIPTION OF CLAIMS

As a result of the events described above, Claimants will bring causes of action including, but not limited to: (1) Excessive Force pursuant to 42 U.S.C § 1983; (2) Denial of Medical Care pursuant to 42 U.S.C. § 1983; (3) Failure to Train, Supervise, and Discipline pursuant to 42 U.S.C. § 1983; (4) Municipal Liability pursuant to 42 U.S.C. § 1983; (5) Interference with Familial Relationship pursuant to 42 U.S.C. § 1983; (6) Wrongful death; (7) Negligence; (8) Negligent Hiring Supervision, and Retention; (9) Battery; (10) violation of *Civil Code* § 52.1; (11) violation of *Civil Code* § 51.7. ***Claimants bring these claims in both their individual capacities and in their capacity as successors-in-interest to the decedent's Estate.***

## E. GENERAL DESCRIPTION OF THE INDEBTEDNESS, OBLIGATION, INJURY, DAMAGE OR LOSS AS IS PRESENTLY KNOWN

As a result of the events described above, Claimants have sustained substantial economic damages and non-economic damages including, but not limited funeral and burial expenses, medical expenses of decedent, loss of financial support, lost wages, loss of future income, loss of support, services, love, comfort, society, attention, severe mental anguish, emotional distress, worry, fear, anxiety, and difficulty sleeping. Said damages are a direct result of the improper conduct and act of the named public entities and/or their employees, agents, servants, and representatives.



**F. THE NAME(S) OF THE PUBLIC ENTITY(IES) AD EMPLOYEE(S) CAUSING THE INJURY, DAMAGE OR LOSS**

1. Famersville Police Department;
2. Employees or agents of the Farmersville Police Department;
3. Tulare County;
4. Tulare County Sheriff's Department; and
5. Employees or agents of the Tulare County Sheriff's Department

**G. THE AMOUNT CLAIMS**

Claimants seek damages in the amount of $10,000,000.00.

**II. PRESERVATION OF EVIDENCE AND REQUEST UNDER THE CALIFONRIA PUBLIC REORDS ACT (Gov't Code § 6250 *et seq.*)**

You are requested to preserve all documents and materials that may reasonably be thought to be pertinent to the abovementioned incident, including the following: (1)

1. All dispatch reports;
2. All incidents reports;
3. All investigative reports;
4. All evidence logs;
5. All use of force reports and evaluations;
6. All officer statements;
7. All witness statements;
8. All charts and diagrams;
9. All audio or visual recordings of 911 calls, dispatch communications, officer and witness statements, surveillance footage, body camera footage, and other audio and visual recordings; and
10. The full names and badge or employee identification numbers of all law enforcement personnel who were involved in or responded to the incident described above.

Please be advised that it is a criminal offense to destroy any evidence. California *Penal Code* Section 135 provides:

"Every person who knowing that any book, paper, record, instrument in writing, or other matter or thing, is about to be produced in evidence upon any trial, inquiry, or investigation authorized by law, willfully destroys or conceals the same, with the intent thereby to prevent it from being produced, is guilty of a misdemeanor."



MANSHOORY LAW GROUP, APC
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

You are also requested to produce to this firm within thirty-five (35) days of the date of this letter, the abovementioned documents and materials pursuant to the California Public Records Act ("CPRA"), Gov't Code § 6250 *et seq.*

Please be advised that this firm is prepared to pursue all remedies available under the law, including under Gov't Code § 6259(a) and (d), in the event you fail to comply fully with your obligations under the CPRA.

Please feel free to contact me if you have any questions.

Sincerely,

Shaheen F. Manshoory, Esq.
Manshoory Law Group
Attorney for Plaintiff(s)

*Enclosures: (1) Designation of Attorney Form; (2) City of Farmersville Claim Form; and (3) Tulare County Claim Form*



## CLAIMANT'S DESIGNATION OF ATTORNEY

Pursuant to Title 10, Section 2695.2(c) of the California Code of Regulations:

I, <u>Maria, Elena Garcia, Adrieana Garcia, minors (        G   ,S  G  , and J    G   , by and through their guardian ad litem, Maria Elena Garcia, and Gloria Garcia</u> , hereby designate **MANSHOORY LAW GROUP, APC**, to act as my duly authorized and designated attorney to handle any and all claims for property damage, bodily injury or any type of damages whatsoever arising out of the incident dated on or about

This authorization shall be valid for only two (2) years from the date indicated below unless renewed or revoked by the undersigned. Any and all prior authorizations are hereby revoked by the undersigned as of the date of this authorization.

By: _Maria Garcia_          Date: 7-10-2020
     Maria Elena Garcia

By: _Adrieana Garcia_          Date: 7-10-20
     Adrieana Garcia

By: _Maria Garcia_          Date: 7-10-2020
     C    G  , by and through his
     guardian ad litem, Maria Elena Garcia

By: _Maria Garcia_          Date: 7-10-2020
     S   G  , by and through her
     guardian ad litem, Maria Elena Garcia

By: _Maria Garcia_          Date: 7-10-2020
     J   G  , by and through her
     guardian ad litem, Maria Elena Garcia



MANSHOORY LAW GROUP, APC
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

By: _Gloria Garcia_        Date: 7-10-2020
Gloria Garcia

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST: Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents

Claimant's name: Gloria Garcia          (Name of Entity)
SS#:                    DOB:

Claimant's address: 1200 Wilshire Blvd. Suite 409, Los Angeles, CA 90017   Phone # 213-221-7772

Address where notices about claim are to be sent, if different from above: _____

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]

Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020          Signature: _____

If signed by representative:

Representative's Name Shaheen F. Manshoory   Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant   Attorney

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST: Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents

Claimant's name: Maria Elena Garcia (Name of Entity) SS#: _____ DOB: _____

Claimant's address: 1200 Wilshire Blvd, Suite 409, Los Angeles, CA 90017   Phone # (213) 221-7772

Address where notices about claim are to be sent, if different from above: _____

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]

Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020   Signature: _____

If signed by representative:

Representative's Name Shaheen F. Manshoory   Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant Attorney

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST  Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents
(Name of Entity)

Claimant's name: Maria Elena Garcia, successor to Estate of Manuel Garcia     SS#:           DOB:

Claimant's address: 1200 Wilshire Blvd, Suite 409, Los Angeles, CA 90017     Phone # (213)221-7772

Address where notices about claim are to be sent, if different from above:

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction.
Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]

Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020     Signature:

If signed by representative:

Representative's Name  Shaheen F. Manshoory  Address  1200 Wilshire Blvd Suite 409

Telephone #  213-221-7772

Relationship to Claimant     Attorney

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST | Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents

Claimant's name: C    G    (Name of Entity)    SS#:    DOB:

Claimant's address: 1200 Wilshire Blvd. Suite 409, Los Angeles, CA 90017    Phone # 213-221-7772

Address where notices about claim are to be sent, if different from above: _____

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction.
Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government
Code 910(f)]
Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020    Signature: _____

If signed by representative:

Representative's Name Shaheen F. Manshoory    Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant Attorney

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents

Claimant's name: C     G   successor to Estate of (Name of Entity) SS#:         DOB:
Manuel Garcia

Claimant's address: 1200 Wilshire Blvd, Suite 409, Los Angeles, CA 90017    Phone # 213-221-7772

Address where notices about claim are to be sent, if different from above:

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]
Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020    Signature:

If signed by representative:

Representative's Name Shaheen F. Manshoory  Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant Attorney

# City of Farmersville

# CLAIM FORM

(Please Type or Print)

CLAIM AGAINST: Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents

Claimant's name: J G. (Name of Entity) SS#: DOB:

Claimant's address: 1200 Wilshire Blvd. Suite 409, Los Angeles, CA 90017 Phone # 213-221-7772

Address where notices about claim are to be sent, if different from above: _____

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]

Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020    Signature: _____

If signed by representative:

Representative's Name Shaheen F. Manshoory Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant Attorney

# City of Farmersville

# CLAIM FORM

(Please Type or Print)

CLAIM AGAINST  Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents

(Name of Entity)

Claimant's name: J      G      successor to Estate of      SS#:      DOB:

Manuel Garcia

Claimant's address: 1200 Wilshire Blvd, Suite 409, Los Angeles, CA    Phone # 213-221-7772
90017

Address where notices about claim are to be sent, if different from above:

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory

Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?

Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory

Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction.
Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government
Code 910(f)]

Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020      Signature:

If signed by representative:

Representative's Name Shaheen F. Manshoory  Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant Attorney

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST: Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents

Claimant's name: Adrieana Garcia

(Name of Entity)

SS#: _____ DOB: _____

Claimant's address: 1200 Wilshire Blvd, Suite 409, Los Angeles, CA 90017    Phone # 213-221-7772

Address where notices about claim are to be sent, if different from above: _____

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]

Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020    Signature: _____

If signed by representative:

Representative's Name Shaheen F. Manshoory  Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant Attorney

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST | Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents |

(Name of Entity)

Claimant's name: Adrieana Garcia, successor to Estate of Manuel Garcia    SS#:_____    DOB:_____

Claimant's address: 1200 Wilshire Blvd, Suite 409, Los Angeles, CA 90017    Phone # 213-221-7772

Address where notices about claim are to be sent, if different from above:_____

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]
Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020    Signature: _____

If signed by representative:

Representative's Name Shaheen F. Manshoory    Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant Attorney

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents

Claimant's name: S    J    (Name of Entity)    SS#:    DOB:

Claimant's address: 1200 Wilshire Blvd. Suite 409, Los Angeles, CA 90017    Phone # 213-221-7772

Address where notices about claim are to be sent, if different from above: _____

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]

Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020    Signature: _____

If signed by representative:

Representative's Name Shaheen F. Manshoory Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant Attorney

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST ___Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents___

(Name of Entity)

Claimant's name: ___S G successor to Estate of Manuel___ SS#: ___ DOB: ___
Garcia

Claimant's address: ___1200 Wilshire Blvd, Suite 409, Los Angeles, CA___ Phone # ___213-221-7772___
90017

Address where notices about claim are to be sent, if different from above: ___

Date of incident/accident: ___June 24, 2020 - June 25, 2020___

Date injuries, damages, or losses were discovered: ___June 24, 2020 - June 25, 2020___

Location of incident/accident: ___While in the custody of Farmersville PD and Tulare County Sheriff's Dept.___

What did entity or employee do to cause this loss, damage, or injury? ___See enclosed correspondence from Manshoory___
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
___Claimant is unaware of the identity of the entity's employee(s) responsible.___

What specific injuries, damages, or losses did claimant receive? ___See enclosed correspondence from Manshoory___
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]
___Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.___

How was this amount calculated (please itemize)? ___See enclosed correspondence from Manshoory Law Group___

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: ___August 4, 2020___ Signature: ___

If signed by representative:

Representative's Name ___Shaheen F. Manshoory___ Address ___1200 Wilshire Blvd Suite 409___

Telephone # ___213-221-7772___

Relationship to Claimant ___Attorney___

# TULARE COUNTY COUNSEL



**County Counsel**
Deanne H. Peterson

**Risk Manager**
Susan L. Cox

**Supervising Analysts**
Robert Anderson
Nancy Chavira

## RISK MANAGEMENT DIVISION

| P.O. 7300, Visalia, CA 93290 | Phone: (559) 623-0280 | Fax: (559) 713-3719 |

Re: **Instructions for Filing a Claim against County of Tulare Re**: Personal Injury or Property Damages

Attached is a claim form for the filing of a claim against Tulare County for personal injury or property damage. Government Code Section 910, 910.2, 910.6 outline the required content and form for the submission of a claim against a governmental entity. The County of Tulare provides a claim form that conforms to the requirements of Gov. Code Section 910 for your convenience.

Gov. Code Section 911.2 governs the time frame for the presentation of a claim against a governmental entity. Claims for death, injury to person or personal property, or injury to growing crops shall be presented within 6 months of the date of loss or the date damages were incurred. Other claims shall be presented within one year.

The period of notice and any duty to respond after receipt of service of a claim, amendment, or notice is extended five (5) days upon service by mail with the State of California, if mailed from within the United States an additional ten (10) days and twenty (20) days if mailed from outside the United States, pursuant to CCP 1013(a). If the notice of claim is received later than these dates, the claim may be returned as late and no actions will be taken.

You may supplement the claim form with additional facts you believe are important. Submit the claim form and any supporting documentation to the **Clerk of the Board of Supervisors, 2800 W. Burrel, Visalia, CA 93291-4593**. No suit for money or damages may be brought against a public entity until a written claim has been presented and acted upon or rejected pursuant to Gov. Code Section 945.4 with exceptions as noted in Gov. Code Section 905.

If you have a question about how to file a claim against the County of Tulare, you may contact County Counsel Risk Management at (559) 623-0280 between normal business hours of 7:30 a.m. to 5:30 p.m. Monday-Thursday, and 8:00 a.m. to 12:00 p.m. on Friday.

(Rev. 12/13/17)

# LIABILITY CLAIM REPORT

**RETURN FORM TO:**      **Clerk of the Board, TULARE COUNTY BOARD OF SUPERVISORS**
2800 W. Burrel, Visalia CA 93291-4593

| AGENCY | DIVISION | SECTION | RMS No: (For RMS USER ONLY) |
|---|---|---|---|
| | | | |

| | | |
|---|---|---|
| This Report Involves a claim for: | ☑ Bodily Injury | ☐ Property Damage |

Person To Contact: Manshoory Law Group - 1200 Wilshire Blvd, Suite 409, Los Angeles CA 90017

Telephone Number: (213-221-7772)

| **FACTS**<br><br>(Use another blank sheet if more space is needed) | Date of Loss:<br>June 24-25, 2020 | Time:    AM   N/A    PM | |
|---|---|---|---|

Location: Custody of Farmersville PD and Tulare County Sheriff's Dept.

Description of Incident:

See attached correspondence from Manshoory Law Group

---

**CLAIMANT(S)**

(Use another blank sheet if more space is needed)

Six (6) claimants in total

| Name | Address | Phone No. |
|---|---|---|
| Maria Elena Garcia, individually and as SII | Manshoory Law Group | H<br>W |

Description of Injury and amount sought as damages    See attached correspondence from Manshoory Law Group

Description of Property Loss and cost of repair

See attached correspondence from Manshoory Law Group

| Name | Address | Phone No. |
|---|---|---|
| Adrieana Garcia, individually and as SII to Estate | Manshoory Law Group | H<br>W |

Description of Injury and amount sought as damages    See attached correspondence from Manshoory Law Group

Description of Property Loss and cost of repair

See attached correspondence from Manshoory Law Group

| Name | Address | Phone No. |
|---|---|---|
| C    G individually and as SII | Manshoory Law Group | H<br>W |

Description of Injury and amount sought as damages    See attached correspondence from Manshoory Law Group

Description of Property Loss and cost of repair

See attached correspondence from Manshoory Law Group

---

| **WITNESSES** | 1) Name<br>N/A | Address | Phone No. |
|---|---|---|---|
| | 2) Name | Address | Phone No. |
| | 3) Name | Address | Phone No. |

---

| **POLICE REPORT** | Agency<br>Farmersville PD and Tulare County Sheriff's Dept. | Officer and ID No.<br>Unknown at this time | Report No.<br>Unknown at this time. |
|---|---|---|---|

R:/Forms/Gen Liab Rpt Frm English 12/02/04

<u>REMARKS:</u>

See attached correspondence from Manshoory Law Group

**What did entity or employee do to cause this loss, damage, or injury?**

See attached correspondence from Manshoory Law Group

**What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]**

See attached correspondence from Manshoory Law Group

**DRAW ROUGH DIAGRAM OF ACCIDENT** (OPTIONAL BUT WILL ASSIST IN HANDLING YOUR CLAIM):
Show your car as 1 ; other car as 2 the collision occurred.

Show direction and distance traveled before crash by solid line thus: _____. Then indicate point of crash; and positions and distances traveled after collision. Show distance and direction traveled after crash by dotted line thus: ------------- (OPTIONAL BUT WILL ASSIST IN HANDLING YOUR CLAIM)

I hereby certify that this is a true statement of the facts to the best of my knowledge and belief.

_____     8/4/2020
Signature                          Date

***Warning***

*Section 72 of the Penal Code provides: "Every person who, with intent to defraud, presents for allowance or for payment to any state board of officer, or to any county, city, or district board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is punishable either by imprisonment in the county jail for a period of not more than one year, by a fine of not exceeding one thousand dollars ($1,000), or both such imprisonment and fine, or by imprisonment in the state prison for a period of not more than five years, by a fine not exceeding ten thousand dollars ($10,000), or both such imprisonment and fine..."*

Liab Rpt Frm 12/01/04

# LIABILITY CLAIM REPORT

To submit a claim for liability losses, a Risk Management Liability Claim Report form <u>must</u> be completed by anyone making a claim for injury or property damage.

1. **This Report Involves:** Indicate whether bodily injury or property damage.

2. **Contact Person:** This would be the person who is most familiar with the incident.

3. **Telephone Number(s):** The contact person's telephone number.

4. **Facts:** List the date of the loss, time, location and description of incident.

5. **Claimant(s):** Name of the claimant, address, telephone number, and description of injury and/or description of property involved.

6. **Witnesses:** Witnesses to the incident.

7. **Police Report:** Were any police reports filed? If available, list the Officer's name and I.D. number and report number.

8. **Remarks:** Any additional comments you may have concerning the loss.

# TULARE COUNTY COUNSEL

**County Counsel**
Deanne H. Peterson

**Risk Manager**
Susan L. Cox

**Supervising Analysts**
Robert Anderson
Nancy Chavira



## RISK MANAGEMENT DIVISION

| P.O. 7300, Visalia, CA 93290 | Phone: (559) 623-0280 | Fax: (559) 713-3719 |
|---|---|---|

Re: **Instructions for Filing a Claim against County of Tulare Re**: Personal Injury or Property Damages

Attached is a claim form for the filing of a claim against Tulare County for personal injury or property damage. Government Code Section 910, 910.2, 910.6 outline the required content and form for the submission of a claim against a governmental entity. The County of Tulare provides a claim form that conforms to the requirements of Gov. Code Section 910 for your convenience.

Gov. Code Section 911.2 governs the time frame for the presentation of a claim against a governmental entity. Claims for death, injury to person or personal property, or injury to growing crops shall be presented within 6 months of the date of loss or the date damages were incurred. Other claims shall be presented within one year.

The period of notice and any duty to respond after receipt of service of a claim, amendment, or notice is extended five (5) days upon service by mail with the State of California, if mailed from within the United States an additional ten (10) days and twenty (20) days if mailed from outside the United States, pursuant to CCP 1013(a). If the notice of claim is received later than these dates, the claim may be returned as late and no actions will be taken.

You may supplement the claim form with additional facts you believe are important. Submit the claim form and any supporting documentation to the **Clerk of the Board of Supervisors, 2800 W. Burrel, Visalia, CA 93291-4593**. No suit for money or damages may be brought against a public entity until a written claim has been presented and acted upon or rejected pursuant to Gov. Code Section 945.4 with exceptions as noted in Gov. Code Section 905.

If you have a question about how to file a claim against the County of Tulare, you may contact County Counsel Risk Management at (559) 623-0280 between normal business hours of 7:30 a.m. to 5:30 p.m. Monday-Thursday, and 8:00 a.m. to 12:00 p.m. on Friday.

(Rev. 12/13/17)

# LIABILITY CLAIM REPORT

**RETURN FORM TO:**     Clerk of the Board, TULARE COUNTY BOARD OF SUPERVISORS
2800 W. Burrel, Visalia CA 93291-4593

| AGENCY | DIVISION | SECTION | RMS No. (For RMS USER ONLY) |
|---|---|---|---|
| | | | |

This Report Involves a claim for:          ☑ Bodily Injury          ☐ Property Damage

Person To Contact: Manshoory Law Group - 1200 Wilshire Blvd, Suite 409, Los Angeles CA 90017

Telephone Number: (213-221-7772)

| **FACTS** (Use another blank sheet if more space is needed) | Date of Loss: June 24-25, 2020 | Time: AM PM N/A |
|---|---|---|
| | Location: Custody of Farmersville PD and Tulare County Sheriff's Dept. | |
| | Description of Incident: See attached correspondence from Manshoory Law Group | |

| **CLAIMANT(S)** (Use another blank sheet if more space is needed) Six (6) claimants in total | Name: S G , individually and as SII | Address: Manshoory Law Group | Phone No. H W |
|---|---|---|---|
| | Description of Injury and amount sought as damages | See attached correspondence from Manshoory Law Group | |
| | Description of Property Loss and cost of repair | | |
| | See attached correspondence from Manshoory Law Group | | |
| | Name: J individually and as SII to Estate | Address: Manshoory Law Group | Phone No. H W |
| | Description of Injury and amount sought as damages | See attached correspondence from Manshoory Law Group | |
| | Description of Property Loss and cost of repair | | |
| | See attached correspondence from Manshoory Law Group | | |
| | Name: Gloria Garcia, individually | Address: Manshoory Law Group | Phone No. H W |
| | Description of Injury and amount sought as damages | See attached correspondence from Manshoory Law Group | |
| | Description of Property Loss and cost of repair | | |
| | See attached correspondence from Manshoory Law Group | | |

| **WITNESSES** | ) Name N/A | Address | Phone No. |
|---|---|---|---|
| | ) Name | Address | Phone No. |
| | ) Name | Address | Phone No. |

| **POLICE REPORT** | Agency Farmersville PD and Tulare County Sheriff's Dept. | Officer and ID No. Unknown at this time | Report No. Unknown at this time. |
|---|---|---|---|

R:/Forms/Gen Liab Rpt Frm English 12/02/04

**REMARKS:**

See attached correspondence from Manshoory Law Group

**What did entity or employee do to cause this loss, damage, or injury?**

See attached correspondence from Manshoory Law Group

**What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]**

See attached correspondence from Manshoory Law Group

**DRAW ROUGH DIAGRAM OF ACCIDENT** (OPTIONAL BUT WILL ASSIST IN HANDLING YOUR CLAIM):
Show your car as [ 1 ] ; other car as [ 2 ] the collision occurred.

Show direction and distance traveled before crash by solid line thus: _____. Then indicate point of crash; and positions and distances traveled after collision. Show distance and direction traveled after crash by dotted line thus: ------------ (OPTIONAL BUT WILL ASSIST IN HANDLING YOUR CLAIM)

I hereby certify that this is a true statement of the facts to the best of my knowledge and belief.

_____     8/4/2020
Signature                            Date

---

*Warning*

*Section 72 of the Penal Code provides: "Every person who, with intent to defraud, presents for allowance or for payment to any state board or officer, or to any county, city, or district board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is punishable either by imprisonment in the county jail for a period of not more than one year, by a fine of not exceeding one thousand dollars ($1,000), or by both such imprisonment and fine, or by imprisonment in the state prison for a period of not more than five years, by a fine not exceeding ten thousand dollars ($10,000), or by both such imprisonment and fine..."*

Liab Rpt Frm 12/01/04

# LIABILITY CLAIM REPORT

To submit a claim for liability losses, a Risk Management Liability Claim Report form <u>must</u> be completed by anyone making a claim for injury or property damage.

1. **This Report Involves:** Indicate whether bodily injury or property damage.

2. **Contact Person:** This would be the person who is most familiar with the incident.

3. **Telephone Number(s):** The contact person's telephone number.

4. **Facts:** List the date of the loss, time, location and description of incident.

5. **Claimant(s):** Name of the claimant, address, telephone number, and description of injury and/or description of property involved.

6. **Witnesses:** Witnesses to the incident.

7. **Police Report:** Were any police reports filed? If available, list the Officer's name and I.D. number and report number.

8. **Remarks:** Any additional comments you may have concerning the loss.

# CITY OF FARMERSVILLE

# NOTICE OF REJECTION OF CLAIM

## *FORM G*

RECEIVED
AUG 2 ? 2020

Notice is hereby given that the Claim which you presented to CITY OF FARMERSVILLE on 8/10/2020 was rejected on 8/17/2020.

## **WARNING**

Subject to certain exceptions, you have six (6) months from the date this Notice of Rejection of Claim was personally delivered or deposited in the mail to file a court action on this Claim. (See Government Code Section 945.6.)

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

This Notice of Rejection of Claim applies only to claims under state law and shall not extend any time limits as may be imposed upon the claimant(s) for pursuit of the claimant(s)' rights under federal laws, statutes, or other sources of rights of recovery in favor of claimant(s).

Please also be advised that pursuant to Sections 128.5 et seq. and 1038 of the California Code of Civil Procedure, the City of Farmersville will seek to recover all costs of defense in the event a legal action is filed on the matter and it is determined that the action was not filed in good faith and with reasonable cause, or as otherwise determined to justify the imposition of attorney's fees and costs of suit pursuant to such sections, as well as any other sections or laws enuring to the benefit of the City of Farmersville, its officers, officials, employees, agents, or representatives.

## **PROOF OF SERVICE**

On 8/18/2020, I served the within NOTICE OF REJECTION OF CLAIM on the claimant by placing a true copy thereof enclosed in a sealed envelope in the outgoing mail addressed as requested by the claimant.

I declare under penalty of perjury that the foregoing is true and correct. Executed at FARMERSVILLE, California, on 8/18/2020.

STEVEN HUNTLEY, CPFO

_____          _____
(Type or Print Name)                                    (Signature)



MANSHOORY LAW GROUP, APC
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

August 3, 2020

*VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT REQUESTED*

FAMERSVILLE POLICE DEPARTMENT
909 W. Visalia Rd.
Farmersville, CA 93223
ATTN: CLAIMS/JENNIFER GOMEZ

Re:     **CLAIM FOR DAMAGES (Gov't Code, § 910 *et seq.*); DEMAND TO PRESERVE
        EVIDENCE; AND REQUEST FOR PUBLIC RECORDS PURSUANT TO THE
        CALIFORNIA PUBLIC RECORDS ACT (Gov't Code, § 6250 *et seq.*)**

        **Claimant(s): Maria Elena Garcia**, individually and as Successor-in-Interest to Manuel
        Garcia, deceased, **Adrieana Garcia**, individually and as Successor-in-Interest to Manuel
        Garcia, deceased, (          **G**      , individually and as Successor-in-Interest to
        Manuel Garcia, deceased, by and through his guardian ad litem, Maria Elena Garcia, **S**
        **G**       , individually and as Successor-in-Interest to Manuel Garcia, deceased, by and
        through her guardian ad litem, Maria Elena Garcia, **J**          **G**        individually and as
        Successor-in-Interest to Manuel Garcia, deceased, by and through her guardian ad litem,
        Maria Elena Garcia, and **Gloria Garcia**, individually (collectively "claimants").

        **Date of Injury:** On or about June 24, 2020 – June 25, 2020

To Whom It May Concern:

        Please be advised that this office has been retained to represent the interest of all claimants
with regards to claims arising from the in-custody death of Manuel Garcia ("decedent") that
occurred on or about June 24, 2020 involving Farmersville Police Officers and Tulare County
Sheriff's Department after decedent was detained and booked into custody at Tulare County Pre-
trial Facility in Tulare County.

        Enclosed herewith as **Attachment 1**, please find a copy of our Designation of Attorney form
duly signed by each claimant. Please direct any and all communications concerning this matter
to this office, attention the undersigned.



MANSHOORY LAW GROUP, APC
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

## I. CLAIM FOR DAMAGES (Gov't Code, § 910 *et seq.*)

Pursuant to California Government Code section 910 et seq, the Claimant named herein hereby submits her government claim pertaining to the in-custody death of decedent, and the injuries she sustained as a result of the actions of the above-named agency and entity. The claim forms for the Farmersville Police Department and Tulare County are also enclosed as **Attachment 2** and **Attachment 3**, respectively.

### A. THE NAMES AND ADDRESSES OF CLAIMANTS

Each of these Claimants is represented in this matter by Manshoory Law Group, APC, and does not wish to be contacted directly by any of the public entities named in this claim, or other agents or representatives, regarding the subject of this claim. It is requested that all communications be directed to counsel.

1. **Maria Elena Garcia** (DOB:          ), c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017;
2. **Adrieana Garcia** (DOB:          ), c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017;
3. **C      G**      (DOB:          ), c/o a minor by and through his guardian ad litem, Maria Elena Garcia, c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409. Los Angeles, CA 90017;
4. **S      G**      (DOB:          ), c/o a minor by and through her guardian ad litem, Maria Elena Garcia, c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017;
5. **J      G**      (DOB          ), c/o a minor by and through her guardian ad litem, Maria Elena Garcia, c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017; and
6. **Gloria Garcia** (DOB:          ), c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017.



MANSHOORY LAW GROUP, APC
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

## B. THE POST OFFICE ADDRESS TO WHICH THE PERSONS PRESENTING THE CLAIM DESIRES NOTICE TO BE SENT

**MANSHOORY LAW GROUP, APC**
Shaheen F. Manshoory
1200 Wilshire Blvd, Suite 409
Los Angeles, CA 90017
Telephone: (213) 221-7772
Fax: (213) 337-8850

## C. FACTUAL BACKGROUND

On or about June 24, 2020, Farmersville police officers were called to decedent's home for disturbing the peace. Decedent was detained and taken to the Tulare County Adult Pre-trial Facility, which is believed to be under the jurisdiction of the Tulare County Sheriff's Department. Shortly thereafter, decedent was transported to Kaweah Delta District Hospital. Upon arrival, decedent was found to be unresponsive. Decedent was moved into the emergency room where he was revived by medical personnel. Shortly thereafter, decedent succumbed to his injuries.

## D. DESCRIPTION OF CLAIMS

As a result of the events described above, Claimants will bring causes of action including, but not limited to: (1) Excessive Force pursuant to 42 U.S.C § 1983; (2) Denial of Medical Care pursuant to 42 U.S.C. § 1983; (3) Failure to Train, Supervise, and Discipline pursuant to 42 U.S.C. § 1983; (4) Municipal Liability pursuant to 42 U.S.C. § 1983; (5) Interference with Familial Relationship pursuant to 42 U.S.C. § 1983; (6) Wrongful death; (7) Negligence; (8) Negligent Hiring Supervision, and Retention; (9) Battery; (10) violation of *Civil Code* § 52.1; (11) violation of *Civil Code* § 51.7. ***Claimants bring these claims in both their individual capacities and in their capacity as successors-in-interest to the decedent's Estate.***

## E. GENERAL DESCRIPTION OF THE INDEBTEDNESS, OBLIGATION, INJURY, DAMAGE OR LOSS AS IS PRESENTLY KNOWN

As a result of the events described above, Claimants have sustained substantial economic damages and non-economic damages including, but not limited funeral and burial expenses, medical expenses of decedent, loss of financial support, lost wages, loss of future income, loss of support, services, love, comfort, society, attention, severe mental anguish, emotional distress, worry, fear, anxiety, and difficulty sleeping. Said damages are a direct result of the improper conduct and act of the named public entities and/or their employees, agents, servants, and representatives.



MANSHOORY LAW GROUP, APC
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

**F. THE NAME(S) OF THE PUBLIC ENTITY(IES) AD EMPLOYEE(S) CAUSING THE INJURY, DAMAGE OR LOSS**

1. Famersville Police Department;
2. Employees or agents of the Farmersville Police Department;
3. Tulare County;
4. Tulare County Sheriff's Department; and
5. Employees or agents of the Tulare County Sheriff's Department

**G. THE AMOUNT CLAIMS**

Claimants seek damages in the amount of $10,000,000.00.

## II. PRESERVATION OF EVIDENCE AND REQUEST UNDER THE CALIFONRIA PUBLIC REORDS ACT (Gov't Code § 6250 *et seq.*)

You are requested to preserve all documents and materials that may reasonably be thought to be pertinent to the abovementioned incident, including the following: (1)

1. All dispatch reports;
2. All incidents reports;
3. All investigative reports;
4. All evidence logs;
5. All use of force reports and evaluations;
6. All officer statements;
7. All witness statements;
8. All charts and diagrams;
9. All audio or visual recordings of 911 calls, dispatch communications, officer and witness statements, surveillance footage, body camera footage, and other audio and visual recordings; and
10. The full names and badge or employee identification numbers of all law enforcement personnel who were involved in or responded to the incident described above.

Please be advised that it is a criminal offense to destroy any evidence. California *Penal Code* Section 135 provides:

"Every person who knowing that any book, paper, record, instrument in writing, or other matter or thing, is about to be produced in evidence upon any trial, inquiry, or investigation authorized by law, willfully destroys or conceals the same, with the intent thereby to prevent it from being produced, is guilty of a misdemeanor."



MANSHOORY LAW GROUP, APC
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

You are also requested to produce to this firm within thirty-five (35) days of the date of this letter, the abovementioned documents and materials pursuant to the California Public Records Act ("CPRA"), Gov't Code § 6250 *et seq.*

Please be advised that this firm is prepared to pursue all remedies available under the law, including under Gov't Code § 6259(a) and (d), in the event you fail to comply fully with your obligations under the CPRA.

Please feel free to contact me if you have any questions.

Sincerely,

Shaheen F. Manshoory, Esq.
Manshoory Law Group
Attorney for Plaintiff(s)

---

*Enclosures: (1) Designation of Attorney Form; (2) City of Farmersville Claim Form; and (3) Tulare County Claim Form*

Exhibit 2



MANSHOORY LAW GROUP, APC
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

August 3, 2020

### *VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT REQUESTED*

CLERK OF THE BOARD, TULARE COUNTY BOARD OF SUPERVISORS
2800 W. Burrel
Visalia, CA 93291-7593
**ATTN: CLAIMS**

**Re:** **CLAIM FOR DAMAGES (Gov't Code, § 910 *et seq.*); DEMAND TO PRESERVE EVIDENCE; AND REQUEST FOR PUBLIC RECORDS PURSUANT TO THE CALIFORNIA PUBLIC RECORDS ACT (Gov't Code, § 6250 *et seq.*)**

**Claimant(s): Maria Elena Garcia**, individually and as Successor-in-Interest to Manuel Garcia, deceased, **Adrieana Garcia**, individually and as Successor-in-Interest to Manuel Garcia, deceased, **C        G**    , individually and as Successor-in-Interest to Manuel Garcia, deceased, by and through his guardian ad litem, Maria Elena Garcia, **S        C**    , individually and as Successor-in-Interest to Manuel Garcia, deceased, by and through her guardian ad litem, Maria Elena Garcia, **J        G**    , individually and as Successor-in-Interest to Manuel Garcia, deceased, by and through her guardian ad litem, Maria Elena Garcia, and **Gloria Garcia**, individually (collectively "claimants").

**Date of Injury:** On or about June 24, 2020 – June 25, 2020

To Whom It May Concern:

Please be advised that this office has been retained to represent the interest of all claimants with regards to claims arising from the in-custody death of Manuel Garcia ("decedent") that occurred on or about June 24, 2020 involving Farmersville Police Officers and Tulare County Sheriff's Department after decedent was detained and booked into custody at Tulare County Pre-trial Facility in Tulare County.

Enclosed herewith as **Attachment 1**, please find a copy of our Designation of Attorney form duly signed by each claimant. Please direct any and all communications concerning this matter to this office, attention the undersigned.



MANSHOORY LAW GROUP, APC
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

# I.  CLAIM FOR DAMAGES (Gov't Code, § 910 *et seq.*)

Pursuant to California Government Code section 910 et seq, the Claimant named herein hereby submits her government claim pertaining to the in-custody death of decedent, and the injuries she sustained as a result of the actions of the above-named agency and entity. The claim forms for the City of Farmersville and Tulare County are also enclosed as **Attachment 2** and **Attachment 3**, respectively.

## A.  THE NAMES AND ADDRESSES OF CLAIMANTS

Each of these Claimants is represented in this matter by Manshoory Law Group, APC, and does not wish to be contacted directly by any of the public entities named in this claim, or other agents or representatives, regarding the subject of this claim. It is requested that all communications be directed to counsel.

1. **Maria Elena Garcia** (DOB:              ), c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017;
2. **Adrieana Garcia** (DOB:              , c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017;
3. **C      G      ** (DOB:        ), c/o a minor by and through his guardian ad litem, Maria Elena Garcia, c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017;
4. **S    G**    (DOB:        ), c/o a minor by and through her guardian ad litem, Maria Elena Garcia, c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017;
5. **J      G:**    (DOB:        ), c/o a minor by and through her guardian ad litem, Maria Elena Garcia, c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017: and
6. **Gloria Garcia** (DOB:              ), c/o Manshoory Law Group, APC, 1200 Wilshire Blvd., Suite 409, Los Angeles, CA 90017.



MANSHOORY LAW GROUP, APC
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

## B. THE POST OFFICE ADDRESS TO WHICH THE PERSONS PRESENTING THE CLAIM DESIRES NOTICE TO BE SENT

**MANSHOORY LAW GROUP, APC**
Shaheen F. Manshoory
1200 Wilshire Blvd, Suite 409
Los Angeles, CA 90017
Telephone: (213) 221-7772
Fax: (213) 337-8850

## C. FACTUAL BACKGROUND

On or about June 24, 2020, Farmersville police officers were called to decedent's home for disturbing the peace. Decedent was detained and taken to the Tulare County Adult Pre-trial Facility, which is believed to be under the jurisdiction of the Tulare County Sheriff's Department. Shortly thereafter, decedent was transported to Kaweah Delta District Hospital. Upon arrival, decedent was found to be unresponsive. Decedent was moved into the emergency room where he was revived by medical personnel. Shortly thereafter, decedent succumbed to his injuries.

## D. DESCRIPTION OF CLAIMS

As a result of the events described above, Claimants will bring causes of action including, but not limited to: (1) Excessive Force pursuant to 42 U.S.C § 1983; (2) Denial of Medical Care pursuant to 42 U.S.C. § 1983; (3) Failure to Train, Supervise, and Discipline pursuant to 42 U.S.C. § 1983; (4) Municipal Liability pursuant to 42 U.S.C. § 1983; (5) Interference with Familial Relationship pursuant to 42 U.S.C. § 1983; (6) Wrongful death; (7) Negligence; (8) Negligent Hiring Supervision, and Retention; (9) Battery; (10) violation of *Civil Code* § 52.1; and (11) violation of *Civil Code* § 51.7. ***Claimants bring these claims in both their individual capacities and in their capacity as successors-in-interest to the decedent's Estate.***

## E. GENERAL DESCRIPTION OF THE INDEBTEDNESS, OBLIGATION, INJURY, DAMAGE OR LOSS AS IS PRESENTLY KNOWN

As a result of the events described above, Claimants have sustained substantial economic damages and non-economic damages including, but not limited funeral and burial expenses, medical expenses of decedent, loss of financial support, lost wages, loss of future income, loss of support, services, love, comfort, society, attention, severe mental anguish, emotional distress, worry, fear, anxiety, and difficulty sleeping. Said damages are a direct result of the improper conduct and act of the named public entities and/or their employees, agents, servants, and representatives.



MANSHOORY LAW GROUP, APC
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

**F.** **THE NAME(S) OF THE PUBLIC ENTITY(IES) AD EMPLOYEE(S) CAUSING THE INJURY, DAMAGE OR LOSS**

1. Farmersville Police Department;
2. Employees or agents of the Farmersville Police Department;
3. Tulare County;
4. Tulare County Sheriff's Department; and
5. Employees or agents of the Tulare County Sheriff's Department

**G. THE AMOUNT CLAIMS**

Claimants seek damages in the amount of $10,000,000.00.

**II.** **PRESERVATION OF EVIDENCE AND REQUEST UNDER THE CALIFONRIA PUBLIC REORDS ACT (Gov't Code § 6250 *et seq.*)**

You are requested to preserve all documents and materials that may reasonably be thought to be pertinent to the abovementioned incident, including the following: (1)

1. All dispatch reports;
2. All incidents reports;
3. All investigative reports;
4. All evidence logs;
5. All use of force reports and evaluations;
6. All officer statements;
7. All witness statements;
8. All charts and diagrams;
9. All audio or visual recordings of 911 calls, dispatch communications, officer and witness statements, surveillance footage, body camera footage, and other audio and visual recordings; and
10. The full names and badge or employee identification numbers of all law enforcement personnel who were involved in or responded to the incident described above.

Please be advised that it is a criminal offense to destroy any evidence. California *Penal Code* Section 135 provides:

"Every person who knowing that any book, paper, record, instrument in writing, or other matter or thing, is about to be produced in evidence upon any trial, inquiry, or investigation authorized by law, willfully destroys or conceals the same, with the intent thereby to prevent it from being produced, is guilty of a misdemeanor."



MANSHOORY LAW GROUP, APC
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

You are also requested to produce to this firm within thirty-five (35) days of the date of this letter, the abovementioned documents and materials pursuant to the California Public Records Act ("CPRA"), Gov't Code § 6250 *et seq.*

Please be advised that this firm is prepared to pursue all remedies available under the law, including under Gov't Code § 6259(a) and (d), in the event you fail to comply fully with your obligations under the CPRA.

Please feel free to contact me if you have any questions.

Sincerely,

Shaheen F. Manshoory, Esq.
Manshoory Law Group
Attorney for Plaintiff(s)

*Enclosures: (1) Designation of Attorney Form; (2) City of Farmersville Claim Form; and (3) Tulare County Claim Form*



MANSHOORY LAW GROUP, APC
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

## CLAIMANT'S DESIGNATION OF ATTORNEY

Pursuant to Title 10, Section 2695.2(c) of the California Code of Regulations:

I, Maria, Elena Garcia, Adrieana Garcia, minors C      G,    S    G    , and J.    C    , by and
through their guardian ad litem, Maria Elena Garcia, and Gloria Garcia    , hereby designate **MANSHOORY LAW
GROUP, APC**, to act as my duly authorized and designated attorney to handle any and all claims for property
damage, bodily injury or any type of damages whatsoever arising out of the incident dated on or about

This authorization shall be valid for only two (2) years from the date indicated below unless renewed or revoked by
the undersigned. Any and all prior authorizations are hereby revoked by the undersigned as of the date of this
authorization.

By:   _Maria Garcia_                     Date: 7-10-2020
      Maria Elena Garcia

By:   _Adrieana Garcia_                  Date: 7-10-20
      Adrieana Garcia

By:   _Maria Garcia_                     Date: 7-10-2020
      C        G    , by and through his
      guardian ad litem, Maria Elena Garcia

By:   _Maria Garcia_                     Date: 7-10-2020
      S    G    , by and through her
      guardian ad litem, Maria Elena Garcia

By:   _Maria Garcia_                     Date: 7-10-2020
      J    G    , by and through her
      guardian ad litem, Maria Elena Garcia



**MANSHOORY LAW GROUP, APC**
1200 WILSHIRE BLVD, SUITE 409
LOS ANGELES, CA 90017
TEL: 213.221.7772 FAX: 213.337.8850

By: _Gloria Garcia_
      Gloria Garcia

Date: 7-10-2020

# TULARE COUNTY COUNSEL



**County Counsel**
Deanne H. Peterson

**Risk Manager**
Susan L. Cox

**Supervising Analysts**
Robert Anderson
Nancy Chavira

## RISK MANAGEMENT DIVISION

P.O. 7300, Visalia, CA 93290      Phone: (559) 623-0280      Fax: (559) 713-3719

Re: **Instructions for Filing a Claim against County of Tulare Re**: Personal Injury or Property
Damages

Attached is a claim form for the filing of a claim against Tulare County for personal injury or
property damage. Government Code Section 910, 910.2, 910.6 outline the required content and
form for the submission of a claim against a governmental entity. The County of Tulare
provides a claim form that conforms to the requirements of Gov. Code Section 910 for your
convenience.

Gov. Code Section 911.2 governs the time frame for the presentation of a claim against a
governmental entity. Claims for death, injury to person or personal property, or injury to
growing crops shall be presented within 6 months of the date of loss or the date damages were
incurred. Other claims shall be presented within one year.

The period of notice and any duty to respond after receipt of service of a claim, amendment, or
notice is extended five (5) days upon service by mail with the State of California, if mailed from
within the United States an additional ten (10) days and twenty (20) days if mailed from outside
the United States, pursuant to CCP 1013(a). If the notice of claim is received later than these
dates, the claim may be returned as late and no actions will be taken.

You may supplement the claim form with additional facts you believe are important. Submit the
claim form and any supporting documentation to the **Clerk of the Board of Supervisors, 2800
W. Burrel, Visalia, CA 93291-4593**. No suit for money or damages may be brought against a
public entity until a written claim has been presented and acted upon or rejected pursuant to Gov.
Code Section 945.4 with exceptions as noted in Gov. Code Section 905.

If you have a question about how to file a claim against the County of Tulare, you may contact
County Counsel Risk Management at (559) 623-0280 between normal business hours of 7:30
a.m. to 5:30 p.m. Monday-Thursday, and 8:00 a.m. to 12:00 p.m. on Friday.

(Rev. 12/13/17)

# LIABILITY CLAIM REPORT

**RETURN FORM TO:**    Clerk of the Board, TULARE COUNTY BOARD OF SUPERVISORS
2800 W. Burrel, Visalia CA 93291-4593

| AGENCY | DIVISION | SECTION | RMS No. (For RMS USER ONLY) |
|--------|----------|---------|------------------------------|

| This Report Involves a claim for: | ☑ Bodily Injury | ☐ Property Damage |
|---|---|---|

Person To Contact: Manshoory Law Group - 1200 Wilshire Blvd, Suite 409, Los Angeles CA 90017

Telephone Number: (213-221-7772)

| **FACTS** <br><br> (Use another blank sheet if more space is needed) | Date of Loss: <br> June 24-25, 2020 | Time: AM PM N/A |
|---|---|---|
| | Location: Custody of Farmersville PD and Tulare County Sheriff's Dept. | |
| | Description of Incident: <br> See attached correspondence from Manshoory Law Group | |

| **CLAIMANT(S)** <br><br> (Use another blank sheet if more space is needed) <br><br> Six (6) claimants in total | Name <br> Maria Elena Garcia, individually and as SII | Address <br> Manshoory Law Group | Phone No. <br> H <br> W |
|---|---|---|---|
| | Description of Injury and amount sought as damages | | See attached correspondence from Manshoory Law Group |
| | Description of Property Loss and cost of repair | | |
| | See attached correspondence from Manshoory Law Group | | |
| | Name <br> Adrieana Garcia, individually and as SII to Estate | Address <br> Manshoory Law Group | Phone No. <br> H <br> W |
| | Description of Injury and amount sought as damages | | See attached correspondence from Manshoory Law Group |
| | Description of Property Loss and cost of repair | | |
| | See attached correspondence from Manshoory Law Group | | |
| | Name <br> C        G , individually and as SII | Address <br> Manshoory Law Group | Phone No. <br> H <br> W |
| | Description of Injury and amount sought as damages | | See attached correspondence from Manshoory Law Group |
| | Description of Property Loss and cost of repair | | |
| | See attached correspondence from Manshoory Law Group | | |

| **WITNESSES** | ) Name <br> N/A | Address | Phone No. |
|---|---|---|---|
| | ) Name | Address | Phone No. |
| | ) Name | Address | Phone No. |

| **POLICE REPORT** | Agency <br> Farmersville PD and Tulare County Sheriff's Dept. | Officer and ID No. <br> Unknown at this time | Report No. <br> Unknown at this time. |
|---|---|---|---|

**REMARKS:**

See attached correspondence from Manshoory Law Group

**What did entity or employee do to cause this loss, damage, or injury?**

See attached correspondence from Manshoory Law Group

**What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]**

See attached correspondence from Manshoory Law Group

**DRAW ROUGH DIAGRAM OF ACCIDENT** (OPTIONAL BUT WILL ASSIST IN HANDLING YOUR CLAIM):

Show your car as [ 1 > ] ; other car as [ 2 > ] the collision occurred.

Show direction and distance traveled before crash by solid line thus: _____. Then indicate point of crash; and positions and distances traveled after collision. Show distance and direction traveled after crash by dotted line thus: ------------- (OPTIONAL BUT WILL ASSIST IN HANDLING YOUR CLAIM)

I hereby certify that this is a true statement of the facts to the best of my knowledge and belief.

_____          8/4/2020
Signature                                 Date

--------------------------------------------------------------------------------
*Warning*

Section 72 of the Penal Code provides: *"Every person who, with intent to defraud, presents for allowance or for payment to any state board of officer, or to any county, city, or district board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is punishable either by imprisonment in the county jail for a period of not more than one year, by a fine of not exceeding one thousand dollars ($1,000), or by both such imprisonment and fine, or by imprisonment in the state prison for a period of not more than five years, by a fine not exceeding ten thousand dollars ($10,000), or by both such imprisonment and fine..."*

Liab Rpt Frm 12/01/04

--------------------------------------------------------------------------------

## LIABILITY CLAIM REPORT

To submit a claim for liability losses, a Risk Management Liability Claim Report form must be completed by anyone making a claim for injury or property damage.

1. **This Report Involves:** Indicate whether bodily injury or property damage.

2. **Contact Person:** This would be the person who is most familiar with the incident.

3. **Telephone Number(s):** The contact person's telephone number.

4. **Facts:** List the date of the loss, time, location and description of incident.

5. **Claimant(s):** Name of the claimant, address, telephone number, and description of injury and/or description of property involved.

6. **Witnesses:** Witnesses to the incident.

7. **Police Report:** Were any police reports filed? If available, list the Officer's name and I.D. number and report number.

8. **Remarks:** Any additional comments you may have concerning the loss.

# TULARE COUNTY COUNSEL



**County Counsel**
Deanne H. Peterson

**Risk Manager**
Susan L. Cox

**Supervising Analysts**
Robert Anderson
Nancy Chavira

## RISK MANAGEMENT DIVISION

| P.O. 7300, Visalia, CA 93290 | Phone: (559) 623-0280 | Fax: (559) 713-3719 |

Re: **Instructions for Filing a Claim against County of Tulare Re**: Personal Injury or Property Damages

Attached is a claim form for the filing of a claim against Tulare County for personal injury or property damage. Government Code Section 910, 910.2, 910.6 outline the required content and form for the submission of a claim against a governmental entity. The County of Tulare provides a claim form that conforms to the requirements of Gov. Code Section 910 for your convenience.

Gov. Code Section 911.2 governs the time frame for the presentation of a claim against a governmental entity. Claims for death, injury to person or personal property, or injury to growing crops shall be presented within 6 months of the date of loss or the date damages were incurred. Other claims shall be presented within one year.

The period of notice and any duty to respond after receipt of service of a claim, amendment, or notice is extended five (5) days upon service by mail with the State of California, if mailed from within the United States an additional ten (10) days and twenty (20) days if mailed from outside the United States, pursuant to CCP 1013(a). If the notice of claim is received later than these dates, the claim may be returned as late and no actions will be taken.

You may supplement the claim form with additional facts you believe are important. Submit the claim form and any supporting documentation to the **Clerk of the Board of Supervisors, 2800 W. Burrel, Visalia, CA 93291-4593**. No suit for money or damages may be brought against a public entity until a written claim has been presented and acted upon or rejected pursuant to Gov. Code Section 945.4 with exceptions as noted in Gov. Code Section 905.

If you have a question about how to file a claim against the County of Tulare, you may contact County Counsel Risk Management at (559) 623-0280 between normal business hours of 7:30 a.m. to 5:30 p.m. Monday-Thursday, and 8:00 a.m. to 12:00 p.m. on Friday.

(Rev. 12/13/17)

# LIABILITY CLAIM REPORT

**RETURN FORM TO:** Clerk of the Board, TULARE COUNTY BOARD OF SUPERVISORS
2800 W. Burrel, Visalia CA 93291-4593

| AGENCY | DIVISION | SECTION | RMS No. (For RMS USER ONLY) |
|---|---|---|---|
| | | | |

This Report Involves a claim for: ☒ Bodily Injury ☐ Property Damage

Person To Contact: Manshoory Law Group - 1200 Wilshire Blvd, Suite 409, Los Angeles CA 90017

Telephone Number: (213-221-7772)

| FACTS | Date of Loss: June 24-25, 2020 | Time: AM PM N/A |
|---|---|---|

(Use another blank sheet if more space is needed)

Location: Custody of Farmersville PD and Tulare County Sheriff's Dept.

Description of Incident:

See attached correspondence from Manshoory Law Group

---

**CLAIMANT(S)**

(Use another blank sheet if more space is needed)

Six (6) claimants in total

| Name | Address | Phone No. |
|---|---|---|
| S G individually and as SII | Manshoory Law Group | H W |

Description of Injury and amount sought as damages | See attached correspondence from Manshoory Law Group

Description of Property Loss and cost of repair

See attached correspondence from Manshoory Law Group

| Name | Address | Phone No. |
|---|---|---|
| J individually and as SII to Estate | Manshoory Law Group | H W |

Description of Injury and amount sought as damages | See attached correspondence from Manshoory Law Group

Description of Property Loss and cost of repair

See attached correspondence from Manshoory Law Group

| Name | Address | Phone No. |
|---|---|---|
| Gloria Garcia, individually | Manshoory Law Group | H W |

Description of Injury and amount sought as damages | See attached correspondence from Manshoory Law Group

Description of Property Loss and cost of repair

See attached correspondence from Manshoory Law Group

---

**WITNESSES**

| 1) Name N/A | Address | Phone No. |
|---|---|---|
| 2) Name | Address | Phone No. |
| 3) Name | Address | Phone No. |

---

**POLICE REPORT**

| Agency | Officer and ID No. | Report No. |
|---|---|---|
| Farmersville PD and Tulare County Sheriff's Dept. | Unknown at this time | Unknown at this time. |

R:/Forms/Gen Liab Rpt Frm English 12/02/04

REMARKS:

See attached correspondence from Manshoory Law Group

What did entity or employee do to cause this loss, damage, or injury?

See attached correspondence from Manshoory Law Group

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of

jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case"

[see Government Code 910(f)]

See attached correspondence from Manshoory Law Group

**DRAW ROUGH DIAGRAM OF ACCIDENT** (OPTIONAL BUT WILL ASSIST IN HANDLING YOUR CLAIM):
Show your car as  1  ; other car as  2  the collision occurred.

Show direction and distance traveled before crash by solid line thus: _____. Then indicate point of
crash; and positions and distances traveled after collision. Show distance and direction traveled after crash by
dotted line thus: ------------- (OPTIONAL BUT WILL ASSIST IN HANDLING YOUR CLAIM)

I hereby certify that this is a true statement of the facts to the best of my knowledge and belief.

_____          8/4/2020
Signature                                Date

-------------------------------------------------------------------------------------------------
***Warning***
*Section 72 of the Penal Code provides: "Every person who, with intent to defraud, presents for allowance or for payment to any state board of officer, or to any county, city, or district board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is punishable either by imprisonment in the county jail for a period of not more than one year, by a fine of not exceeding one thousand dollars ($1,000), or by both such imprisonment and fine, or by imprisonment in the state prison for a period of not more than five years, by a fine not exceeding ten thousand dollars ($10,000), or by both such imprisonment and fine..."*

Liab Rpt Frm 12/01/04

# LIABILITY CLAIM REPORT

To submit a claim for liability losses, a Risk Management Liability Claim Report form <u>must</u> be completed by anyone making a claim for injury or property damage.

1. **This Report Involves:** Indicate whether bodily injury or property damage.

2. **Contact Person:** This would be the person who is most familiar with the incident.

3. **Telephone Number(s):** The contact person's telephone number.

4. **Facts:** List the date of the loss, time, location and description of incident.

5. **Claimant(s):** Name of the claimant, address, telephone number, and description of injury and/or description of property involved.

6. **Witnesses:** Witnesses to the incident.

7. **Police Report:** Were any police reports filed? If available, list the Officer's name and I.D. number and report number.

8. **Remarks:** Any additional comments you may have concerning the loss.

# City of Farmersville

# CLAIM FORM

(Please Type or Print)

CLAIM AGAINST Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents

Claimant's name: Gloria Garcia    (Name of Entity)    SS#:    DOB:

Claimant's address: 1200 Wilshire Blvd. Suite 409, Los Angeles, CA 90017    Phone # 213-221-7772

Address where notices about claim are to be sent, if different from above: _____

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]
Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020    Signature: _____

If signed by representative:

Representative's Name Shaheen F. Manshoory Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant Attorney

# City of Farmersville

# CLAIM FORM

(Please Type or Print)

CLAIM AGAINST: Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents

Claimant's name: Maria Elena Garcia

(Name of Entity)

SS#: _____  DOB: _____

Claimant's address: 1200 Wilshire Blvd, Suite 409, Los Angeles, CA 90017  Phone # (213) 221-7772

Address where notices about claim are to be sent, if different from above: _____

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]

Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020     Signature: _____

If signed by representative:

Representative's Name  Shaheen F. Manshoory  Address  1200 Wilshire Blvd Suite 409

Telephone #  213-221-7772

Relationship to Claimant  Attorney

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents

(Name of Entity)

Claimant's name: Maria Elena Garcia, successor to Estate of Manuel Garcia   SS#:   DOB:

Claimant's address: 1200 Wilshire Blvd, Suite 409, Los Angeles, CA 90017   Phone # (213)221-7772

Address where notices about claim are to be sent, if different from above.

---

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]

Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020   Signature:

If signed by representative:

Representative's Name Shaheen F. Manshoory Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant Attorney

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST: Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents

Claimant's name: C ___ ᴐ ___ (Name of Entity) SS#: ___ DOB: ___

Claimant's address: 1200 Wilshire Blvd. Suite 409, Los Angeles, CA 90017 Phone # 213-221-7772

Address where notices about claim are to be sent, if different from above: _____

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]
Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020        Signature: _____

If signed by representative:

Representative's Name Shaheen F. Manshoory Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant Attorney

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST  Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents

(Name of Entity)

Claimant's name:  C          G          successor to Estate of  SS#:                    DOB:
Manuel Garcia

Claimant's address:  1200 Wilshire Blvd, Suite 409, Los Angeles, CA    Phone #  213-221-7772
90017

Address where notices about claim are to be sent, if different from above.

---

Date of incident/accident:  June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered:  June 24, 2020 - June 25, 2020

Location of incident/accident:  While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury?  See enclosed correspondence from Manshoory
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive?  See enclosed correspondence from Manshoory
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction.
Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government
Code 910(f)]

Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)?  See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed:  August 4, 2020          Signature:

If signed by representative:

Representative's Name  Shaheen F. Manshoory  Address  1200 Wilshire Blvd Suite 409

Telephone #  213-221-7772

Relationship to Claimant  Attorney

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST: Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents
(Name of Entity)

Claimant's name: J___ G___     SS#: _____     DOB: _____

Claimant's address: 1200 Wilshire Blvd. Suite 409, Los Angeles, CA 90017     Phone # 213-221-7772

Address where notices about claim are to be sent, if different from above: _____

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction.
Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]

Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020     Signature: _____

If signed by representative:

Representative's Name Shaheen F. Manshoory  Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant  Attorney

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST  Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents

Claimant's name: J ___ G ___ , successor to Estate of (Name of Entity) Manuel Garcia   SS#: ___   DOB: ___

Claimant's address: 1200 Wilshire Blvd, Suite 400, Los Angeles, CA 90017   Phone # 213-221-7772

Address where notices about claim are to be sent, if different from above: ___

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]
Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020   Signature: ___

If signed by representative:

Representative's Name Shaheen F. Manshoory  Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant Attorney

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST: Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents

Claimant's name: Adrieana Garcia     (Name of Entity)     SS#:_____     DOB:_____

Claimant's address: 1200 Wilshire Blvd, Suite 409, Los Angeles, CA 90017     Phone # 213-221-7772

Address where notices about claim are to be sent, if different from above: _____

_____

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction.
Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government
Code 910(f)] __

Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020     Signature: _____

If signed by representative:

Representative's Name Shaheen F. Manshoory     Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant Attorney

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST: Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents
(Name of Entity)

Claimant's name: Adrieana Garcia, successor to Estate of Manuel Garcia     SS#:     DOB:

Claimant's address: 1200 Wilshire Blvd, Suite 409, Los Angeles, CA 90017     Phone # 213-221-7772

Address where notices about claim are to be sent, if different from above:

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]
Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020     Signature:

If signed by representative:

Representative's Name Shaheen F. Manshoory     Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant Attorney

# City of Farmersville

## CLAIM FORM

(Please Type or Print)

CLAIM AGAINST: Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents

Claimant's name: S G      (Name of Entity)    SS#:    DOB:

Claimant's address: 1200 Wilshire Blvd. Suite 409, Los Angeles, CA 90017   Phone # 213-221-7772

Address where notices about claim are to be sent, if different from above: _____

Date of incident/accident: June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: June 24, 2020 - June 25, 2020

Location of incident/accident: While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)]
Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020    Signature: _____

If signed by representative:

Representative's Name Shaheen F. Manshoory Address 1200 Wilshire Blvd Suite 409

Telephone # 213-221-7772

Relationship to Claimant Attorney

# City of Farmersville

# CLAIM FORM

(Please Type or Print)

CLAIM AGAINST | Farmersville Police Dept., Tulare County Sheriff's Dept. and their respective employees/agents |
(Name of Entity)

Claimant's name: | S    G    , successor to Estate of Manuel | SS#: _____ DOB: _____
Garcia

Claimant's address: | 1200 Wilshire Blvd, Suite 409, Los Angeles, CA | Phone # | 213-221-7772
90017

Address where notices about claim are to be sent, if different from above: _____

Date of incident/accident: | June 24, 2020 - June 25, 2020

Date injuries, damages, or losses were discovered: | June 24, 2020 - June 25, 2020

Location of incident/accident: | While in the custody of Farmersville PD and Tulare County Sheriff's Dept.

What did entity or employee do to cause this loss, damage, or injury? | See enclosed correspondence from Manshoory
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)?
Claimant is unaware of the identity of the entity's employee(s) responsible.

What specific injuries, damages, or losses did claimant receive? | See enclosed correspondence from Manshoory
Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction.
Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government
Code 910(f)]

Claimants, collectively, seek $10,000,000.00 in their individual capacity and as successors to the Estate of decedent.

How was this amount calculated (please itemize)? | See enclosed correspondence from Manshoory Law Group

(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: August 4, 2020    Signature: _____

If signed by representative:

Representative's Name | Shaheen F. Manshoory    Address | 1200 Wilshire Blvd Suite 409

Telephone # | 213-221-7772

Relationship to Claimant | Attorney

# TULARE COUNTY COUNSEL

**County Counsel**
Deanne H. Peterson

**Risk Manager**
Susan L. Cox

**Supervising Analysts**
Rob Anderson
Nancy D. Chavira



## RISK MANAGEMENT DIVISION

2900 W. Burrel Ave., Visalia, CA 93291     Phone: (559) 636-4950     Fax: (559) 713-3719

September 22, 2020

Shaheen F. Manshoory
Manshoory Law Group, APC
1200 Wilshire Blvd, Suite 409
Los Angeles, Ca 90017

RE: Maria Elena Garcia, Adrieana Garcia, C    G  , S   C  , J    G     and Gloria Garcia claim against the County received by the Clerk of the Board on August 17, 2020.

Dear Mr. Manshoory:

      Please be advised that your claim has been formally rejected. Enclosed you will find the Notice of Rejection of Claim. Should you have any questions or wish to correspond, please contact me directly.

Respectfully,

Elisa Alanis
Risk Management Analyst

Enclosure: Notice of Rejection of Claim

EA/9/22/2020/RISK-2020528/1534798

# COUNTY OF TULARE
## NOTICE OF REJECTION OF CLAIM

Notice is hereby given that the Claim which you presented to Tulare County Board of Supervisors on August 17, 2020 was rejected on September 22, 2020.

## **WARNING**

Subject to certain exceptions, you have six (6) months from the date of this notice of rejection or partial rejection was personally delivered or deposited in the mail to file a court action on this Claim. (See Government Code, section 945.6).

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

This Notice of Rejection of Claim applies only to claims under state law and shall not extend any time limits as may be imposed upon the claimant(s) for pursuit of the claimant(s)' rights under federal laws, statues, or other sources of rights of recovery in favor of claimant(s).

Please also be advised that pursuant to Section 128.5 et seq. and 1038 of the California Code of Civil Procedure, the County of Tulare will seek to recover all costs of defense in the event a legal action is filed on the matter and it is determined that the action was not filed in good faith and with reasonable cause.

## PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss.
COUNTY OF TULARE      )

I am employed in the County of Tulare, State of California. I am over the age of eighteen (18) years and not a party to this action; and, my business address is 2900 W. Burrel Ave., Visalia, CA 93291.

On this date, I served the following documents: **Notice of Rejection** on the parties to this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Shaheen F. Manshoory
Manshoory Law Group, APC
1200 Wilshire Blvd, Suite 409
Los Angeles, Ca  90017

☒   **(BY MAIL)** I am "readily familiar" with The County of Tulare's practice of collection and processing correspondence by mailing. Under that practice, mail is deposited with the U.S. Postal Service on the same day with postage fully prepaid at Visalia, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **(BY TELECOPIER)** With the addressee(s)' consent and agreement, I caused such document to be delivered by telecopy transmission to the addressee(s).

☐   **(BY PERSONAL DELIVERY)** I caused such envelope to be delivered by hand to the addressee(s).

☐   **(BY FEDERAL EXPRESS OR UPS NEXT DAY SERVICE)** I caused such envelope to be delivered to Federal Express or UPS with a fully prepaid airbill/invoice for next business day delivery to the addressee(s).

Executed on September 22, 2020, at Visalia, CA.

Gloria E. Bran

cc: Claim File

Exhibit 3



**M**<sup>c</sup>**CMURRAY**

**H****ENRIKS, LLP**
*Changing The World One Case At A Time*

December 23, 2020

<u>**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**</u>
**7019 2280 0001 9255 0227**

**CITY OF VISALIA – RISK MANAGEMENT DIVISION**
**ATTN: Claims**
220 N. Santa Fe St.,
Visalia CA 93292
<u>Tel</u>: (559) 713-4300
<u>Fax</u>: (559) 713-4803

    **Re:**    **CLAIM FOR DAMAGES (Gov't Code, § 910 *et seq*)**
               **Decedent:**    **Manuel Garcia**
               **DOD:**        On or about June 24, 2020 – June 25, 2020
               **Claimants:**   **(1) MARIA ELENA GARCIA**, individually and as Successor-in-Interest to Manuel Garcia, deceased, **(2) ADRIEANA GARCIA**, individually and as Successor-in-Interest to Manuel Garcia, deceased, **(3) C     G**     , individually and as Successor-in-Interest to Manuel Garcia, deceased, by and through his guardian ad litem, Maria Elena Garcia, **(4) S**     **G**    , individually and as Successor-in-Interest to Manuel Garcia, deceased, by and through her guardian ad litem, Maria Elena Garcia, **(5) J**       **G**    , individually and as Successor-in-Interest to Manuel Garcia, deceased, by and through her guardian ad litem, Maria Elena Garcia, and **(6) GLORIA GARCIA**, individually and as Successor-in-Interest to Manuel Garcia, deceased, (collectively "claimants").

To Whom It May Concern:

      Please be advised that this office has been retained to represent the interest of all claimants with regards to claims arising from the in-custody death of Manuel Garcia ("decedent") that occurred on or about June 24, 2020 involving an incident that occurred in the City of Visalia, involving City of Visalia Police Officers. The Claimants bring their claim in their individual capacity and in their capacity as successor in interest.

## I.    <u>CLAIM FOR DAMAGES (Gov't Code, § 910 *et seq.*)</u>

      Pursuant to California Government Code section 910 et seq, the Claimant named herein hereby submits their government claim pertaining to the in-custody death of decedent, and the

811 Wilshire Boulevard • Suite 1640 • Los Angeles, CA 90017
Telephone: 323.931.6200 • Facsimile: 323.931.9521 • www.Law-MH.com

injuries they sustained as a result of the actions of the above-named agency and entity. The claim forms for the City of Visalia are also enclosed as **Attachment 1**.

### A.    THE NAMES AND ADDRESSES OF CLAIMANTS ARE AS FOLLOWS:

The Claimant is represented in this matter by McMurray Henriks, LLP, and does not wish to be contacted directly by any of the public entities named in this claim, or their agents or representatives, regarding the subject of this claim. It is requested that all communications be directed to counsel.

1. ***Maria Elena Garcia*** (DOB:            ), c/o McMurray Henriks, LLP, 811 Wilshire Boulevard, Suite 1640, Los Angeles, CA 90017;
2. ***Adrieana Garcia***. (DOB:            ), c/o McMurray Henriks, LLP, 811 Wilshire Boulevard, Suite 1640, Los Angeles, CA 90017;
3. ***C        G*** (DOB:            ), c/o McMurray Henriks, LLP, 811 Wilshire Boulevard, Suite 1640, Los Angeles, CA 90017;
4. ***S    G*** (DOB:            ), c/o a minor by and through her guardian ad litem, Maria Elena Garcia, c/o McMurray Henriks, LLP, 811 Wilshire Boulevard, Suite 1640, Los Angeles, CA 90017;
5. ***J        G*** (DOB:            ), c/o a minor by and through her guardian ad litem, Maria Elena Garcia, c/o McMurray Henriks, LLP, 811 Wilshire Boulevard, Suite 1640, Los Angeles, CA 90017;
6. ***Gloria Garcia*** (DOB:            ), c/o McMurray Henriks, LLP, 811 Wilshire Boulevard, Suite 1640, Los Angeles, CA 90017.

### B.    THE POST OFFICE ADDRESS TO WHICH THE PERSONS PRESENTING THE CLAIM DESIRE NOTICE TO BE SENT:

Randy H. McMurray, Esq.
Yana G. Henriks, Esq.
Lauren I. Freidenberg, Esq.
**McMURRAY HENIRKS, LLP**
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017
Telephone: (323) 931-6200
Facsimile: (323) 931-9521
E-mail: RMcmurray@law-mh.com, YHenriks@law-mh.com,
LFreidenberg@law-mh.com

### C.    FACTUAL BACKGROUND:

On or about June 24, 2020, City of Visalia Police Officers were called to decedent's home for disturbing the peace. Decedent was detained and taken to the Tulare County Adult Pre-trial Facility. Shortly thereafter, decedent was transported to Kaweah Delta District Hospital. Upon

arrival, decedent was found to be unresponsive. Decedent was moved into the emergency room where he was revived by medical personnel. Shortly thereafter, decedent succumbed to his injuries.

### D. DESCRIPTION OF CLAIMS:

As a result of the events described above, Claimant will bring causes of action including but not limited to wrongful death; assault; battery; negligence; negligent hiring, training, supervision, discipline, and/or retention; violation of constitutional rights including but not limited to inadequate medical treatment (42 U.S.C. § 1983); *Monell* (42 U.S.C. §1983); Ralph Act intentional infliction of emotional distress, and Bane Act (Cal. Civ. Code, § 52.1).

### E. GENERAL DESCRIPTION OF THE INDEBTEDNESS, OBLIGATION, INJURY, DAMAGE OR LOSS, SO FAR AS IS PRESENTLY KNOWN:

As a result of the events described above, Claimants will bring causes of action including, but not limited to: (1) Excessive Force pursuant to 42 U.S.C § 1983; (2) Denial of Medical Care pursuant to 42 U.S.C. § 1983; (3) Failure to Train, Supervise, and Discipline pursuant to 42 U.S.C. § 1983; (4) Municipal Liability pursuant to 42 U.S.C. § 1983; (5) Interference with Familial Relationship pursuant to 42 U.S.C. § 1983; (6) Wrongful death; (7) Negligence; (8) Negligent Hiring Supervision, and Retention; (9) Assault & Battery; (10) violation of *Civil Code* § 52.1; (11) violation of *Civil Code* § 51.7; (11) intentional infliction of emotional distress. ***Claimants bring these claims in both their individual capacities and in their capacity as successors-in-interest to the decedent's Estate.***

### F. THE NAME(S) OF THE PUBLIC ENTITY(IES) AND EMPLOYEE(S) CAUSING THE INJURY, DAMAGE OR LOSS:

1. City of Visalia;
2. Visalia Police Department;
3. Employees or agents of the City of Visalia Police Department;
4. Tulare County;
5. Tulare County Sheriff's Department; and
6. Employees or agents of the Tulare County Sheriff's Department;
7. City of Farmersville;
8. Farmersville Police Department;
9. Employees or agents of the City of Farmersville Police Department;
10. DOES unknown at this time

///
///
///

G.     <u>THE AMOUNT CLAIMED:</u>

Claimant seeks damages in excess of $10,000,000.00 and within the unlimited jurisdiction of the Superior Court of California.

Sincerely,
MCMURRAY HENRIKS, LLP

**Yana G. Henriks, Esq,**
*Attorneys for Claimants*

*Enclosures: (1) City of Visalia – Claim for Damages Form*

# ATTACHMENT "1"

# City of Visalia

*220 N. Santa Fe St., Visalia, CA 93292*



# Risk Management

*(559) 713-4300  Fax (559) 713-4803*

## Claim for Damages

Claimant's Name: Gloria Garcia, as successor-in-interest to the Estate of Manual Garcia

SS#: _____ DOB. _____ Gender: Male _____ Female X

Claimant's Address: c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Claimant's Phone: c/o: (323) 931-6200 _____ Email address: c/o: YHenriks@law-mh.com

Address where notices about claim are to be sent, if different from above:
Please direct all correspondence to c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Date of incident/accident: 06/24/2020 - 06/25/2020 Date injuries, damages, or losses were discovered: 06/24/2020 - 06/25/2020

Location of incident/accident: In transport to the Kaweah Delta District Hospital

What did entity or employee do to cause this loss, damage, or injury? Please see enclosed correspondence from
McMurray Henriks, LLP, Gov't Claim Form Letter.

*(Use back of this form or separate sheet if necessary to answer this question in detail.)*

What are the names of the city's employees who caused this injury, damage, or loss (if known)?
Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. **Note:** If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" (See Government Code 910(f). Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

Please see enclosed correspondence from McMurray Henriks, LLP
How was this amount calculated (please itemize)? Gov't Claim Form Letter.

*(Use back of this form or separate sheet if necessary to answer this question in detail. Also attach pictures and receipts)*

**I declare under penalty of perjury that the foregoing is true and correct. Making a false claim is a felony. (P.C.72)**

Date Signed: 12/23/2020 _____ Signature: _____

If signed by representative:

Representative's Name: Yana G. Henriks, Esq.

Address: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Telephone #: (323) 931-6200

Email: YHenriks@law-mh.com

Relationship to Claimant: Attorney for Claimants.

---

**Please Read – Important**
Your claim must be filed within six (6) months of the date of the incident (Government Code 911.2)
The claim will be reviewed and will either be settled or denied. You will be notified by mail, if your claim is denied. You will have six (6) months from the date the notice was personally delivered or deposited in the mail to file a court action as to any claims encompassed by the California Tort Claims Act (Government Code 945.6).
Statues of limitations for claims which are not encompassed by the California Tort claims act may run independently.
If you have any questions please call (559) 713-4300.

# City of Visalia

220 N. Santa Fe St., Visalia, CA 93292



# Risk Management

*(559) 713-4300   Fax (559) 713-4803*

## Claim for Damages

Claimant's Name: **Gloria Garcia, Individually**

SS#:_____ DOB._____ Gender: Male _____ Female **X**_____

Claimant's Address: **c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017**

Claimant's Phone: **c/o: (323) 931-6200**_____ Email address: **c/o: YHenriks@law-mh.com**_____

Address where notices about claim are to be sent, if different from above:
Please direct all correspondence to c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Date of incident/accident: **06/24/2020 - 06/25/2020** Date injuries, damages, or losses were discovered: **06/24/2020 - 06/25/2020**

Location of incident/accident: **In transport to the Kaweah Delta District Hospital**

What did entity or employee do to cause this loss, damage, or injury? **Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.**

*(Use back of this form or separate sheet if necessary to answer this question in detail.)*

What are the names of the city's employees who caused this injury, damage, or loss (if known)?
Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. **Note:** If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" (See Government Code 910(f). **Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.**

How was this amount calculated (please itemize)? **Gov't Claim Form Letter.** Please see enclosed correspondence from McMurray Henriks, LLP

*(Use back of this form or separate sheet if necessary to answer this question in detail. Also attach pictures and receipts)*

**I declare under penalty of perjury that the foregoing is true and correct. Making a false claim is a felony. (P.C.72)**

Date Signed: **12/23/2020**_____ Signature: _____

If signed by representative:

Representative's Name: **Yana G. Henriks, Esq.**_____

Address:   **McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017**

Telephone #:   **(323) 931-6200**

Email:   **YHenriks@law-mh.com**

Relationship to Claimant: **Attorney for Claimants.**

---

**Please Read – Important**
Your claim must be filed within six (6) months of the date of the incident (Government Code 911.2)
The claim will be reviewed and will either be settled or denied. You will be notified by mail, if your claim is denied. You will have six (6) months from the date the notice was personally delivered or deposited in the mail to file a court action as to any claims encompassed by the California Tort Claims Act (Government Code 945.6).
Statues of limitations for claims which are not encompassed by the California Tort claims act may run independently.
If you have any questions please call (559) 713-4300.

# City of Visalia

220 N. Santa Fe St., Visalia, CA 93292



# Risk Management

(559) 713-4300   Fax (559) 713-4803

## Claim for Damages

Claimant's Name: Maria Elena Garcia, individually

SS#: _____   DOB: _____   Gender: Male _____ Female X

Claimant's Address: c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Claimant's Phone: c/o: (323) 931-6200   Email address: c/o: YHenriks@law-mh.com

Address where notices about claim are to be sent, if different from above:
Please direct all correspondence to c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Date of incident/accident: 06/24/2020 - 06/25/2020 Date injuries, damages, or losses were discovered: 06/24/2020 - 06/25/2020

Location of incident/accident: In transport to the Kaweah Delta District Hospital

What did entity or employee do to cause this loss, damage, or injury? Please see enclosed correspondence from
McMurray Henriks, LLP, Gov't Claim Form Letter.

*(Use back of this form or separate sheet if necessary to answer this question in detail.)*

What are the names of the city's employees who caused this injury, damage, or loss (if known)?
Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of
jurisdiction. **Note:** If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case"
(See Government Code 910(f). Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.
Please see enclosed correspondence from McMurray Henriks, LLP
How was this amount calculated (please itemize)? Gov't Claim Form Letter.
*(Use back of this form or separate sheet if necessary to answer this question in detail. Also attach pictures and receipts)*

I declare under penalty of perjury that the foregoing is true and correct. Making a false claim is a felony. (P.C.72)

Date Signed: 12/23/2020 _____ Signature: _____

If signed by representative:

Representative's Name: Yana G. Henriks, Esq.

Address: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Telephone #: (323) 931-6200

Email: YHenriks@law-mh.com

Relationship to Claimant: Attorney for Claimants.

---

**Please Read – Important**

Your claim must be filed within six (6) months of the date of the incident (Government Code 911.2)
The claim will be reviewed and will either be settled or denied. You will be notified by mail, if your claim is denied. You will have six (6) months
from the date the notice was personally delivered or deposited in the mail to file a court action as to any claims encompassed by the California Tort
Claims Act (Government Code 945.6).
Statues of limitations for claims which are not encompassed by the California Tort claims act may run independently.
If you have any questions please call (559) 713-4300.



# City of Visalia
*220 N. Santa Fe St., Visalia, CA 93292*

# Risk Management
*(559) 713-4300   Fax (559) 713-4803*

## Claim for Damages

Claimant's Name: Maria Elena Garcia, as successor-in-interest to the Estate of Manual Garcia

SS#: _____ DOB: _____ Gender: Male _____ Female X _____

Claimant's Address: c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Claimant's Phone: c/o: (323) 931-6200        Email address: c/o: YHenriks@law-mh.com

Address where notices about claim are to be sent, if different from above:
Please direct all correspondence to c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Date of incident/accident: 06/24/2020 - 06/25/2020 Date injuries, damages, or losses were discovered: 06/24/2020 - 06/25/2020

Location of incident/accident: In transport to the Kaweah Delta District Hospital

What did entity or employee do to cause this loss, damage, or injury? Please see enclosed correspondence from
McMurray Henriks, LLP, Gov't Claim Form Letter.

*(Use back of this form or separate sheet if necessary to answer this question in detail.)*

What are the names of the city's employees who caused this injury, damage, or loss (if known)?
Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. **Note:** If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" (See Government Code 910(f). Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.
Please see enclosed correspondence from McMurray Henriks, LLP
How was this amount calculated (please itemize)? Gov't Claim Form Letter.
*(Use back of this form or separate sheet if necessary to answer this question in detail. Also attach pictures and receipts)*

I declare under penalty of perjury that the foregoing is true and correct. Making a false claim is a felony. (P.C.72)

Date Signed: 12/23/2020 _____ Signature: _____

If signed by representative:

Representative's Name: Yana G. Henriks, Esq.

Address: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Telephone #: (323) 931-6200

Email: YHenriks@law-mh.com

Relationship to Claimant: Attorney for Claimants.

---

**Please Read – Important**

Your claim must be filed within six (6) months of the date of the incident (Government Code 911.2)
The claim will be reviewed and will either be settled or denied. You will be notified by mail, if your claim is denied. You will have six (6) months from the date the notice was personally delivered or deposited in the mail to file a court action as to any claims encompassed by the California Tort Claims Act (Government Code 945.6).
Statues of limitations for claims which are not encompassed by the California Tort claims act may run independently.
If you have any questions please call (559) 713-4300.

# City of Visalia
*220 N. Santa Fe St., Visalia, CA 93292*



# Risk Management
*(559) 713-4300  Fax (559) 713-4803*

## Claim for Damages

Claimant's Name: __Adrieana Garcia, individually__

SS#: _____  DOB: _____  Gender: Male _____ Female _X_____

Claimant's Address: __c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017__

Claimant's Phone: __c/o: (323) 931-6200__  Email address: __c/o: YHenriks@law-mh.com__

Address where notices about claim are to be sent, if different from above:
Please direct all correspondence to c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Date of incident/accident: __06/24/2020 - 06/25/2020__ Date injuries, damages, or losses were discovered: __06/24/2020 - 06/25/2020__

Location of incident/accident: __In transport to the Kaweah Delta District Hospital__

What did entity or employee do to cause this loss, damage, or injury? __Please see enclosed correspondence from__
__McMurray Henriks, LLP, Gov't Claim Form Letter.__

*(Use back of this form or separate sheet if necessary to answer this question in detail.)*

What are the names of the city's employees who caused this injury, damage, or loss (if known)?
Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. **Note:** If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" (See Government Code 910(f). __Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Lett__er.

How was this amount calculated (please itemize)? __Gov't Claim Form Letter.__  Please see enclosed correspondence from McMurray Henriks, LLP
*(Use back of this form or separate sheet if necessary to answer this question in detail. Also attach pictures and receipts)*

I declare under penalty of perjury that the foregoing is true and correct. Making a false claim is a felony. (P.C.72)

Date Signed: __12/23/2020__  Signature: _____

If signed by representative:

Representative's Name: __Yana G. Henriks, Esq.__

Address: __McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017__

Telephone #: __(323) 931-6200__

Email: __YHenriks@law-mh.com__

Relationship to Claimant: __Attorney for Claimants.__

**Please Read – Important**
Your claim must be filed within six (6) months of the date of the incident (Government Code 911.2)
The claim will be reviewed and will either be settled or denied. You will be notified by mail, if your claim is denied. You will have six (6) months from the date the notice was personally delivered or deposited in the mail to file a court action as to any claims encompassed by the California Tort Claims Act (Government Code 945.6).
Statues of limitations for claims which are not encompassed by the California Tort claims act may run independently.
If you have any questions please call (559) 713-4300.

# City of Visalia
*220 N. Santa Fe St., Visalia, CA 93292*



# Risk Management
*(559) 713-4300   Fax (559) 713-4803*

## Claim for Damages

Claimant's Name: Adrieana Garcia, as successor-in-interest to the Estate of Manual Garcia

SS#:_____ DOB:_____ Gender: Male _____ Female X_____

Claimant's Address: c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Claimant's Phone: c/o: (323) 931-6200 _____ Email address: c/o: YHenriks@law-mh.com

Address where notices about claim are to be sent, if different from above:
Please direct all correspondence to c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Date of incident/accident: 06/24/2020 - 06/25/2020 Date injuries, damages, or losses were discovered: 06/24/2020 - 06/25/2020

Location of incident/accident: In transport to the Kaweah Delta District Hospital

What did entity or employee do to cause this loss, damage, or injury? Please see enclosed correspondence from
McMurray Henriks, LLP, Gov't Claim Form Letter.

*(Use back of this form or separate sheet if necessary to answer this question in detail.)*

What are the names of the city's employees who caused this injury, damage, or loss (if known)?
Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of
jurisdiction. **Note:** If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case"
(See Government Code 910(f). Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.
Please see enclosed correspondence from McMurray Henriks, LLP
How was this amount calculated (please itemize)? Gov't Claim Form Letter.
*(Use back of this form or separate sheet if necessary to answer this question in detail. Also attach pictures and receipts)*

**I declare under penalty of perjury that the foregoing is true and correct. Making a false claim is a felony. (P.C.72)**

Date Signed: 12/23/2020 _____ Signature: _____

If signed by representative:

Representative's Name: Yana G. Henriks, Esq.

Address: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Telephone #: (323) 931-6200

Email: YHenriks@law-mh.com

Relationship to Claimant: Attorney for Claimants.

---

**Please Read – Important**
Your claim must be filed within six (6) months of the date of the incident (Government Code 911.2)
The claim will be reviewed and will either be settled or denied. You will be notified by mail, if your claim is denied. You will have six (6) months
from the date the notice was personally delivered or deposited in the mail to file a court action as to any claims encompassed by the California Tort
Claims Act (Government Code 945.6).
Statues of limitations for claims which are not encompassed by the California Tort claims act may run independently.
If you have any questions please call (559) 713-4300.



# City of Visalia

*220 N. Santa Fe St., Visalia, CA 93292*

**Founded 1852**

# Risk Management

*(559) 713-4300   Fax (559) 713-4803*

## Claim for Damages

( G , individually, a minor by and through his guardian ad litem,

Claimant's Name: Maria Elena Garcia, as successor-in-interest to the Estate of Manual Garcia

SS#:_____     DOB:_____     Gender: Male  X   Female _____

Claimant's Address: c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Claimant's Phone: c/o: (323) 931-6200          Email address: c/o: YHenriks@law-mh.com

Address where notices about claim are to be sent, if different from above:
Please direct all correspondence to c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Date of incident/accident: 06/24/2020 - 06/25/2020 Date injuries, damages, or losses were discovered: 06/24/2020 - 06/25/2020

Location of incident/accident: In transport to the Kaweah Delta District Hospital

What did entity or employee do to cause this loss, damage, or injury? Please see enclosed correspondence from
McMurray Henriks, LLP, Gov't Claim Form Letter.

*(Use back of this form or separate sheet if necessary to answer this question in detail.)*

What are the names of the city's employees who caused this injury, damage, or loss (if known)?
Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of
jurisdiction. **Note:** If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case"
(See Government Code 910(f). Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

Please see enclosed correspondence from McMurray Henriks, LLP
How was this amount calculated (please itemize)? Gov't Claim Form Letter.

*(Use back of this form or separate sheet if necessary to answer this question in detail. Also attach pictures and receipts)*

**I declare under penalty of perjury that the foregoing is true and correct. Making a false claim is a felony. (P.C.72)**

Date Signed: 12/23/2020 _____ Signature: _____

If signed by representative:

Representative's Name: Yana G. Henriks, Esq.

Address:     McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Telephone #:     (323) 931-6200

Email:     YHenriks@law-mh.com

Relationship to Claimant: Attorney for Claimants.

---

**Please Read – Important**

Your claim must be filed within six (6) months of the date of the incident (Government Code 911.2)
The claim will be reviewed and will either be settled or denied. You will be notified by mail, if your claim is denied. You will have six (6) months
from the date the notice was personally delivered or deposited in the mail to file a court action as to any claims encompassed by the California Tort
Claims Act (Government Code 945.6).
Statues of limitations for claims which are not encompassed by the California Tort claims act may run independently.
If you have any questions please call (559) 713-4300.



# *City of Visalia*

*220 N. Santa Fe St., Visalia, CA 93292*

# *Risk Management*

*(559) 713-4300  Fax (559) 713-4803*

## *Claim for Damages*

Claimant's Name: ⟨ ⟨ ⟩, a minor by and through his guardian ad litem, Maria Elena Garcia, as successor-in-interest to the Estate of Manual Garcia

SS#:_____ DOB:_____ Gender: Male _X_ Female _____

Claimant's Address: c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Claimant's Phone: c/o (323) 931-6200    Email address: c/o: YHenriks@law-mh.com

Address where notices about claim are to be sent, if different from above:
Please direct all correspondence to c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Date of incident/accident: 06/24/2020 - 06/25/2020 Date injuries, damages, or losses were discovered: 06/24/2020 - 06/25/2020

Location of incident/accident: In transport to the Kaweah Delta District Hospital

What did entity or employee do to cause this loss, damage, or injury? Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

*(Use back of this form or separate sheet if necessary to answer this question in detail.)*

What are the names of the city's employees who caused this injury, damage, or loss (if known)?
Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. **Note:** If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" (See Government Code 910(f). Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

Please see enclosed correspondence from McMurray Henriks, LLP
How was this amount calculated (please itemize)? Gov't Claim Form Letter.

*(Use back of this form or separate sheet if necessary to answer this question in detail. Also attach pictures and receipts)*

**I declare under penalty of perjury that the foregoing is true and correct. Making a false claim is a felony. (P.C.72)**

Date Signed: 12/23/2020 _____ Signature: _____

If signed by representative:

Representative's Name: Yana G. Henriks, Esq.

Address: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Telephone #: (323) 931-6200

Email: YHenriks@law-mh.com

Relationship to Claimant: Attorney for Claimants.

---

**Please Read – Important**
Your claim must be filed within six (6) months of the date of the incident (Government Code 911.2)
The claim will be reviewed and will either be settled or denied. You will be notified by mail, if your claim is denied. You will have six (6) months from the date the notice was personally delivered or deposited in the mail to file a court action as to any claims encompassed by the California Tort Claims Act (Government Code 945.6).
Statues of limitations for claims which are not encompassed by the California Tort claims act may run independently.
If you have any questions please call (559) 713-4300.

# City of Visalia

*220 N. Santa Fe St., Visalia, CA 93292*



# Risk Management

*(559) 713-4300   Fax (559) 713-4803*

## Claim for Damages

Claimant's Name: __J___ ___G___, individually, a minor by and through her guardian ad litem, Maria Elena Garcia

SS#:_____  DOB:_____  Gender: Male _____ Female __X__

Claimant's Address: _c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017_

Claimant's Phone: _c/o: (323) 931-6200_  Email address: _c/o: YHenriks@law-mh.com_

Address where notices about claim are to be sent, if different from above:
Please direct all correspondence to c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Date of incident/accident: _06/24/2020 - 06/25/2020_ Date injuries, damages, or losses were discovered: _06/24/2020 - 06/25/2020_

Location of incident/accident: _In transport to the Kaweah Delta District Hospital_

What did entity or employee do to cause this loss, damage, or injury? _Please see enclosed correspondence from_
_McMurray Henriks, LLP, Gov't Claim Form Letter._

*(Use back of this form or separate sheet if necessary to answer this question in detail.)*

What are the names of the city's employees who caused this injury, damage, or loss (if known)?
Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. **Note:** If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" (See Government Code 910(f). _Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter._
Please see enclosed correspondence from McMurray Henriks, LLP
How was this amount calculated (please itemize)? _Gov't Claim Form Letter._

*(Use back of this form or separate sheet if necessary to answer this question in detail. Also attach pictures and receipts)*

**I declare under penalty of perjury that the foregoing is true and correct. Making a false claim is a felony. (P.C.72)**

Date Signed: _12/23/2020_  Signature: _____

If signed by representative:

Representative's Name: _Yana G. Henriks, Esq._

Address: _McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017_

Telephone #: _(323) 931-6200_

Email: _YHenriks@law-mh.com_

Relationship to Claimant: _Attorney for Claimants._

---

**Please Read – Important**
Your claim must be filed within six (6) months of the date of the incident (Government Code 911.2)
The claim will be reviewed and will either be settled or denied. You will be notified by mail, if your claim is denied. You will have six (6) months from the date the notice was personally delivered or deposited in the mail to file a court action as to any claims encompassed by the California Tort Claims Act (Government Code 945.6).
Statues of limitations for claims which are not encompassed by the California Tort claims act may run independently.
If you have any questions please call (559) 713-4300.

# City of Visalia

*220 N. Santa Fe St., Visalia, CA 93292*



# Risk Management

*(559) 713-4300  Fax (559) 713-4803*

## Claim for Damages

Claimant's Name: __G__, a minor by and through her guardian ad litem, Maria Elena Garcia, as successor-in-interest to the Estate of Manual Garcia

SS#: _____ DOB: _____ Gender: Male _____ Female _X_

Claimant's Address: c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Claimant's Phone: c/o: (323) 931-6200          Email address: c/o: YHenriks@law-mh.com

Address where notices about claim are to be sent, if different from above:
Please direct all correspondence to c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Date of incident/accident: 06/24/2020 - 06/25/2020 Date injuries, damages, or losses were discovered: 06/24/2020 - 06/25/2020

Location of incident/accident: In transport to the Kaweah Delta District Hospital

What did entity or employee do to cause this loss, damage, or injury? Please see enclosed correspondence from
McMurray Henriks, LLP, Gov't Claim Form Letter.

*(Use back of this form or separate sheet if necessary to answer this question in detail.)*

What are the names of the city's employees who caused this injury, damage, or loss (if known)?
Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. **Note:** If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" (See Government Code 910(f). Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

Please see enclosed correspondence from McMurray Henriks, LLP
How was this amount calculated (please itemize)? Gov't Claim Form Letter.
*(Use back of this form or separate sheet if necessary to answer this question in detail. Also attach pictures and receipts)*

**I declare under penalty of perjury that the foregoing is true and correct. Making a false claim is a felony. (P.C.72)**

Date Signed: 12/23/2020 _____ Signature: _____

If signed by representative:

Representative's Name: Yana G. Henriks, Esq.

Address:       McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Telephone #:  (323) 931-6200

Email:          YHenriks@law-mh.com

Relationship to Claimant: Attorney for Claimants.

---

**Please Read – Important**

Your claim must be filed within <u>six (6) months of the date of the incident</u> (Government Code 911.2)
The claim will be reviewed and will either be settled or denied. You will be notified by mail, if your claim is denied. You will have <u>six (6) months</u> <u>from the date the notice was personally delivered or deposited in the mail</u> to file a court action as to any claims encompassed by the California Tort Claims Act (Government Code 945.6).
Statues of limitations for claims which are not encompassed by the California Tort claims act may run independently.
If you have any questions please call (559) 713-4300.



# City of Visalia
*220 N. Santa Fe St., Visalia, CA 93292*

# Risk Management
*(559) 713-4300  Fax (559) 713-4803*

## Claim for Damages

Claimant's Name: S      G      , individually, a minor by and through her guardian ad litem, Maria Elena Garcia

SS#:_____ DOB:_____ Gender: Male _____ Female __X__

Claimant's Address: c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Claimant's Phone: c/o: (323) 931-6200 _____ Email address: c/o: YHenriks@law-mh.com

Address where notices about claim are to be sent, if different from above:
Please direct all correspondence to c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Date of incident/accident: 06/24/2020 - 06/25/2020 Date injuries, damages, or losses were discovered: 06/24/2020 - 06/25/2020

Location of incident/accident: In transport to the Kaweah Delta District Hospital

What did entity or employee do to cause this loss, damage, or injury? Please see enclosed correspondence from
McMurray Henriks, LLP, Gov't Claim Form Letter.

*(Use back of this form or separate sheet if necessary to answer this question in detail.)*

What are the names of the city's employees who caused this injury, damage, or loss (if known)?
Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. **Note:** If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" (See Government Code 910(f). Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

Please see enclosed correspondence from McMurray Henriks, LLP
How was this amount calculated (please itemize)? Gov't Claim Form Letter.
*(Use back of this form or separate sheet if necessary to answer this question in detail. Also attach pictures and receipts)*

**I declare under penalty of perjury that the foregoing is true and correct. Making a false claim is a felony. (P.C.72)**

Date Signed: 12/23/2020 _____ Signature: _____

If signed by representative:

Representative's Name: Yana G. Henriks, Esq.

Address: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Telephone #: (323) 931-6200

Email: YHenriks@law-mh.com

Relationship to Claimant: Attorney for Claimants.

---

**Please Read – Important**
Your claim must be filed within six (6) months of the date of the incident (Government Code 911.2)
The claim will be reviewed and will either be settled or denied. You will be notified by mail, if your claim is denied. You will have six (6) months from the date the notice was personally delivered or deposited in the mail to file a court action as to any claims encompassed by the California Tort Claims Act (Government Code 945.6).
Statues of limitations for claims which are not encompassed by the California Tort claims act may run independently.
If you have any questions please call (559) 713-4300.

# City of Visalia

*220 N. Santa Fe St., Visalia, CA 93292*



# Risk Management

*(559) 713-4300   Fax (559) 713-4803*

## Claim for Damages

S      G      , a minor by and through her guardian ad litem, Maria Elena Garcia,
Claimant's Name: as successor-in-interest to the Estate of Manual Garcia,

SS#:_____ DOB:_____ Gender: Male _____ Female __X__

Claimant's Address: c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Claimant's Phone: c/o: (323) 931-6200      Email address: c/o: YHenriks@law-mh.com

Address where notices about claim are to be sent, if different from above:
Please direct all correspondence to c/o: McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Date of incident/accident: 06/24/2020 - 06/25/2020 Date injuries, damages, or losses were discovered: 06/24/2020 - 06/25/2020

Location of incident/accident: In transport to the Kaweah Delta District Hospital

What did entity or employee do to cause this loss, damage, or injury? Please see enclosed correspondence from
McMurray Henriks, LLP, Gov't Claim Form Letter.

*(Use back of this form or separate sheet if necessary to answer this question in detail.)*

What are the names of the city's employees who caused this injury, damage, or loss (if known)?
Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of
jurisdiction. **Note:** If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case"
(See Government Code 910(f). Please see enclosed correspondence from McMurray Henriks, LLP, Gov't Claim Form Letter.
Please see enclosed correspondence from McMurray Henriks, LLP
How was this amount calculated (please itemize)? Gov't Claim Form Letter.
*(Use back of this form or separate sheet if necessary to answer this question in detail. Also attach pictures and receipts)*

**I declare under penalty of perjury that the foregoing is true and correct. Making a false claim is a felony. (P.C.72)**

Date Signed: 12/23/2020_____ Signature: _____

If signed by representative:

Representative's Name: Yana G. Henriks, Esq.

Address:        McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017

Telephone #:    (323) 931-6200

Email:          YHenriks@law-mh.com

Relationship to Claimant: Attorney for Claimants.

---

**Please Read – Important**

Your claim must be filed within six (6) months of the date of the incident (Government Code 911.2)
The claim will be reviewed and will either be settled or denied. You will be notified by mail, if your claim is denied. You will have six (6) months
from the date the notice was personally delivered or deposited in the mail to file a court action as to any claims encompassed by the California Tort
Claims Act (Government Code 945.6).
Statues of limitations for claims which are not encompassed by the California Tort claims act may run independently.
If you have any questions please call (559) 713-4300.