Peter G. Bertling (SBN 131602)
Jemma Parker Saunders (SBN 227962)
Bertling Law Group
21 East Canon Perdido Street, Suite 204B
Santa Barbara, CA 93101
Telephone: 805-879-7558
Facsimile: 805-869-1597
peter@bertlinglawgroup.com
jemma@bertlinglawgroup.com

Attorneys for Defendants
CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH,
TRACIA ANDERSON, and ERIC KRENZ.

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ELENA GARCIA, an individual; ADRIEANA GARCIA, an individual; C.G., a minor by and through his guardian ad litem Maria Elena Garcia; S.G., a minor by and through her guardian ad litem Maria Elena Garcia; J.G., a minor by and through her guardian ad litem Maria Elena Garcia; and GLORIA GARCIA; an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FARMERSVILLE, et al.,<br><br>Defendants. | Case No.: 1:21-cv-00482-JLT-EPG<br><br>**DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, TRACIA ANDERSON, AND ERIC KRENZ'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

COMES NOW, Defendants CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH INC, TRACIA ANDERSON, and ERIC KRENZ, in response to Plaintiffs Second Amended Complaint, answer, allege, and plead as follows:

## I.    **INTRODUCTION**

Defendants can neither admit nor deny the allegations of the introductory paragraph based on lack of information.

## II.  **JURISDICTION**

1.     Defendants admit the venue in this Court is proper.

2.     Defendants admit this Court has jurisdiction over this matter.

3.     Defendants can neither admit nor deny the allegations of paragraph 3 based on lack of information.

4.     Defendants can neither admit nor deny the allegations of paragraph 4 based on lack of information.

5.     Defendants can neither admit nor deny the allegations of paragraph 5 based on lack of information.

6.     Defendants can neither admit nor deny the allegations of paragraph 6 based on lack of information.

## III.  **VENUE**

7.     Defendants admit this venue is proper.

## IV.  **PARTIES**

8.     Defendants can neither admit nor deny the allegations of paragraph 8 based on lack of information.

9.     Defendants can neither admit nor deny the allegations of paragraph 9 based on lack of information.

10.     Defendants can neither admit nor deny the allegations of paragraph 10 based on lack of information.

11.     Defendants can neither admit nor deny the allegations of paragraph 11 based on lack of information.

12.     Defendants can neither admit nor deny the allegations of paragraph 12 based on lack of information.

13.     Defendants can neither admit nor deny the allegations of paragraph 13 based on lack of information.

14.     Defendants can neither admit nor deny the allegations of paragraph 14 based on lack of information.

1:21-cv-00482-JLT-EPG

- 2 -

**DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, TRACIA ANDERSON, AND ERIC KRENZ'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

15.     Defendants admit COUNTY OF TULARE ("COUNTY") is a public entity in the State of California.

16.     Defendants admit that COUNTY OF TULARE SHERIFF'S DEPARTMENT ("TSD") is a municipal corporation and a subdivision of the COUNTY.

17.     Defendants admit that CITY OF FARMERSVILLE ("CITY OF FARMERSVILLE") is a municipal entity in the State of California, County of Tulare.

18.     Defendants admit that FARMERSVILLE POLICE DEPARTMENT ("FPD") is a municipal corporation and a subdivision of the CITY OF FARMERSVILLE.

19.     Defendants admit that CITY OF VISALIA ("CITY OF VISALIA") is a municipal entity in the State of California, County of Tulare.

20.     Defendants admit that VISALIA POLICE DEPARTMENT ("VPD") is a municipal corporation and a subdivision of the CITY OF VISALIA.

21.     Defendants admit OFFICER EDUARDO CARRILLO is or was an individual employed by CITY OF FARMERSVILLE and FPD.

22.     Defendants can neither admit nor deny OFFICER DIEGO CORONA is or was an individual employed by CITY OF FARMERSVILLE and FPD based on lack of information.

23.     Defendants can neither admit nor deny OFFICER JEROME BROGAN is or was an individual employed by CITY OF FARMERSVILLE and FPD based on lack of information.

24.     Defendants can neither admit nor deny OFFICER PAULINO MANZANO is or was an individual employed by CITY OF FARMERSVILLE and FPD based on lack of information.

25.     Defendants can neither admit nor deny SERGEANT RALPH VASQUEZ, JR. is or was an individual employed by CITY OF FARMERSVILLE and FPD based on lack of information.

///

DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, TRACIA ANDERSON, AND ERIC KRENZ'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

26.     Defendants can neither admit nor deny LIEUTENANT JAY BROCK is or was an individual employed by CITY OF FARMERSVILLE and FPD based on lack of information.

27.     Defendants can neither admit nor deny SERGEANT CARDENAS is or was an individual employed in the County of Tulare by Defendants COUNTY and TSD based on lack of information.

28.     Defendants can neither admit nor deny DEPUTY MATTHIAS HERNANDEZ is or was an individual employed in the County of Tulare by Defendants COUNTY and TSD based on lack of information.

29.     Defendants can neither admit nor deny DEPUTY TAYLOR HOBSON is or was an individual employed in the County of Tulare by Defendants COUNTY and TSD based on lack of information.

30.     Defendants can neither admit nor deny DEPUTY "S. JAJYO" is or was an individual employed in the County of Tulare by Defendants COUNTY and TSD based on lack of information and can neither admit nor deny the remainder of allegations of paragraph 30 based on lack of information.

31.     Defendants can neither admit nor deny DEPUTY JASON KENNEDY is or was an individual employed in the County of Tulare by Defendants COUNTY and TSD based on lack of information.

32.     Defendants admit CALIFORNIA FORENSIC MEDICAL GROUP/ WELLPATH is licensed to do business in California and providing medical services in the Tulare County Jail via contract with the County of Tulare.

33.     Defendants admit ERIC KRENZ, is or was employed by Wellpath as a Registered Nurse in the County of Tulare.

34.     Defendants admit TRACIA ANDERSON, is or was employed by Wellpath as a Registered Nurse in the County of Tulare.

35.     Defendants can neither admit nor deny the allegations of paragraph 35 based on lack of information.

1:21-cv-00482-JLT-EPG

- 4 -

DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, TRACIA ANDERSON, AND ERIC KRENZ'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

36.     Defendants can neither admit nor deny the allegations of paragraph 36 based on lack of information.

37.     Defendants can neither admit nor deny the allegations of paragraph 37 based on lack of information.

38.     Defendants can neither admit nor deny the allegations of paragraph 38 based on lack of information.

39.     Defendants can neither admit nor deny the allegations of paragraph 39 based on lack of information.

## V.   FACTS COMMON TO ALL CAUSES OF ACTION

40.     Defendants can neither admit nor deny the allegations of paragraph 40 based on lack of information.

41.     Defendants can neither admit nor deny the allegations of paragraph 41 based on lack of information.

42.     Defendants can neither admit nor deny the allegations of paragraph 42 based on lack of information.

43.     Defendants can neither admit nor deny the allegations of paragraph 43 based on lack of information.

44.     Defendants can neither admit nor deny the allegations of paragraph 44 based on lack of information.

45.     Defendants can neither admit nor deny the allegations of paragraph 45 based on lack of information.

46.     Defendants can neither admit nor deny the allegations of paragraph 46 based on lack of information.

47.     Defendants can neither admit nor deny the allegations of paragraph 47 based on lack of information.

48.     Defendants admit the allegations of paragraph 48.

49.     Defendants can neither admit nor deny the allegations of paragraph 48 based on lack of information.

50.     Defendants deny the allegations of paragraph 50 as to themselves and can neither admit nor deny the allegations contained in paragraph 50 of plaintiffs' Second Amended Complaint as to any other defendant based on lack of information.

51.     Defendants admit Krenz and Anderson were Registered Nurses employed by Wellpath.  Defendants can neither admit nor deny the remainder of allegations of paragraph 51 based on lack of information.

52.     Defendants admit Wellpath contracts with Tulare County to provide medical services in the Tulare County Jail.  Defendants deny the remainder of allegations of paragraph 52 based on information and belief.

53.     Defendants deny the allegations of paragraph 53 as to themselves and can neither admit nor deny the allegations contained in paragraph 53 of plaintiffs' Second Amended Complaint as to any other defendant based on lack of information.

54.     Defendants deny the allegations of paragraph 54 as to themselves and can neither admit nor deny the allegations contained in paragraph 54 of plaintiffs' Second Amended Complaint as to any other defendant based on lack of information.

55.     Defendants deny the allegations of paragraph 55 as to themselves and can neither admit nor deny the allegations contained in paragraph 55 of plaintiffs' Second Amended Complaint as to any other defendant based on lack of information.

56.     Paragraph 56 is incomplete, and defendants cannot respond as phrased.

57.     Defendants deny the allegations of paragraph 57 as to themselves and can neither admit nor deny the allegations contained in paragraph 57 of plaintiffs' Second Amended Complaint as to any other defendant based on lack of information.

58.     Defendants can neither admit nor deny the allegations of paragraph 58 based on lack of information.

59.     Defendants can neither admit nor deny the allegations of paragraph 59 based on lack of information.

60.     Defendants can neither admit nor deny the allegations of paragraph 60 based on lack of information.

1:21-cv-00482-JLT-EPG

- 6 -
DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, TRACIA ANDERSON,
AND ERIC KRENZ'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

1
2
61.     Defendants can neither admit nor deny the allegations of paragraph 61 based on lack of information.

3
4
62.     Defendants can neither admit nor deny the allegations of paragraph 62 based on lack of information.

5
6
63.     Defendants can neither admit nor deny the allegations of paragraph 63 based on lack of information.

7
8
64.     Defendants can neither admit nor deny the allegations of paragraph 64 based on lack of information.

9
10
65.     Defendants can neither admit nor deny the allegations of paragraph 65 based on lack of information.

11
12
66.     Defendants admit that the autopsy report cited Decedent's cause of death as "accidental acute methamphetamine toxicity."

13
14
15
67.     Defendants deny the allegations of paragraph 67 as to themselves and can neither admit nor deny the allegations contained in paragraph 67 of plaintiffs' Second Amended Complaint as to any other defendant based on lack of information.

16
68.     No allegations are made against defendants at paragraphs 68.

17
18
19
69.     Defendants deny the allegations of paragraph 69 as to themselves and can neither admit nor deny the allegations contained in paragraph 69 of plaintiffs' Second Amended Complaint as to any other defendant based on lack of information.

20
21
22
70.     Defendants deny the allegations of paragraph 70 as to themselves and can neither admit nor deny the allegations contained in paragraph 70 of plaintiffs' Second Amended Complaint as to any other defendant based on lack of information.

23
24
25
71.     Defendants deny the allegations of paragraph 71 as to themselves and can neither admit nor deny the allegations contained in paragraph 71 of plaintiffs' Second Amended Complaint as to any other defendant based on lack of information.

26
27
28
72.     Defendants deny the allegations of paragraph 72 as to themselves and can neither admit nor deny the allegations contained in paragraph 72 of plaintiffs' Second Amended Complaint as to any other defendant based on lack of information.

73.     Defendants deny the allegations of paragraph 73 as to themselves and can neither admit nor deny the allegations contained in paragraph 73 of plaintiffs' Second Amended Complaint as to any other defendant based on lack of information.

74.     Defendants deny the allegations of paragraph 74 as to themselves and can neither admit nor deny the allegations contained in paragraph 74 of plaintiffs' Second Amended Complaint as to any other defendant based on lack of information.

75.     Defendants can neither admit nor deny the allegations of paragraph 75 based on lack of information.

76.     Defendants can neither admit nor deny the allegations of paragraph 76 based on lack of information.

## VI.  CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### DENIAL OF MEDICAL CARE, 42 U.S.C. §1983
### (Against Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, KRENZ, ANDERSON, and DOES 1-100, inclusive)

77.     In response to the allegations of paragraph 77, defendants admit, deny, and/or neither admit nor deny the allegations set forth in the relevant paragraphs above.

78.     Defendants need not respond to paragraph 78 of plaintiffs' Second Complaint as it is merely plaintiffs' rendition of law.

79.     No allegations are made against defendants at paragraphs 79.

80.     Defendants deny the allegations of paragraph 80 as to themselves and can neither admit nor deny the allegations contained in paragraph 80 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

81.     Defendants deny the allegations of paragraph 81 as to themselves and can neither admit nor deny the allegations contained in paragraph 81 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

///

82.    Defendants deny the allegations of paragraph 82 as to themselves and can neither admit nor deny the allegations contained in paragraph 82 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

83.    Defendants deny the allegations of paragraph 83 as to themselves and can neither admit nor deny the allegations contained in paragraph 83 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

84.    Defendants can neither admit nor deny the allegations of paragraph 84 of plaintiffs' Second Complaint based on lack of information.

85.    Defendants deny the allegations of paragraph 85 as to themselves and can neither admit nor deny the allegations contained in paragraph 85 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

86.    Defendants deny the allegations of paragraph 86 as to themselves and can neither admit nor deny the allegations contained in paragraph 86 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

87.    Defendants deny the allegations of paragraph 87 as to themselves and can neither admit nor deny the allegations contained in paragraph 87 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

88.    Defendants deny the allegations of paragraph 88 as to themselves and can neither admit nor deny the allegations contained in paragraph 88 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

89.    Defendants deny the allegations of paragraph 89 as to themselves and can neither admit nor deny the allegations contained in paragraph 89 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

90.    Defendants deny the allegations of paragraph 90 as to themselves and can neither admit nor deny the allegations contained in paragraph 90 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

///
///

91.     Defendants deny the allegations of paragraph 91 as to themselves and can neither admit nor deny the allegations contained in paragraph 91 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

92.     Defendants deny the allegations of paragraph 92 as to themselves and can neither admit nor deny the allegations contained in paragraph 92 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

93.     Defendants deny the allegations of paragraph 93 as to themselves and can neither admit nor deny the allegations contained in paragraph 93 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

94.     Defendants deny the allegations of paragraph 94 as to themselves and can neither admit nor deny the allegations contained in paragraph 94 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

95.     Defendants deny the allegations of paragraph 95 as to themselves and can neither admit nor deny the allegations contained in paragraph 95 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

96.     Defendants deny the allegations of paragraph 96 as to themselves and can neither admit nor deny the allegations contained in paragraph 96 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

97.     Defendants deny plaintiffs are entitled to the relief requested at paragraph 97 of the Second Amended Complaint or at all.

98.     Defendants deny the allegations of paragraph 98 as to themselves and can neither admit nor deny the allegations contained in paragraph 98 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

## **SECOND CAUSE OF ACTION**

### **EXCESSIVE FORCE, 42 U.S.C. §1983**

### **(Against Defendants CARRILLO and DOES 1-100, inclusive)**

99.     In response to the allegations of paragraph 99, defendants admit, deny, and/or neither admit nor deny the allegations set forth in the relevant paragraphs above.

100. No allegations are made against defendants at paragraphs 99 through 112.

## THIRD CAUSE OF ACTION

## DENIAL OF MEDICAL (*MONELL*)

## (Against Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, WELLPATH, and DOES 1-100, inclusive)

113. In response to the allegations of paragraph 113, defendants admit, deny, and/or neither admit nor deny the allegations set forth in the relevant paragraphs above.

114. Defendants deny the allegations of paragraph 114 as to themselves and can neither admit nor deny the allegations contained in paragraph 114 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

115. Defendants deny the allegations of paragraph 115 as to themselves and can neither admit nor deny the allegations contained in paragraph 115 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

116. Defendants deny the allegations of paragraph 116 as to themselves and can neither admit nor deny the allegations contained in paragraph 116 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

117. Defendants deny the allegations of paragraph 117 as to themselves and can neither admit nor deny the allegations contained in paragraph 117 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

118. Defendants deny the allegations of paragraph 118 as to themselves and can neither admit nor deny the allegations contained in paragraph 118 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

119. Defendants deny the allegations of paragraph 119 as to themselves and can neither admit nor deny the allegations contained in paragraph 119 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

120. Defendants deny the allegations of paragraph 120 as to themselves and can neither admit nor deny the allegations contained in paragraph 120 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

**DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, TRACIA ANDERSON, AND ERIC KRENZ'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

121.   Defendants deny the allegations of paragraph 121 as to themselves and can neither admit nor deny the allegations contained in paragraph 121 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

122.   Defendants deny the allegations of paragraph 122 as to themselves and can neither admit nor deny the allegations contained in paragraph 122 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

123.   Defendants deny the allegations of paragraph 123 as to themselves and can neither admit nor deny the allegations contained in paragraph 123 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

124.   Defendants deny the allegations of paragraph 124 as to themselves and can neither admit nor deny the allegations contained in paragraph 124 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

125.   Defendants deny the allegations of paragraph 125 as to themselves and can neither admit nor deny the allegations contained in paragraph 125 of plaintiffs' Second Complaint as to any other defendant based on lack of information

126.   Defendants deny plaintiffs are entitled to the relief requested at paragraph 126 of the Second Amended Complaint or at all.

127.   Defendants deny the allegations of paragraph 127 as to themselves and can neither admit nor deny the allegations contained in paragraph 127 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

## FOURTH CAUSE OF ACTION

### FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE, 42 U.S.C. §1983, *MONELL*

### (Against Defendants COUNTY OF TULARE, TSD, CITY OF FARMERSVILLE, FPD, WELLPATH, and DOES 1-100, inclusive)

128.   In response to the allegations of paragraph 128, defendants admit, deny, and/or neither admit nor deny the allegations set forth in the relevant paragraphs above.

129.   No allegations are made against defendants at paragraphs 129.

1:21-cv-00482-JLT-EPG

- 12 -
DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, TRACIA ANDERSON,
AND ERIC KRENZ'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

130. Defendants deny the allegations of paragraph 130 as to themselves and can neither admit nor deny the allegations contained in paragraph 130 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

131. Defendants deny the allegations of paragraph 131 as to themselves and can neither admit nor deny the allegations contained in paragraph 131 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

132. No allegations are made against defendants at paragraphs 132.

133. No allegations are made against defendants at paragraphs 133.

134. No allegations are made against defendants at paragraphs 134.

135. Defendants deny the allegations of paragraph 135 of plaintiffs' Second Amended Complaint.

136. Defendants deny the allegations of paragraph 136 as to themselves and can neither admit nor deny the allegations contained in paragraph 136 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

137. Defendants deny the allegations of paragraph 137 as to themselves and can neither admit nor deny the allegations contained in paragraph 137 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

138. Defendants deny the allegations of paragraph 138 as to themselves and can neither admit nor deny the allegations contained in paragraph 138 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

139. Defendants deny the allegations of paragraph 139 as to themselves and can neither admit nor deny the allegations contained in paragraph 139 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

140. Defendants deny the allegations of paragraph 140 as to themselves and can neither admit nor deny the allegations contained in paragraph 140 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

///

///

DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, TRACIA ANDERSON, AND ERIC KRENZ'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

141.  Defendants deny the allegations of paragraph 141 as to themselves and can neither admit nor deny the allegations contained in paragraph 141 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

142.  Defendants deny the allegations of paragraph 142 as to themselves and can neither admit nor deny the allegations contained in paragraph 142 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

143.  Defendants deny the allegations of paragraph 143 as to themselves and can neither admit nor deny the allegations contained in paragraph 143 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

144.  Defendants deny the allegations of paragraph 144 as to themselves and can neither admit nor deny the allegations contained in paragraph 144 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

145.  Defendants deny the allegations of paragraph 145 as to themselves and can neither admit nor deny the allegations contained in paragraph 145 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

146.  Defendants deny the allegations of paragraph 146 as to themselves and can neither admit nor deny the allegations contained in paragraph 146 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

147.  Defendants deny the allegations of paragraph 147 as to themselves and can neither admit nor deny the allegations contained in paragraph 147 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

148.   Defendants deny the allegations of paragraph 148 as to themselves and can neither admit nor deny the allegations contained in paragraph 148 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

149.  Defendants deny the allegations of paragraph 149 as to themselves and can neither admit nor deny the allegations contained in paragraph 149 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

///

150. Defendants deny the allegations of paragraph 150 as to themselves and can neither admit nor deny the allegations contained in paragraph 150 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

151. Defendants deny the allegations of paragraph 151 as to themselves and can neither admit nor deny the allegations contained in paragraph 151 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

152. Defendants deny the allegations of paragraph 152 as to themselves and can neither admit nor deny the allegations contained in paragraph 152 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

153. Defendants deny the allegations of paragraph 153 as to themselves and can neither admit nor deny the allegations contained in paragraph 153 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

## FIFTH CAUSE OF ACTION

## MUNICIPAL LIABILITY – RATIFICATION (*MONELL)*

## Against Defendants COUNTY OF TULARE, TSD, CITY OF FARMERSVILLE, FPD, WELLPATH, and DOES 1-100, inclusive)

154. In response to the allegations of paragraph 154, defendants admit, deny, and/or neither admit nor deny the allegations set forth in the relevant paragraphs above.

155. Defendants deny the allegations of paragraph 155 as to themselves and can neither admit nor deny the allegations contained in paragraph 155 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

156. Defendants deny the allegations of paragraph 156 as to themselves and can neither admit nor deny the allegations contained in paragraph 156 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

157. Defendants deny the allegations of paragraph 157 as to themselves and can neither admit nor deny the allegations contained in paragraph 157 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

///

DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, TRACIA ANDERSON, AND ERIC KRENZ'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

158. Defendants deny the allegations of paragraph 158 as to themselves and can neither admit nor deny the allegations contained in paragraph 158 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

159. Defendants deny the allegations of paragraph 159 as to themselves and can neither admit nor deny the allegations contained in paragraph 159 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

160. Defendants deny the allegations of paragraph 160 as to themselves and can neither admit nor deny the allegations contained in paragraph 160 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

161. Defendants deny the allegations of paragraph 161 as to themselves and can neither admit nor deny the allegations contained in paragraph 161 of plaintiffs' Second Complaint as to any other defendant based on lack of information

162. Defendants deny plaintiffs are entitled to the relief requested at paragraph 162 of the Second Amended Complaint or at all.

163. Defendants deny the allegations of paragraph 163 as to themselves and can neither admit nor deny the allegations contained in paragraph 163 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

## SIXTH CAUSE OF ACTION

### WRONGFUL DEATH

**(Against Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAJYO, KENNEDY, KRENZ, ANDERSON, WELLPATH, and DOES 1-100, inclusive)**

164. In response to the allegations of paragraph 164, defendants admit, deny, and/or neither admit nor deny the allegations set forth in the relevant paragraphs above.

165. Defendants can neither admit nor deny the allegations of paragraph 165 based on lack of information.

///

166.    Defendants deny the allegations of paragraph 166 as to themselves and can neither admit nor deny the allegations contained in paragraph 166 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

167.    Defendants deny the allegations of paragraph 167 as to themselves and can neither admit nor deny the allegations contained in paragraph 167 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

168.    Defendants deny the allegations of paragraph 168 as to themselves and can neither admit nor deny the allegations contained in paragraph 168 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

169.    Defendants deny the allegations of paragraph 169 as to themselves and can neither admit nor deny the allegations contained in paragraph 169 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

170.    No allegations are made against defendants at paragraphs 170.

171.    Defendants deny the allegations of paragraph 171 as to themselves and can neither admit nor deny the allegations contained in paragraph 171 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

172.    Defendants deny the allegations of paragraph 172 as to themselves and can neither admit nor deny the allegations contained in paragraph 172 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

173. Defendants deny the allegations of paragraph 173 as to themselves and can neither admit nor deny the allegations contained in paragraph 173 of plaintiffs' Second Complaint as to any other defendant based on lack of information

174. Defendants deny the allegations of paragraph 174 as to themselves and can neither admit nor deny the allegations contained in paragraph 174 of plaintiffs' Second Complaint as to any other defendant based on lack of information

175.    Defendants deny plaintiffs are entitled to the relief requested at paragraph 175 of the Second Amended Complaint or at all.

///

- 17 -
DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, TRACIA ANDERSON, AND ERIC KRENZ'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

176. No allegations are made against defendants at paragraphs 176.

177. Defendants admit Krenz and Anderson were agents and/or employees of Wellpath acting within their scope of employment. Defendants deny the remainder of allegations of paragraph 177.

178. No allegations are made against defendants at paragraphs 178.

## SEVENTH CAUSE OF ACTION

## NEGLIGENCE

**(Against Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAJYO, KENNEDY, KRENZ, ANDERSON, WELLPATH, and DOES 1-100, inclusive)**

179. In response to the allegations of paragraph 179, defendants admit, deny, and/or neither admit nor deny the allegations set forth in the relevant paragraphs above.

180. Defendants admit Krenz and Anderson were agents and/or employees of Wellpath. Defendants can neither admit nor deny the remainder of allegations of paragraph 180 based on lack of information.

181. Defendants can neither admit nor deny the allegations of paragraph 181 based on lack of information.

182. Defendants admit Tulare County contracts with Wellpath to provide medical care in the Tulare County Jail.

183. Defendants can neither admit nor deny the allegations of paragraph 183 based on lack of information.

184. Defendants can neither admit nor deny the allegations of paragraph 184 based on lack of information.

185. Defendants can neither admit nor deny the allegations of paragraph 185 based on lack of information.

186. Defendants can neither admit nor deny the allegations of paragraph 186 based on lack of information.

DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, TRACIA ANDERSON, AND ERIC KRENZ'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

187. Defendants admit decedent was transported to the Hospital in a patrol car, and deny the remainder of allegations of paragraph 187.

188. Defendants can neither admit nor deny the allegations of paragraph 188 based on lack of information.

189. Defendants can neither admit nor deny the allegations of paragraph 189 based on lack of information.

190. Defendants deny the allegations of paragraph 190 and all subparts as to themselves and can neither admit nor deny the allegations contained in paragraph 190 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

191. Defendants admit Krenz and Anderson were acting within the scope of their employment with Wellpath at all times relevant to this Complaint. Defendants can neither admit nor deny the remainder of allegations of paragraph 191 based on lack of information.

192. Defendants deny the allegations of paragraph 193 as to themselves and can neither admit nor deny the allegations contained in paragraph 193 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

193. Defendants deny the allegations of paragraph 193 as to themselves and can neither admit nor deny the allegations contained in paragraph 193 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

194. Defendants deny the allegations of paragraph 194 as to themselves and can neither admit nor deny the allegations contained in paragraph 194 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

195. Defendants deny plaintiffs are entitled to the relief requested at paragraph 195 of the Second Amended Complaint or at all.

///
///
///
///

**DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, TRACIA ANDERSON, AND ERIC KRENZ'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

## EIGHT CAUSE OF ACTION

### [Failure to Properly Investigate (42 U.S.C. §1983)

### (Against Defendants COUNTY OF TULARE, CITY OF FARMERSVILLE, CITY OF VISALIA, and DOES 1-100, inclusive)

196.   In response to the allegations of paragraph 196, defendants admit, deny, and/or neither admit nor deny the allegations set forth in the relevant paragraphs above.

197.   No allegations are made against defendants at paragraphs 196 through 213.

## NINTH CAUSE OF ACTION

### [Right of Association (42 U.S.C. §1983)

### (Against Defendants CARRILLO, CORONA, BROGAN, MANZANO, VASQUEZ, BROCK, CARDENAS, HERNANDEZ, HOBSON, JAYJO, KENNEDY, and DOES 1-100, inclusive)

214.   In response to the allegations of paragraph 214, defendants admit, deny, and/or neither admit nor deny the allegations set forth in the relevant paragraphs above.

215.   No allegations are made against defendants at paragraphs 214 through 220.

## TENTH CAUSE OF ACTION

### [Violation of California Civil Code §52.1 (Bane Act)

### (Against All Defendants and DOES 1-100, inclusive)

221.   In response to the allegations of paragraph 221, defendants admit, deny, and/or neither admit nor deny the allegations set forth in the relevant paragraphs above.

222.   Defendants need not respond to the allegations of paragraph 222 as they are merely plaintiffs' renditions of the law.

223.   Defendants need not respond to the allegations of paragraph 223 as they are merely plaintiffs' renditions of the law.

224.   Defendants deny the allegations of paragraph 224 as to themselves and can neither admit nor deny the allegations contained in paragraph 224 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

///

1:21-cv-00482-JLT-EPG

- 20 -
DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, TRACIA ANDERSON,
AND ERIC KRENZ'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

225. Defendants deny the allegations of paragraph 225 as to themselves and can neither admit nor deny the allegations contained in paragraph 225 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

226. No allegations are made against defendants at paragraph 226.

227. Defendants deny the allegations at paragraph 227 of plaintiffs' Second Amended Complaint.

228. Defendants need not respond to paragraph 228 of plaintiffs' Second Complaint as it is merely plaintiffs' rendition of law.

229. Defendants deny the allegations of paragraph 229 as to themselves and can neither admit nor deny the allegations contained in paragraph 229 of plaintiffs' Second Complaint as to any other defendant based on lack of information

230. Defendants deny the allegations of paragraph 230 as to themselves and can neither admit nor deny the allegations contained in paragraph 230 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

231. Defendants deny the allegations of paragraph 231 as to themselves and can neither admit nor deny the allegations contained in paragraph 231 of plaintiffs' Second Complaint as to any other defendant based on lack of information.

## ELEVENTH CAUSE OF ACTION

### [Violation of the Americans with Disabilities Act)

### (Against Defendants COUNTY OF TULARE and CITY OF FARMERSVILLE)

232. In response to the allegations of paragraph 232, defendants admit, deny, and/or neither admit nor deny the allegations set forth in the relevant paragraphs above.

233. No allegations are made against defendants at paragraphs 232 through 250.

## TWELFTH CAUSE OF ACTION

### [Violation of the Rehabilitation Act)

### (Against Defendants COUNTY OF TULARE and CITY OF FARMERSVILLE)

251. In response to the allegations of paragraph 251, defendants admit, deny, and/or neither admit nor deny the allegations set forth in the relevant paragraphs above.

252.   No allegations are made against defendants at paragraphs 251 through 261.

## VII.   PRAYER FOR RELIEF

In response to the allegations of paragraphs (i) through (ix) of plaintiffs' prayer for relief in their Second Amended Complaint, Defendants deny all prior allegations and thereby deny that plaintiffs are entitled to the relief sought or any relief as alleged or at all.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

As and for first affirmative defense, defendants allege that all actions taken, were undertaken in good faith and with reasonable belief that said actions were valid, necessary, and constitutionally proper, thus, defendants are entitled to qualified immunity.

## SECOND AFFIRMATIVE DEFENSE

As and for second and separate affirmative defense, defendants allege that plaintiff has failed to allege and/or have not stated facts sufficient to show an affirmative link between these answering defendants and the acts which allegedly caused plaintiffs injuries in alleged violation plaintiff's rights.

## THIRD AFFIRMATIVE DEFENSE

As and for third and separate affirmative defense, defendants allege that pursuant to *Government Code* §815, these answering defendants are not liable for any injury, except as otherwise provided by statute.

## FOURTH AFFIRMATIVE DEFENSE

As and for fourth and separate affirmative defense, defendants allege that these answering defendants are immune from liability pursuant to *Government Code* §820.4.

## FIFTH AFFIRMATIVE DEFENSE

As and for fifth and separate affirmative defense, defendants allege on information and belief that persons or entities other than these answering defendants were responsible for the damages, if any there were which defendants deny, alleged by plaintiff. It was this

1:21-cv-00482-JLT-EPG

- 22 -

DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, TRACIA ANDERSON, AND ERIC KRENZ'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

fault or negligence of third parties, and not any act or acts of these answering defendants, which proximately contributed to the damages, if any, suffered by plaintiff. This defense is interposed only in the alternative and does not admit any of the allegations of the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

As and for sixth and separate affirmative defense, defendants allege that plaintiffs' action are barred by all applicable *Government Code* immunities including, but not limited to §§ 815.6,818.2, 818.6, 818.8, 820, 820.8, 821, 821.4, 821.6, 822.2, 844.6, 845, 845.6, 845.8(b) and 846. Said sections are pleaded as though fully set forth herein.

## SEVENTH AFFIRMATIVE DEFENSE

As and for seventh and separate affirmative defense, defendants allege they are entitled to immunities provided by the *California Business & Professions Code* §2395, 2396 and 2397.

## EIGHTH AFFIRMATIVE DEFENSE

As and for eighth and separate affirmative defense, defendants are immune from liability by reason of the provisions of the *California Penal Code*, including but not limited to §834a, 835, 835a, 836, 836.5, 847 and *Civil Code* §43.55.

## NINTH AFFIRMATIVE DEFENSE

As and for ninth and separate affirmative defense, all the while denying that plaintiff has any constitutional claim or right as alleged or at all, defendant further denies that any act or failure to act as alleged or otherwise in contravention of plaintiff's civil rights occurred, this answering defendant asserts that all actions or decisions not to act by these defendants was performed in good faith and without malice and without realization or recognition that such conduct would violate any rights of plaintiff, if in fact plaintiff's rights were violated which these defendants deny, such acts or decisions not to act as were performed, were performed with due care and with due regard for the rights of all parties involved, including the public, and as such, these answering defendants are immune from claims that they violated  plaintiffs' alleged civil rights based upon this

good faith belief. Furthermore, each action or decision not to act was reasonable under the totality of circumstances present and operative as of the time each such decision and said acts or decisions not to act did not violate any clearly established statutory or constitutional right of which a reasonable person should have known.

## TENTH AFFIRMATIVE DEFENSE

As and for tenth and separate affirmative defense, defendants allege that plaintiffs have failed to comply with the *Code of Civil Procedure* §425.13(a) with respect to their alleged claim for punitive damages against medical care providers, with respect to any alleged claim against such health care provider under California statutes.

## ELEVENTH AFFIRMATIVE DEFENSE

As and for eleventh affirmative defense, defendants allege the Second Amended Complaint fails to state a claim of liability against defendants pursuant to *Monell v. Dept. of Social Services*, 436 U.S. 658.

## TWELFTH AFFIRMATIVE DEFENSE

As and for twelfth affirmative defense, to the extent the Complaint herein seeks punitive damages, it violates defendant's right to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California, and it further violates defendant's rights to protection against "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article 1, Section XVII of the Constitution of the State of California. It further violates defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California.

## THIRTEENTH AFFIRMATIVE DEFENSE

As and for thirteenth and separate affirmative defense, defendants allege that defendants did not deliberately indifferently adopt, ratify, or enforce any custom, practice or policy which deprived the plaintiffs of any federally protected constitutional rights.

///

## FOURTEENTH AFFIRMATIVE DEFENSE

As and for fourteenth and separate affirmative defense, defendants allege that plaintiffs did not exercise ordinary care, caution, or prudence to avoid the happening of the incident complained of herein, and said incident and the injuries and damages, if any, sustained by plaintiffs were directly and proximately caused and contributed to by the negligence of said plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

As and for fifteenth and separate affirmative defense, defendants allege that the Second Amended Complaint on file herein fails to state facts sufficient to constitute a cause of action against these answering defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

As and for sixteenth and separate affirmative defense, defendants allege that plaintiffs acted with full knowledge of all the facts and circumstances surrounding plaintiff's injuries, and that said matters of which plaintiffs and/or decedent assumed the risk proximately contributed to and proximately caused plaintiff's injuries, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As and for seventeenth and separate affirmative defense, defendants allege that damages for alleged attorney's fees are limited in this action by the provisions of Prison Litigation Reform Act, as described by the Ninth Circuit decision of *Madrid v. Gomez*, 172 F.3d 1252 (9th Cir. 1999), in that decedent was an inmate during the times of the events alleged as misconduct in this lawsuit.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As and for eighteenth and separate affirmative defense, defendants allege that plaintiffs' claims are barred by the doctrines of qualified and sovereign immunities.

## NINETEENTH AFFIRMATIVE DEFENSE

As and for nineteenth affirmative defense, defendants allege plaintiffs have waived any and all claims they may have or have had against defendants.

///

## TWENTIETH AFFIRMATIVE DEFENSE

As and for twentieth affirmative defense, defendants allege plaintiffs' claims are barred by *California Government Code* §820.2 which provides immunity for discretionary acts of public employees and by *California Government Code* §815.2(b) which bars liability against a public entity from injuries arising from alleged acts or omissions of an employee of the public entity where the employee is immune from liability.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for twenty-first affirmative defense, defendants allege plaintiffs have engaged in conduct with respect to the activities which are the subject of the Second Amended Complaint and by reason of said activities and conduct, plaintiffs are estopped from asserting any claim of damages or seeking any other relief against defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As and for twenty-second affirmative defense, defendants allege that at all times within the Second Amended Complaint, defendants acted in good faith, without malice and within their respective scope of the duties.

## TWENTY-THIRDAFFIRMATIVE DEFENSE

As and for twenty-third affirmative defense, defendants allege that by virtue of plaintiffs' unlawful, immoral, careless, negligent, and other wrongful conduct, plaintiffs should be barred from recovering against defendants by the Equitable Doctrine of Unclean Hands.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As and for twenty-fourth affirmative defense, defendants allege that plaintiffs have failed to exercise reasonable care and diligence to avoid loss and to minimize damages and that, therefore, plaintiffs may not recover for losses which could have been prevented by reasonable efforts on their part or by expenditures which might reasonably have been made, and, therefore, plaintiffs' recovery, if any, should be reduced by the failure to mitigate damages, if any there be.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

As and for twenty-fifth affirmative defense, defendants allege they are not liable for any alleged acts or omissions of its independent contractors, pursuant to *Government Code* §815.4.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

As and for twenty-sixth affirmative defense, defendants allege the injuries and damages of which plaintiffs complain, if any there be, were proximately and legally caused or contributed to by the acts of other persons and/or entities, which acts were an intervening and/or superseding cause of the alleged injuries and damages, if any, thus barring plaintiff from recovery against defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As and for twenty-seventh affirmative defense, defendants allege *Government Code* § 818 bars any award of punitive damages sought to be assessed against defendants.

## TWENTY-EIGHT AFFIRMATIVE DEFENSE

As and for twenty-eighth and separate affirmative defense, defendants allege that the action is barred by the appropriate statute of limitations, as set forth in *Code of Civil Procedure* §§340, 340.5, et seq.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

As and for a twenty-ninth and separate affirmative defense, defendants allege that in the event these answering defendants are found to be negligent, which is expressly herein denied, these defendants may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to plaintiffs pursuant to *California Civil Code* §3333.1. This is a statutory affirmative defense. As this is an action for professional negligence, asserted against a health care provider, defendants are entitled to submit evidence of payments to plaintiffs by collateral sources.

## THIRTIETH AFFIRMATIVE DEFENSE

As and for a thirtieth and separate affirmative defense, defendants allege that in the event these answering defendants are found to be negligent, which is expressly herein

denied, the damages for non-economic losses shall not exceed the amounts specified in *California Civil Code* §3333.2. This is a statutory affirmative defense. As this is an action for professional negligence, asserted against a healthcare provider, plaintiffs' cause of action are governed by *California Civil Code* §3333.2, which limits plaintiffs' recovery of non-economic damages to $250,000.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

As and for a thirty-first and separate affirmative defense, that in the event these answering defendants are found to be negligent, which is expressly herein denied, these defendants may elect to have future damages, if in excess of the amount specified in *California Code of Civil Procedure* §667.7, paid in whole or in part as specified in *Code of Civil Procedure* §667.7. This is a statutory affirmative defense. As this is an action for professional negligence, asserted against a healthcare provider, defendants are entitled to the provisions of *California Code of Civil Procedure* §667.7.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

As a thirty-second and separate affirmative defense, defendants are informed and believe and based thereon alleges that they are entitled to set offs for any recovery by Plaintiffs received from any source, for the damages and costs alleged in the Second Complaint herein.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

As and for a thirty-third affirmative defense, defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional as yet unstated defenses available. Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

///
///
///
///
///

**DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, TRACIA ANDERSON, AND ERIC KRENZ'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

| | Respectfully Submitted, |
|---|---|
| DATED: July 22, 2022 | Bertling Law Group |
| | |
| | */s/ Peter G. Bertling* |
| | Peter G. Bertling |
| | Jemma Parker Saunders |
| | Attorneys for Defendants |
| | CALIFORNIA FORENSIC MEDICAL |
| | GROUP dba WELLPATH; TRACIA |
| | ANDERSON, and ERIC KRENZ. |

## **DEMAND FOR JURY TRIAL**

Defendants CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH;
TRACIA ANDERSON, and ERIC KRENZ hereby demand a jury trial of this matter.

| | Respectfully Submitted, |
|---|---|
| DATED: July 22, 2022 | Bertling Law Group |
| | |
| | */s/ Peter G. Bertling* |
| | Peter G. Bertling |
| | Jemma Parker Saunders |
| | Attorneys for Defendants |
| | CALIFORNIA FORENSIC MEDICAL |
| | GROUP dba WELLPATH; TRACIA |
| | ANDERSON, and ERIC KRENZ. |

1:21-cv-00482-JLT-EPG

- 29 -

**DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, TRACIA ANDERSON,
AND ERIC KRENZ'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**