1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ELENA GARCIA, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF FARMERSVILLE, *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-00482-JLT-EPG<br><br>ORDER GRANTING IN PART PLAINTIFFS' PARTIAL MOTION TO DISMISS, DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR SANCTIONS, AND GRANTING PLAINTIFFS' LEAVE TO AMEND THEIR COMPLAINT<br><br>(Docs. 109, 110, 111) |

Plaintiffs are the family members of decedent Manuel Garcia, who passed away shortly after his arrest by Farmersville Police Department officers.  (SAC, Doc. 67 at 10–14.)  Plaintiffs have filed their Second Amended Complaint against multiple defendants, including the City of Visalia, for violations of civil rights pursuant to 42 U.S.C. § 1983.

Plaintiffs' move the Court to dismiss two claims against the City pursuant to Federal Rule of Civil Procedure 41(a). (Doc. 109.)  The City partially opposes this motion, (Doc. 112), and has filed a Motion for Summary Judgment on both claims, (Doc. 110), and a Motion for Sanctions under Rule 11.  (Doc. 111.)  For the reasons set forth below, Plaintiffs' partial Motion to Dismiss, (Doc. 109), is **GRANTED IN PART** to the extent Plaintiffs seek leave to amend their Complaint.

Defendant's Motion for Summary Judgment, (Doc. 110), and Motion for Sanctions, (Doc. 111), are **DENIED WITHOUT PREJUDICE**.

1

## I.     BACKGROUND

On June 24, 2020, officers with the FPD arrested decedent Manuel Garcia (hereinafter, "Manuel") for allegedly disturbing the peace.  (SAC, Doc. 67 at ¶¶ 40–41.)  After arriving at Manuel's home, FPD officers transported him to the Tulare County Adult Pre-Trial Facility ("TCAPF") in Visalia, where Manuel began to exhibit signs and symptoms of being under the influence of controlled substances.  (*Id.* at ¶¶ 43–44.)  Though Manuel displayed clear signs of intoxication, officers allegedly failed to transport Manuel to a hospital for medical clearance prior to booking him.  (*Id.* at ¶¶ 44–47.)  After booking Manuel, registered nurses at TCAPF then noticed Manuel "was diaphoretic, had a severely elevated heart rate, and needed physical stimulation for him to respond," and eventually transported Manuel to a hospital in Visalia.  (*Id.* at ¶ 51–54.)  Manuel arrived at the hospital, where he was unresponsive.  (*Id.* at ¶ 62.)  After medical personnel attempted to resuscitate him, emergency room doctors pronounced Manuel dead.  (*Id.* at ¶ 63–64.)[1]  An autopsy report on Manuel provided that his cause of death was "accidental acute methamphetamine toxicity."  (*Id.* at ¶ 66.)

Manuel's four children, wife, and mother have filed the instant civil rights action.  (*Id.* at ¶¶ 9–14.)  Plaintiffs now move to strike allegations from their eighth cause of action against the City, brought under § 1983 for failure to properly investigate, and additionally, move to voluntarily dismiss their tenth cause of action against the City, brought under California's Bane Act.  (Doc. 109.)  The City partially opposes the motions, (Doc. 112), and has moved for summary judgment and for sanctions regarding both claims.  (Docs. 110, 111.)

## II.     LEGAL STANDARD

### A.     Partial Dismissal and Striking of Allegations

When a plaintiff requests to dismiss a defendant, or put differently, to dismiss all claims against a particular defendant, Rule 41(a) governs the analysis; alternatively, the dismissal of only *some* claims against a defendant falls under the purview of Rule 15.  *Compare Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) ("Rule 41(a) . . . allow[s]

---

[1] Though the SAC states that Manuel was pronounced dead on "January 24, 2020," the Court infers this was a typographical error, given the bulk of the events all occurred on *June* 24, 2020.  (*See* SAC, Doc. 67 at ¶ 64.)

the dismissal of *all* claims against *one* defendant, so that a defendant may be dismissed from the entire action.") (emphases in original) *and Miller v. Sawant*, 811 F. App'x 408, 410 (9th Cir. 2020) ("Plaintiffs dismissed *all* claims against the City—not a subset of their claims—and the dismissal was therefore pursuant to Rule 41(a), not Rule 15(a), which governs amendments to the complaint.") (emphasis in original) (citation omitted) *with Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995) ("Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims.") (collecting cases) *and Sneller v. City of Bainbridge Island*, 606 F.3d 636, 639 (9th Cir. 2010) ("Filing a motion for leave to amend the complaint under Rule 15 thus constitutes effective withdrawal because it is the only procedure available under the rules to withdraw individual challenged claims.") (citation omitted).  Though Plaintiffs request partial dismissal of their two claims against the City, they do not seek to drop their claims against the City in the entirety.  Accordingly, the Court may only look to Plaintiffs' alternative request to amend their Complaint, brought under Rule 15.  (*See id.* at 9.)

   "After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)).  Courts have broad discretion to grant leave to amend a complaint.  *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020).  In determining whether a plaintiff should be granted leave to amend, the Court must consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814–15 (9th Cir. 2020) (internal quotation marks and citation omitted).  The most important factor is prejudice to the opposing party.  *Eminence Cap.*, 316 F.3d at 1052.  Absent such prejudice, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original) (citation omitted).  Generally, Rule 15 advises that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

   Plaintiffs request that the Court strike from their SAC certain allegations from their eighth

1  cause of action for failure to properly investigate.  (Doc. 109 at 2, 5.)  Though Plaintiffs brought

2  this motion under only Rules 15 and 41, a motion to strike allegations from a complaint is

3  properly noticed under Rule 12(f).  Fed. R. Civ. P. 12(f).  District courts have discretion to strike

4  from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  *Id.*; *Ehart v.*

5  *Lahaina Divers, Inc.*, 92 F.4th 844, 849 (9th Cir. 2024); *Davidson v. Kimberly-Clark Corp.*, 889

6  F.3d 956, 963 (9th Cir. 2018).  The Court may strike such material either *sua sponte*, or on a

7  party's motion made either before a response to the pleading has been filed, or within 21 days

8  after being served with the pleading.  Fed. R. Civ. P. 12(f)(1)–(2).

9  ### III.    DISCUSSION

10  A.    <u>Tenth Cause of Action: Bane Act Claim</u>

11  Plaintiffs' SAC has raised a Bane Act claim against the City in a cursory manner.  (*See*

12  SAC, Doc. 67 at 44 ("Against All Defendants") (boldface and internal parenthetical omitted).)

13  Plaintiffs now request the dismissal of this claim against the City, or in the alternative, seek leave

14  to file a Third Amended Complaint.  (Doc. 109 at 7, 9.)  In Opposition, the City plainly represents

15  that it "concurs that Plaintiffs' 10[th] Cause of Action brought under the Bane Act is

16  unmeritorious and should be dismissed.  <u>COV stipulates to its dismissal</u>."  (Doc. 112 at 3

17  (capitalizations in original) (underlining added).)  Though the parties agree to dismissal of this

18  claim, as previously stated above, only Rule 15 applies to this inquiry.  The Court cannot dismiss

19  this claim under Rule 41. Accordingly, the Court **GRANTS IN PART** Plaintiffs' motion, (Doc.

20  109), to the extent they request leave to file a third amended complaint for the purpose of deleting

21  this claim.

22  B.    <u>Eighth Cause of Action</u>

23  Plaintiffs move to strike from the SAC "any allegations" that the City "*failed to*

24  *investigate* the death of decedent Manuel Garcia, leaving intact Plaintiffs' allegations that [the

25  City] failed to properly or adequately investigate the same[.]" (Doc. 109 at 2 (emphasis in

26  original), 5.)  The City responds in two parts.  (Doc. 112 at 3.)  First, the City contends that the

27  motion to strike "is procedurally defective and inappropriate at this late stage of the proceedings."

28  (*Id.* at 3.)  Because the City has filed a responsive pleading in the form of an Answer, (Doc. 71),

1  the Court agrees with Defendant that Plaintiffs' motion to strike is untimely.  Fed. R. Civ. P.

2  12(a)(1)(A); *id.* § (f)(2).

3        In the alternative, the City opposes Plaintiffs' secondary request for leave to amend.

4  (Doc. 112 at 4.) To begin, the Court disagrees with Defendant's assertion that amending the SAC

5  would unduly delay this case.  (*Id.* at 4.)  Plaintiffs have indicated—though rather unclearly—that

6  they wish to remove allegations against the City and possibly reduce the City's potential § 1983

7  liability.  Such amendment may hasten this lawsuit against the City.  Next, the City is normally

8  correct that where a plaintiff has previously amended its complaint, this may give rise to an

9  inference that any further amendment is futile.  *See, e.g.*, *Zucco Partners, LLC v. Digimarc Corp.*,

10  552 F.3d 981, 1008 (9th Cir. 2009) ("[R]epeated failure to cure deficiencies" constitutes "a strong

11  indication that the [plaintiff] has no additional facts to plead" and "that any attempt to amend

12  would be futile").  The Court agrees that the intended amendments are unclear and confusing.

13  (*See* Doc. 112 at 4 ("Amendment is pointless.  Removing from the pleadings any allegation that

14  the City failed to conduct any investigation into the death of the decedent Manuel Garcia, but

15  leaving intact allegations that the City failed to properly or adequately investigate his death

16  resolves nothing.").)  Neither Plaintiffs' counsel's attached Declaration, (Doc. 109-1 at 1–5), nor

17  the parties' email communications, (*id.* at 6–15), shed any light on how Plaintiffs intend to

18  materially amend this claim.  Thus, the Court grants leave to amend **only** to the extent that

19  Plaintiffs intend to delete the allegations that the City failed to investigate the death of Manuel

20  Garcia *and* to dismiss the Eighth Cause of Action against the City in full.

21        C.    Motion for Sanctions (Doc. 111)

22        The City has filed a Rule 11 Motion for Sanctions, requesting that the Court "award

23  sanctions against Plaintiffs and their counsel in the amount of $71,225.29 for the filing and

24  prosecution of this frivolous action against the City." (Doc. 111 at 29.)  However, as previously

25  discussed, Plaintiffs sought to dismiss or amend their meritless claims prior to the City's filing of

26  this motion.  (Doc. 109.)

27        "Rule 11 authorizes a court to impose a sanction on any attorney, law firm, or party that

28  brings a claim for an improper purpose or without support in law or evidence." *Sneller v. City of*

*Bainbridge Island*, 606 F.3d 636, 638–39 (9th Cir. 2010).  However, the movant may not file a motion for sanctions "if the challenged paper, claim, defense, contention, or denial is withdrawn or properly corrected within 21 days after service or within another time the court sets."  Fed. R. Civ. P. 11(c)(2); *see also Sneller*, 606 F.3d at 639.  Where a proposed amended complaint intends to omit "each of the claims referenced in [the] Defendant['s] motion for sanctions," Rule 11's safe harbor provision is invoked, and there "is nothing more that the [Plaintiffs] [are] required to do in terms of withdrawing the challenged claims."  *Sneller*, 606 F.3d at 639 (citation omitted).  In other words, "[f]iling a motion for leave to amend the complaint under Rule 15 thus constitutes effective withdrawal because it is the only procedure available under the rules to withdraw individual challenged claims."  *Id.* (citation omitted).  Because it is unclear whether Plaintiffs intend to dismiss the eighth cause of action, the City's Motion for Sanctions, (Doc. 111), is **DENIED WITHOUT PREJUDICE**.

### IV.    CONCLUSION AND ORDER

Based on the foregoing, it is **ORDERED** that:

1.  Plaintiffs' partial Motion to Dismiss, (Doc. 109), is **GRANTED IN PART**.

2.  The Court **GRANTS** Plaintiffs leave to remove their eighth cause of action and any language that the City failed to investigate the death of Manuel Garcia.

3.  The Court **GRANTS** Plaintiffs leave to remove their tenth cause of action.

4.  The City's Motion for Summary Judgment, (Doc. 110), is **DENIED WITHOUT PREJUDICE**.  The City may renew its motion for summary judgment, if necessary, after Plaintiffs file their TAC.

5.  **Within 21 days**, Plaintiffs may file a Third Amended Complaint.  Failure to timely file an amended Complaint indicates to the Court that Plaintiffs wish to continue litigation based on their current Complaint.

///
///
///
///

6. The City's Motion for Sanctions, (Doc. 111), is **DENIED WITHOUT PREJUDICE**. Defendant may renew the motions as appropriate, if necessary, after the filing of the TAC.

IT IS SO ORDERED.

Dated:   **October 2, 2024**

UNITED STATES DISTRICT JUDGE

7