1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Maria Elena Garcia et al.,                    No. 1:21-cv-00482-KJM-EPG

12                   Plaintiffs,                    ORDER

13        v.

14   City of Farmersville et al.,

15                   Defendants.

16

17        In two previous orders, the court directed the parties to meet and confer and file a joint

18   status report on the effect of the bankruptcy proceedings in the Bankruptcy Court for the Southern

19   District of Texas.  Min. Order (Mar. 7, 2025), ECF No. 199; Order (Apr. 14, 2025), ECF No. 204.

20   The court is in receipt of the parties' second joint status report regarding the impact of the

21   bankruptcy proceedings.  Report (May 13, 2025), ECF No. 207.  The parties agree the automatic

22   stay has been lifted to allow plaintiffs to pursue certain claims against the non-debtor defendants

23   including the County of Tulare (Tulare), the City of Farmersville (Farmersville) and Officer

24   Eduardo Carrillo.  The parties also agree the automatic stay remains in effect as it relates to the

25   pending causes of action against defendant California Forensic Medical Group Inc. d/b/a

26   Wellpath.  *Id.* at 3.

27        Defendants Farmersville and Carrillo contend "further briefing is required on the issue of

28   whether this action may proceed to trial without violating the automatic stay given the current

1

1  posture of the bankruptcy case." *Id.*  Farmersville and Carrillo also cite to two district court cases

2  involving Wellpath's bankruptcy where the courts "opted to stay the entire case given the

3  intertwined issues with other defendants." *Id.* at 4 (citing *Putman v. Cnty. of Tuscola*, 2025 U.S.

4  Dist. LEXIS 48100, at *14 (E.D. Mich. March 17, 2025); *Doss v. Cnty. of Alameda*, 2024 U.S.

5  Dist. LEXIS 218513, at *4 (N.D. Cal. Dec. 3, 2024)).  Plaintiffs and Tulare do not address

6  whether additional briefing is required or if a discretionary stay is appropriate.  The court declines

7  to address whether a discretionary stay is appropriate without a formal motion and briefing by the

8  parties.

9         The defendants filed their pending motions for summary judgment nearly two years ago,

10  before the bankruptcy court effectuated an automatic stay.  Considering the age of the motions for

11  summary judgment and the parties' disagreement about the need for further briefing, the court

12  now sets a deadline of **30 days from the filed date of this order** for parties not subject to the

13  bankruptcy court's partial stay to either renew their summary judgment motions, request

14  additional briefing on defendants' pending motions, or move for a discretionary stay of the case.

15  If defendants do not file anything in response to this order, the court will consider the pending

16  motions for summary judgment withdrawn and will set a final pretrial conference.  The parties are

17  again reminded that any renewed motion must comply with this District's Local Rules, including

18  Rule 230 and this court's standing orders.  Available dates for oral argument can be found on

19  Senior District Judge Kimberly J. Mueller's homepage of the court's website.

20         The court of clerk is **directed** to update the caption of the case to indicate the matter is no

21  longer stayed.

22         IT IS SO ORDERED.

23   DATED:  June 6, 2025.

_____

SENIOR UNITED STATES DISTRICT JUDGE