UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maria Elena Garcia, et al., | No. 1:21-cv-00482-KJM-EPG |
| Plaintiffs, | ORDER |
| v. | |
| City of Farmersville, et al., | |
| Defendants. | |

In a previous order, the court directed the parties not subject to the automatic stay imposed by the Bankruptcy Court for the Southern District of Texas to "either renew their summary judgment motions, request additional briefing on defendants' pending motions, or move for a discretionary stay of the case." Prev. Order (June 9, 2025), ECF No. 212. The court again reminded parties that any motion must comply with this District's Local Rules and this court's standing order, including this court's requirement that parties meet and confer. *Id.*

Defendant City of Farmersville notified the court of its renewal of its motion for summary judgment, Mot. Summ. J., ECF No. 159, and its position that additional briefing is not necessary, Not. Renewal, ECF No. 215. The court will issue a separate order resolving that motion on the briefs as submitted.

On July 1, 2025, defendant County of Tulare (Tulare) filed a Motion for Administrative Relief, requesting a discretionary stay of the matter. Mot. Stay, ECF No. 213. Whether to stay a

1

1    case is an "exercise of judgment, which must weigh competing interests and maintain an even
2    balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).  The party moving for a stay, here
3    Tulare, "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997)
4    (internal citation omitted).  As the Supreme Court has prescribed, "if there is even a fair
5    possibility that the stay . . . will work damage to some one else," then the party seeking the stay
6    "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255.

7         Under the Local Rules of this District, motions for administrative relief are reserved for
8    non-substantive "miscellaneous" administrative matters such as extending deadlines, setting page
9    limitations and similar requests that can be decided without a hearing.  *See* E.D. Cal. L.R. 233.
10   As plaintiffs correctly point out in opposition, Tulare's request for a discretionary stay is a
11   substantive matter that cannot be characterized as miscellaneous or administrative.  *See* Opp'n,
12   ECF No. 216.  Moreover, plaintiffs' filing asserts that the bankruptcy court has now resolved the
13   related bankruptcy matter such that the contours of the case that can proceed before this court are
14   now clear.  *Id*. at 3–5.  Plaintiffs' representation appears to be correct, even if certain questions
15   about who may be called as a witness in any trial, for example, may still need to be resolved by
16   this court.  Beyond being improperly characterized and noticed, Tulare's motion does not cite to
17   any controlling authority to support its request for a discretionary stay.  *See* Mot. Stay.  Tulare
18   says only "that the matter should be tried as a whole" and it is "prepared to go to trial" when "all
19   parties are as well."  Mot. Stay at 2.  Tulare does not "make out a clear case of hardship or
20   inequity" if this court does not impose a discretionary stay.  *Landis*, 299 U.S. at 255.  In reply,
21   Tulare explains its motion "is simply suggesting that all parties would remain as they are
22   currently, pending the resolution of any Motions for Summary Judgment on file."  Reply at 2,
23   ECF No. 216.  While Tulare's reply seemingly implies it no longer believes a discretionary stay is
24   warranted, Tulare did not withdraw its motion or otherwise clarify its position to the court.

25        The court has repeatedly warned the parties in this case of their duties to follow this
26   court's standing order and this District's Local Rules.  Tulare defendants are specifically
27   cautioned at this point that this court's rules regarding citations must not be disregarded. The
28   basic purpose of a legal citation is to allow the reader to locate a cited source accurately and

efficiently. Parties are expected to cite to authority and any cited authority should be relevant to the matter at hand and identify the source and specific page referenced. Given the court's repeated warnings to the parties in this case about the applicability of the Local Rules and this court's standing order, **any subsequent deviation from these rules or any other rules in this court's standing order is likely to result** in sanctions and the court may decline to consider any noncompliant filing.

As explained in a previous order, the court "declines to address whether a discretionary stay is appropriate without a formal motion and briefing by the parties." Prev. Order (June 9, 2025) at 2. The court therefore **denies** Tulare's motion for a discretionary stay.

This order resolves ECF No. 213.

IT IS SO ORDERED.

DATED: September 22, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE

3