UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ELENA GARCIA et al., | No. 1:21-cv-00482-DAD-EPG |
| Plaintiffs, | ORDER REQUIRING SUPPLEMENTAL BRIEFING IN SUPPORT OF THE UNOPPOSED APPLICATION FOR APPROVAL OF MINOR'S COMPROMISE AND DENYING THE PARTIES' JOINT *EX PARTE* MOTION FOR EXPEDITED RULING |
| v. | |
| CITY OF FARMERSVILLE et al., | |
| Defendants. | (Doc. No. 248) |

This matter is before the court on plaintiff J.G.'s unopposed application for approval of minor's compromise settling her claims against defendants City of Farmersville and Eduardo Carillo (the "Farmersville defendants") and the parties' joint *ex parte* motion for an advanced and expedited ruling on the application for minor's compromise. (Doc. Nos. 237, 248.)

On March 19, 2026, the Farmersville defendants filed a statement of non-opposition to the application for approval of minor's compromise. (Doc. No. 243.) On March 24, 2026, the application was taken under submission pursuant to Local Rule 230(g). (Doc. No. 244.) For the reasons explained below, plaintiff's counsel is directed to file supplemental briefing providing adequate support for the application.

/////

1

**BACKGROUND**

This case arose from the death of plaintiff J.G.'s father, Manuel Garcia ("decedent"). J.G.'s mother, grandmother, and three siblings are also plaintiffs in this action. (Doc. No. 182 at ¶¶ 8–11, 13.) Plaintiffs' operative third amended complaint asserted the following causes of action under both federal and state law: (1) Denial of medical care in violation of 42 U.S.C. § 1983; (2) Excessive use of force in violation of 42 U.S.C. § 1983; (3) A *Monell* claim for denial of medical care; (4) Failure to train, supervise, and discipline in violation of 42 U.S.C. § 1983 and under *Monell*; (5) A *Monell* claim for municipal liability under a ratification theory; (6) a state law claim for wrongful death; (7) a state law negligence claim; (8) Failure to investigate in violation of 42 U.S.C. § 1983; (9) Infringement on the right of association in violation of 42 U.S.C. § 1983; (10) violation of California Civil Code § 52.1, The Bane Act; (11) Violation of 42 U.S.C. §§ 12101 *et seq.*, the Americans with Disability Act; and (12) Violation of 29 U.S.C. § 794(a), The Rehabilitation Act. (*Id.* at ¶¶ 77–261.)

On January 13, 2026, plaintiffs reached a settlement with the Farmersville defendants at a settlement conference conducted by the assigned magistrate judge. (Doc. No. 231.) Under the terms of the settlement, the Farmersville defendants will pay plaintiffs a total sum of $375,000.00. (Doc. No. 237-2 at ¶ 8.) The total settlement will be divided equally among all five plaintiffs, meaning that plaintiff J.G. will receive a gross settlement amount of $75,000.00. (Doc. No. 237 at 5.) Pursuant to the contingency agreement entered into by plaintiffs and their attorneys, attorneys' fees in the amount of $30,000.00 (40%) will be deducted from that amount. (*Id.*) In addition, it is now proposed that $17,048.22 in costs also be deducted from plaintiff J.G.'s total recovery. (*Id.*)

**LEGAL STANDARD**

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court

2

must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (citation omitted).

In examining the fairness of a settlement of a minor's federal claims, the district court's inquiry should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82; *see also id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only). In examining the fairness of a settlement of a minor's federal claims, the district court's inquiry should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82; *see also id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only). As to state law claims, under California law a settlement for a minor and attorney's fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601. Finally, the Local Rules of this court require the parties to make disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and the minor's attorney. *See* Local Rule 202(b)–(c).

## DISCUSSION

In petitions for a minor's compromise, courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts. *See, e.g.*, *Bravo v. United States*, No. 1:14-cv-01004-AWI-JLT, 2016 WL 3418450, at *2–3 (E.D. Cal. June 22, 2016) (considering the posture of the case and the fact that the settlement occurred as a result of a court-supervised settlement conference); *Hagan v. Cal. Forensic Med. Grp.*, No. 2:07-cv-01095-LKK-AC, 2013 WL 461501, /////

3

at *1 (E.D. Cal. Feb. 5, 2013) (considering court-approved minor's settlements in other cases), *report and recommendation adopted*, 2013 WL 552386 (E.D. Cal. Feb. 12, 2013).

As an initial matter, plaintiffs here have provided the information required by Local Rule 202, namely plaintiff J.G.'s age and sex, the nature of the causes of action to be settled, the facts out of which the causes of action arose, the manner in which the settlement amount was determined, and details regarding the payment to plaintiffs' attorneys of certain outstanding costs. (Doc. No. 237 at 4, 16–18.)

Here, under the proposed settlement agreement, after deducting $30,000 in attorneys' fees and $17,048.22 in purported costs, the minor plaintiff J.G. will receive a net settlement amount of $27,951.78 from the Farmersville defendants.  (Doc. Nos. 237 at 11; 237-1 at ¶ 21.)  Plaintiff J.G's counsel contends that this settlement of the minor's claims is fair and reasonable and "aligns with recoveries in similar cases."[1]  (Doc. No. 237 at 12.)  However, the court finds counsel's present showing in this regard to be insufficient.

It may be that a case may be made that the proposed net settlement amount to be received by minor plaintiff J.G., here $27,951.78, is fair and reasonable in light of awards in cases with similar facts and similar claims.  *See Cantu v. Kings County.*, No. 1:20-cv-00538-JLT-SAB, 2024 WL 169153, at *1 (E.D. Cal. Jan. 16, 2024) (approving net settlement of $19,092.75 for plaintiff minor whose father died in county jail because county officials failed to provide him adequate medical treatment for a seizure disorder); *Clines v. County of San Diego*, No. 20-cv-02504-W-BLM, 2022 WL 16851818, at *4–5 (S.D. Cal. Nov. 10, 2022) (approving a net settlement amount of $9,441.50 to plaintiff minor whose parent died of a fentanyl overdose in jail), *report and recommendation adopted sub nom. K.C.A. ex rel. Purvis v. County of San Diego*, No. 20-cv-02504-W-BLM, 2022 WL 17097422 (S.D. Cal. Nov. 21, 2022); *E.R. v. County of Stanislaus*, No. 1:14-cv-00662-DAD-SKO, 2016 WL 3354334, at *1–3 (E.D. Cal. June 16, 2016) (approving a

---

[1]  For instance, the only citation counsel provides in support of this conclusion is to "*Toscano v. City of Fresno*, 2017 WL 2483119, at *1 (E.D. Cal. 2017)."  (Doc. No. 237 at 12.)  That citation, however, is to an actual petition for approval of a minor's compromise filed by the plaintiffs' counsel in that case, not to any court order approving a minor's compromise.  In short, the citation is to no authority at all.

net settlement of $19,000 for minor plaintiff whose parent died by suicide while in custody), *report and recommendation adopted*, No. 1:14-cv-00662-DAD-SKO, 2016 WL 4011718 (E.D. Cal. July 26, 2016).

Nonetheless, the court is unable to approve the application as currently submitted due to the limited and confusing supporting information provided by counsel.  The court acknowledges that counsel has provided some, albeit limited, information regarding counsel's experience; the time and labor expended; the guardian *ad litem*'s assent to the requested attorneys' fees; and the contingent nature of the case.  (Doc. No. 237-1 at ¶¶ 4–21.)  However, in the court's view, the information submitted provides an insufficient basis upon which to approve the minor's compromise without more.  See *L.P. ex rel. Yamin B. v. Bella Mente Montessori Acad.*, No. 3:23-cv-01166-LL-AHG, 2023 WL 4908833, at * 3–6 (S.D. Cal. Aug. 1, 2023) (granting approval of a minor's compromise applying both state and federal law in light of the presence of both federal and state claims and approving attorney fees in an amount representing 22% of the gross settlement proceeds), *report and recommendation adopted*, No. 23-cv-01166-LL-AHG, 2023 WL 11835242 (S.D. Cal. Aug. 8, 2023); *see also E.H. v. California Exposition & State Fair*, No. 2:22-cv-01844-DAD-DB, 2023 WL 8527703, at *2 (E.D. Cal. Dec. 8, 2023) ("This pending motion seeks an order awarding attorneys' fees amounting to 25% of the total recovery, plus costs. (citation omitted.)  In the Eastern District of California, 25% of the recovery is a reasonable benchmark for attorneys' fees in contingency cases involving minors.").  Recognizing that counsel has represented having a 40% contingency fee approved by a district court on a minor's compromise in a wrongful death action (Doc. No. 237-1 at ¶ 7) and that counsel has opined that a 40% contingency fee is reasonable in a case such as this (*id*. at ¶ 14), the undersigned nonetheless

/////

/////

/////

/////

/////

/////

5

finds that additional support for such a fee is necessary here where counsel's net percentage of the recovery under the proposed settlement will be greater than the minor plaintiff's.[2]

The court is also concerned with counsel's conclusory explanation of plaintiff J.G.'s share of the costs amounting to approximately 23% of the gross recovery. Counsel informs the court only that "[t]he total costs related to investigative services, court filings, messenger services, record retrieval, and other litigation expenses were approximately $85,241.08[,]" and request that $17,048.22, be deduced from plaintiff J.G.'s gross settlement recovery, without further explanation or supporting documentation.[3] (Doc. No. 237 at 14.) Because counsel has failed to provide any sort of detailed breakdown of these costs or an explanation as to how or why they were incurred on the minor plaintiff's behalf, the court cannot conclude that the costs sought to be recovered are reasonable. *See Valle Hernandez v. United States*, No. 1:23-cv-00835-SKO, 2025 WL 895314, at *4 (E.D. Cal. Mar. 24, 2025) (denying a motion to approve minors' compromise in part because the plaintiffs failed to explain the cost involved in retaining an expert witness); *Williams v. Dumaguindin*, No. 2:20-cv-09042-VAP-AS, 2022 WL 16959394, at *2 (C.D. Cal. Apr. 7, 2022) (denying a petition for approval of settlement of minor's compromise involving state and federal claims where plaintiff's counsel failed to provide sufficient details regarding requested costs); *cf. R.T.B. ex rel. Breault v. United States*, No. 19-cv-02305-W-KSC, 2021 WL

---

[2] The court is aware that this settlement was reached as a result of a conference presided over by the assigned magistrate judge. While this factor generally weighs in favor of granting approval of the minor's compromise, there is no indication that the amount of attorneys' fees and costs was part of the settlement negotiations and it is unlikely that the magistrate judge was even aware of what counsel would be seeking in that regard. If that is not the case, counsel can address the issue in the supplemental submission.

[3] Counsel throws out several other numbers in discussing the costs incurred on behalf of minor plaintiff J.G., including: "From the time of retention on the matter in 2021 to the present, the costs total approximately $150,000.00" (Doc. No. 237 at 13); "The deposition costs came to a total of approximately $26,305.76" (*id.*); "it cost approximately $42,612.50 for the services of the four (4) experts (*id.*); and "The total amount of costs apportioned to the Garcia Plaintiffs amounts to $225,000.00" (*id.* at 14). None of these other numbers appear, however, to have any relation to the "total costs related to investigative services, court filings, messenger services, record retrieval, and other litigation expenses [that] were approximately $85,241.08[]" – the amount counsel seeks 1/5 of or $17,048.22 in costs as part of the minor's compromise. This confusing array of cost numbers should also be addressed in counsel's supplemental submission.

6

6062552, at *5 (S.D. Cal. Dec. 22, 2021) ("After reviewing the Litigation Cost Invoice, and understanding the facts and issues in this case, the Court finds that the requested costs are reasonable and fair."), *report and recommendation adopted*, No. 19-cv-02305 W-KSC, 2022 WL 1195538 (S.D. Cal. Jan. 4, 2022).

For the reasons explained above,

1.     Plaintiff is DIRECTED to file supplemental briefing addressing the concerns outlined above within seven (7) days from the date of issuance of this order;

2.     The joint motion requesting this court to expedite ruling on the pending motion for approval of minor's compromise (Doc. No. 248), is DENIED; and

3.     The alternative request that the motion for approval of minor's compromise be referred to the assigned magistrate judge for disposition is also DENIED.

IT IS SO ORDERED.

Dated:   **May 12, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE