UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIA ELENA GARCIA, et al.,

Plaintiffs,

v.

CITY OF FARMERSVILLE, et al.,

Defendants.

No. 1:21-cv-00482-DAD-EPG

ORDER GRANTING UNOPPOSED APPLICATION FOR APPROVAL OF MINOR'S COMPROMISE

(Doc. No. 237)

This matter is before the court on plaintiffs' unopposed application for approval of minor compromise settling minor plaintiff J.G.'s claims against defendants City of Farmersville and Eduardo Carillo (the "Farmersville defendants") and against defendant Tulare County. (Doc. No. 237.) For the reasons explained below, the court will grant the application.

**BACKGROUND**

The facts of this case have already been discussed in a prior order issued on May 13, 2026. (Doc. No. 249 at 2.) In sum, plaintiffs Maria Garcia, Adrieana Garcia, C.G., S.G., J.G., and Gloria Garcia bring this civil rights action alleging claims under federal and California law against several individual and entity defendants for the death of plaintiffs' family member, Manuel Garcia, after he was arrested by Farmersville police officers. (Doc. No. 182.) On October 9, 2025, the previously assigned district judge granted summary judgment in favor

/////

of the Farmersville defendants as to plaintiffs' *Monell* claims and deemed plaintiffs' ADA and Rehabilitation Act claims abandoned. (Doc. No. 219.)

Following the granting of summary judgment in favor of the Farmersville defendants, the following claims that were alleged against those defendants in the plaintiffs' third amended complaint survived: (1) denial of medical care in violation of 42 U.S.C. § 1983 brought against defendant Carrillo; (2) excessive force in violation of 42 U.S.C. § 1983 brought against defendant Carrillo; (3) wrongful death pursuant to California Code of Civil Procedure § 377.60 brought against the Farmersville defendants; (4) deprivation of the right of association in violation of 42 U.S.C. § 1983 brought against defendant Carrillo; (5) violation of California Civil Code § 52.1, the Bane Act brought against the Farmersville defendants and (6) negligence brought against the Farmersville defendants. (Doc. Nos. 182 at ¶¶ 77–112, 164–95, 214–31; Doc. No. 219 at 18.) The surviving claims brought against defendant Tulare County are: (1) wrongful death in violation of California Code of Civil Procedure § 377.60; (2) negligence; and (3) violation of the Bane Act, California Civil Code § 52.1 (Doc. Nos. 182 at ¶¶ 164–95, 221–31; 219 at 18.)

On January 13, 2026, plaintiffs participated in a settlement conference with the Farmersville defendants and defendant Tulare County over which the assigned magistrate judge presided. (Doc. No. 231.) As a result, plaintiffs reached a settlement as to their claims brought against the Farmersville defendants and defendant Tulare County. (*Id.*) Pursuant to that settlement agreement, the Farmersville defendants agreed to pay plaintiffs $375,000.00 in exchange for a release of all claims alleged against them in the complaint. (Doc. No. 237-2 at 3.)

On March 5, 2026, plaintiffs filed the pending application for approval of a minor's compromise. (Doc. No. 237.) In that application, plaintiffs' counsel Yana Henriks ("attorney Henriks" or "counsel") represents that the $375,000.00 gross settlement amount will be divided equally among the five plaintiffs. (Doc. No. 237 at 5.) Counsel further states that 40% in attorneys' fees will be deducted from the pre-cost gross settlement amount pursuant to the contingency fee agreement that plaintiffs entered into with their counsel on January 7, 2021. (*Id.*;

/////

/////

Doc. No. 237-1 at ¶¶ 9–10.)[1] Accordingly, if the pending application is granted, minor plaintiff J.G. will recover a gross settlement amount of $75,000.00 from which $30,000.00 in attorneys' fees and $17,048.22 in costs will be deducted leaving the minor with a net settlement amount of only $27,951.78. (*Id.* at 16.)

On May 13, 2026, the court issued an order directing attorney Henriks to file supplemental briefing in support of the application for approval of minor's compromise. (Doc. No. 249.) In that order, the court raised several concerns regarding the information that attorney Henriks had provided the court in support of the application. (*Id.* at 5–7.) Specifically, the court took issue with the fact that counsel has requested to recover attorneys' fees and costs that would amount to a net recovery for counsel of an amount greater than the minor plaintiff would receive without providing much explanation or citation to authority to justify such an award of attorneys' fees and costs.[2] (*Id.* at 5–7.) The court further indicated that it was unable to determine whether the amount of costs sought by counsel was reasonable due to the conclusory explanations advanced in the application for approval, particularly in light of the "confusing array of cost numbers" that counsel threw out in her discussion of the costs advanced by counsel in this action. (*Id.* at n.3) (listing several amounts of costs that counsel stated were incurred in this action and pointing out how none of those numbers appeared "to have any relation to the 'total costs related to investigative services, court filings, messenger services, record retrieval, and other litigation expenses [that] were approximately $85,241.08[]' – the amount counsel seeks 1/5 of or $17,048.22 in costs as part of the minor's compromise.").

On May 19, 2026, counsel filed supplemental briefing in support of the pending application. (Doc. Nos. 252, 253.) On May 22, 2026, the Farmersville defendants filed a second

---

[1] While the contingency fee agreement itself is not before the court, counsel states in a sworn declaration that "[i]t was explained to Plaintiff, Maria Elena Garcia, and stated in the fee agreement, that the computation of attorney's fees for Minor J.G. would be forty percent (40%) of the pre-cost's gross recovery in the case, if settled after the filing of a lawsuit." (Doc. No. 237-1 at ¶¶ 9–10.)

[2] The amount that counsel seeks to recover in fees and costs equals approximately 63% of plaintiff J.G.'s gross settlement.

statement of non-opposition to the application for approval of minor's compromise. (Doc. No. 254.)

**LEGAL STANDARD**

As the court previously noted, it has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (citation omitted).

In examining the fairness of a settlement of a minor's federal claims, the district court's inquiry should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82; *see also id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only).

As to state law claims, under California law a settlement for a minor and attorney's fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601.

Finally, the Local Rules of this court require the parties to make disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and the minor's attorney. *See* Local Rule 202(b)–(c).

**DISCUSSION**

In petitions for a minor's compromise, courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's

explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts. *See, e.g.*, *Bravo v. United States*, No. 1:14-cv-01004-AWI-JLT, 2016 WL 3418450, at *2–3 (E.D. Cal. June 22, 2016) (considering the posture of the case and the fact that the settlement occurred as a result of a court-supervised settlement conference); *Hagan v. Cal. Forensic Med. Grp.*, No. 2:07-cv-01095-LKK-AC, 2013 WL 461501, at *1 (E.D. Cal. Feb. 5, 2013) (considering court-approved minor's settlements in other cases), *report and recommendation adopted*, 2013 WL 552386 (E.D. Cal. Feb. 12, 2013).

As the court stated in its prior order, the pending application provides information regarding the minor's age and sex, the nature of the causes of action to be settled, the facts out of which the causes of action arose, the manner in which the settlement amount was determined, and details regarding the payment to plaintiffs' attorneys of certain outstanding costs, as required by Local Rule 202. (Doc. No. 237 at 4, 16–18.)

As stated above, the proposed settlement agreement provides that minor plaintiff J.G. will receive a net settlement amount of $27,951.78 from the Farmersville defendants after deducting $30,000 in attorneys' fees and $17,048.22 in costs from the minor's one-fifth share of the gross settlement amount. (Doc. Nos. 237 at 11; 237-1 at ¶ 21.) Attorney Henriks contends that this settlement amount is fair and reasonable and "aligns with recoveries in similar cases." (Doc. No. 237 at 12.) She further argues that a 40% recovery in attorneys' fees is reasonable under both federal and California law. (Doc. No. 252 at 6–7, 9–13.)

**A. Whether the Settlement is Fair and Reasonable**

The court previously noted (Doc. No. 249 at 4) that, based on its own research, a case may be made that the proposed net settlement proposed to be received by plaintiff J.G. here of $27,951.78 is fair and reasonable in light of awards approved in cases with similar facts and similar claims. *See Cantu v. Kings County*, No. 1:20-cv-00538-JLT-SAB, 2024 WL 169153, at *1 (E.D. Cal. Jan. 16, 2024); *see also Clines v. County of San Diego*, No. 20-cv-02504-W-BLM, 2022 WL 16851818, at *4–5 (S.D. Cal. Nov. 10, 2022) *report and recommendation adopted sub nom. K.C.A. ex rel. Purvis v. County of San Diego*, No. 20-cv-02504-W-BLM, 2022 WL 17097422 (S.D. Cal. Nov. 21, 2022); *E.R. v. County of Stanislaus*, No. 1:14-cv-00662-DAD-

SKO, 2016 WL 3354334, at *1–3 (E.D. Cal. June 16, 2016), *report and recommendation adopted*, 2016 WL 4011718 (E.D. Cal. July 26, 2016). The court additionally notes that the fact that this settlement was reached at a settlement conference presided over by the assigned magistrate judge further supports a finding that the settlement is fair and reasonable. *Est. of Delion Johnson v. County of Sacramento*, No. 2:23-cv-01304-DC-JDP, 2026 WL 61508, at *3 (E.D. Cal. Jan. 8, 2026) ("Finally, the fact that the parties reached their settlement with the assistance of a retired magistrate judge through a private mediation also suggests that the settlement is fair and reasonable."). Accordingly, because the minor's net settlement is in line with similar cases and the settlement was reached with the assistance of a magistrate judge, the court concludes that the proposed settlement is fair and reasonable under the Ninth Circuit's decision in *Robidoux*.

**B. Attorneys' Fees and Costs**

In ordering supplemental briefing, the court indicated that it was not yet able to approve the application because counsel had provided only limited and confusing information in attempting to justify the proposed award of attorneys' fees and costs that combined was greater than the net settlement to be received by the minor. (*Id.* at 5–6.) The court also directed attorney Henriks to indicate in her supplemental briefing whether attorneys' fees and costs were part of the settlement negotiations that took place at the settlement conference conducted by the magistrate judge. (*Id.* at 6 n.2.)

**1.** Attorneys' Fees

"In the Eastern District of California, 25% of the recovery is a reasonable benchmark for attorneys' fees in contingency cases involving minors." *Holgerson v. L&L Trucking LLC*, No. 2:22-cv-01934-DAD-AC, 2024 WL 584081, at *3 (E.D. Cal. Feb. 13, 2024) (collecting cases); *see also Westfall v. County of Stanislaus*, No. 1:21-cv-00283-KJM-CSK, 2024 WL 3317401, at *2 (E.D. Cal. June 3, 2024) ("Absent a showing of good cause, courts in the Eastern District of California generally consider 25 percent of the recovery as the benchmark for attorney's fees in contingency cases involving minors."). "However, this court has previously approved settlements where more than 25% was paid towards attorneys' fees after considering the circumstances,

including counsel's time expended and expertise in the relevant subject matter." *Est. of Fisher v. County of Sacramento*, No. 2:24-cv-00109-DAD-SCR, 2025 WL 1695998, at *4 (E.D. Cal. June 17, 2025) (citing cases).

Here, attorney Henriks states that the amount in attorneys' fees were not negotiated as a material term of the settlement with the Farmersville defendants. (Doc. No. 253 at ¶ 25.) Instead, the "fee was agreed at the inception of the representation in 2021 by written retainer." (Doc. No. 252 at 12.) Counsel argues that under California law, the requested amount in attorneys' fees are reasonable.

California Rule of Court 7.955(b) sets forth a list fourteen non-exclusive factors that courts may consider in determining the reasonableness of attorneys' fees incurred in the settlement of a minor's claims. *Gonzalez v. Chen*, 197 Cal. App. 4th 881 (2011). Those factors are:

> (1) The fact that a minor or person with a disability is involved and the circumstances of that minor or person with a disability.
>
> (2) The amount of the fee in proportion to the value of the services performed.
>
> (3) The novelty and difficulty of the questions involved and the skill required to perform the legal services properly.
>
> (4) The amount involved and the results obtained.
>
> (5) The time limitations or constraints imposed by the representative of the minor or person with a disability or by the circumstances.
>
> (6) The nature and length of the professional relationship between the attorney and the representative of the minor or person with a disability.
>
> (7) The experience, reputation, and ability of the attorney or attorneys performing the legal services.
>
> (8) The time and labor required.
>
> (9) The informed consent of the representative of the minor or person with a disability to the fee.
>
> (10) The relative sophistication of the attorney and the representative of the minor or person with a disability.
>
> (11) The likelihood, if apparent to the representative of the minor or person with a disability when the representation agreement was

> made, that the attorney's acceptance of the particular employment would preclude other employment.
>
> (12) Whether the fee is fixed, hourly, or contingent.
>
> (13) If the fee is contingent:
>
> (A) The risk of loss borne by the attorney;
>
> (B) The amount of costs advanced by the attorney; and
>
> (C) The delay in payment of fees and reimbursement of costs paid by the attorney.
>
> (14) Statutory requirements for representation agreements applicable to particular cases or claims.

Cal. Rules of Ct. 7.955(b). "[R]ule 7.955 does not dictate a presumptively reasonable percentage or mathematical method of determining the appropriate attorney fees under a contingency agreement." *Schulz v. Jeppesen Sanderson, Inc.*, 27 Cal. App. 5th 1167, 1175 (2018); *Clines*, 2022 WL 16851818, at *3–4 (applying the Rule 7.955(b) factors and approving attorneys' fees award reduced from 40% to 33% of the minor's $75,000.00 gross settlement in a wrongful death action where the guardian *ad litem* signed a contingency fee agreement authorizing counsel to recover 40% in attorneys' fees).

Having completed a review of the Rule 7.955(b) factors as applied in this case, the court finds good cause to award an upward departure from the benchmark amount. Counsel has represented the minor for over five years on a contingency fee basis and, as result, bore the risk of recovering nothing. (Doc. No. 237-1 at ¶ 9.) That risk has been further exacerbated by the $85,241.08 in costs that counsel advanced in the prosecution of this action to date. Counsel also represents that the minor's guardian *ad litem* gave informed consent to a contingency fee agreement setting attorneys' fees at 40% of any gross recovery. (*Id.* at ¶¶ 9–10.) Attorney Henriks is experienced—she has been practicing law in California for over 18 years, represents to the court that she has secured millions of dollars in settlement funds in prior cases, including a $22 million settlement in a wrongful death action in the Central District of California, and her law firm specializes in civil rights law with a concentration in § 1983 litigation and in-custody death actions on behalf of plaintiffs. (*Id.* at 12); (*see also* Doc. Nos. 237 at ¶ 7; 253 at ¶ 5.)

Attorney Henriks also points to several other 7.955 factors that she contends warrant approval of the requested attorneys' fees here. First, she argues that this case was both time and labor intensive because it involved: (1) extensive discovery including depositions of the coroner, forensic pathologists, percipient officers, family members, intake nurses, and nine expert witnesses; and (2) multiple rounds of briefing on motions for summary judgment both before and after the Wellpath bankruptcy stay. (Doc. Nos. 252 at 9; 253 at ¶ 4.) Counsel further argues that she provided exceptional representation and this case presented complex legal issues including, but not limited to, *Monell* liability and § 1983 individual capacity claims, a motion for Rule 11 sanctions brought against plaintiffs and Attorney Henriks, and Chapter 11 bankruptcy proceedings in the Southern District of Texas. (*Id.* at 9–11.) Counsel states that because of its complexity, this action has required the dedication of three full-time attorneys and three full-time staff, which ultimately caused her firm to decline representing other potential clients who sought services in similar actions. (Doc. No. 237-1 at 5.) The court recognizes that this case has presented unique procedural and factual challenges. The stay imposed in this case by the bankruptcy court both delayed resolution of this action and further complicated matters by forcing counsel to appear before the Texas bankruptcy court and obtain an order partially lifting the bankruptcy stay as to certain defendants, including the Farmersville defendants. (Doc. No. 198.)

The court remains somewhat troubled by counsel's request for attorneys' fees that represent a substantial deviation from the benchmark award that is typically approved in the Ninth Circuit. In the court's view, the legal issues presented by plaintiffs' claims were not substantially more complex than those what would be expected to arise in most civil rights wrongful death action.[3] Further, while it may be the case that counsel expended a significant amount of time conducting discovery, that too is to be expected in cases such as this one. *Williams*, 2021 WL 8363237, at *4 ("Minor Plaintiffs' counsel did invest time and effort in discovery, including written discovery and several depositions. That is true of most civil rights cases, however.").

---

[3] In so concluding, the court does not address the complex legal issues presented by the separate bankruptcy action.

Nonetheless, for the reasons stated above, the court concludes that an upward departure from the benchmark is warranted. Further, this court has supplemental jurisdiction over the state law claims, and, although the Ninth Circuit's holding in *Robidoux* was limited to the settlement of federal claims, it could perhaps arguably constitute error under *Robidoux* for this court to reduce attorneys' fees simply because it finds the requested attorneys' fees amount to be somewhat excessive. *See Velez v. Bakken*, No. 2:17-cv-00960-WBS-KJN, 2019 WL 358703, at *2 (E.D. Cal. Jan. 29, 2019) (approving 46% in attorneys' fees and costs and concluding that "[i]t would be error for this court to reduce the attorney's fees simply because the court believed 46% of the total settlement was excessive."); *S.T. ex rel. Niblett v. City of Ceres*, No. 1:16-cv-01713-BAM, 2019 WL 1789684, at *2 (E.D. Cal. Apr. 24, 2019) ("Although *Robidoux* expressly limited its holding to cases involving settlement of a minor's federal claims, district courts also have applied this rule in the context of a minor's state law claims.") (internal citations omitted); *Jones v. City of Sacramento*, No. 2:20-cv-00900-DJC-KJN, 2024 WL 1077149, at *3 (E.D. Cal. Mar. 12, 2024) ("Although the Ninth Circuit expressly limited its holding to 'cases involving the settlement of a minor's federal claims[,]', where, as here, a court is exercising supplemental jurisdiction over state law claims, courts will apply the *Robidoux* standard to all of the claims[.]") (internal citation omitted).

Accordingly, albeit somewhat reluctantly, the court will approve the requested attorneys' fee amount of $30,000.00 of the minor plaintiff's gross settlement.

**2.** <u>Costs</u>

As noted above, in ordering supplemental briefing, the court also expressed concern regarding counsel's conclusory justification for deducting an additional $17,048.22, or 23% of the minor's gross settlement amount, to recover costs and directed counsel to provide a detailed breakdown or explanation of the costs that counsel seeks to recover. (Doc. No. 249 at 6.) In the supplemental briefing, Attorney Henriks explains that a total of $85,241.08 in costs have been advanced in prosecuting this action since counsel undertook the plaintiffs' representation in 2021. (Doc. No. 253 at 7.) Counsel now provides the following breakdown of those costs: (1) $5,569.00 in court filing fees; (2) $2,573.34 for service of process; (3) $275.00 for record copying

and retrieval; (4) $26,305.76 for deposition services related to retrieving certified transcripts; (5) $50,300.00 for retention of plaintiff's four experts and deposing defendants' five retained experts; and (6) $217.98 in shipping and postage fees. (Doc. No. 252 at 15.) Counsel also provides itemized receipts of those costs. (*Id.* at 14; Doc. No. 253 at 12–50.) Attorney Henriks further represents that if any future settlement with the remaining Wellpath defendants is reached that the costs sought by the pending motion in connection with the Farmersville defendants' settlement "will be credited dollar-for-dollar against any such future request." (Doc. No. 253 at ¶ 18.)

The court has reviewed counsel's supplemental briefing and corresponding itemized documentation and concludes, based upon the support now provided, that the costs counsel seeks to recover are reasonable. Accordingly, the court will approve $17,048.22 in costs to be deducted from the minor's gross settlement amount.

**3. Method of Disbursement**

The pending application proposes that the net settlement amount shall be deposited into an FDIC-insured blocked account from which no withdrawals of principal or interest can be made absent further order of the court or until the minor reaches the age of 18. (Doc. No. 237-3 at ¶¶ 6–7.) When plaintiff J.G. reaches the age of 18, all funds, including accrued interest, will be paid directly to the minor from the depository institution upon proper proof of identity of age without further order of the court. (*Id.* at ¶ 8.) The court concludes this to be appropriate because "district courts within the Ninth Circuit commonly order that such funds be deposited into a blocked account for the minor's benefit." *Williams v. County of Monterey*, No. 19-cv-01811-BLF, 2020 WL 7342737, at *1 (N.D. Cal. Dec. 14, 2020) (collecting cases).[4]

/////

/////

/////

---

[4] Counsel further represents that an additional sum of $1,500.00 allocated to the minor from a settlement with defendant Tulare County will be distributed to the guardian *ad litem* because it is less than $5,000.00 (Doc. Nos. 237 at 11; 237-3 at ¶ 9). *See* Cal. Prob. Code §§ 3401; 3611(e). Clearly, this proposal should have been presented for the court's approval prior to the dismissal of defendant Tulare County (Doc. No. 242). Nonetheless, the court will approve this proposed amount and distribution after the fact.

## CONCLUSION

For the reasons explained above,

1. Plaintiffs' application for approval of the proposed settlement for minor plaintiff J.G. (Doc. No. 237) is GRANTED;
2. Pursuant to the terms of the parties' settlement, defendants City of Farmersville and Eduardo Carillo (the "Farmersville defendants") shall pay $75,000.00 to plaintiff J.G. to resolve all claims brought by minor plaintiff J.G. against the Farmersville defendants;
3. Pursuant to the application to approve the proposed settlement for minor plaintiff J.G. granted by this order:
    a. Defendant Tulare County shall issue a check for $1,500.00 payable to Maria Elena Garcia on behalf of the minor plaintiff J.G.;
    b. After deduction of the attorneys' fees and costs stated below, minor plaintiff J.G.'s net recovery of $ $27,951.78 shall be deposited into a blocked account at federally insured bank or credit union;
    c. Proof of deposit shall be provided to the court within thirty (30) days after a deposit of the settlement proceeds is completed;
    d. No withdrawals of principal or interest may be made from the blocked account without a written order under this case title and number, signed by a judge, and bearing the seal of this court, until plaintiff J.G. attains the age of eighteen years. When the minor plaintiff attains the age of eighteen years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor plaintiff;
    e. The Farmersville defendants shall issue a check for $47,048.22 payable to McMurray Henriks LLP to satisfy the attorneys' fees and costs owed by minor plaintiff J.G. to plaintiffs' counsel; and

/////

/////

4. The parties are directed to file dispositional documents as to the Farmersville defendants within twenty-one (21) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: **July 15, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE